# Cooley

Ian Shapiro
+1 212 479 6441
ishapiro@cooley.com

Via CM/ECF

Plaintiff shall file a response to this letter by July 23, 2020.  The response shall comply with the Court's Individual Rules.

July 6, 2020

SO ORDERED

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007

Dated: July 7, 2020
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:     *Mahood v. Noom, Inc.*, Case No. 1:20-cv-03677-LGS:
         Noom's Pre-Motion Letter Requesting Leave to File Motion to Dismiss

Dear Judge Schofield:

We write on behalf of Defendant Noom, Inc. ("Noom") pursuant to Rules III.A.1 and C.2 of the Court's individual practices with respect to Noom's proposed motion to dismiss the Complaint of Plaintiff Geraldine Mahood ("Plaintiff") in the above-referenced action.

Plaintiff in this putative class action challenges her automatic enrollment to Noom's service – a program that helps people lose weight and lead healthier lives through behavior change.  Plaintiff's Complaint should be dismissed in its entirety because the Court lacks subject matter jurisdiction as to certain claims and because Plaintiff fails to state a claim, even accepting her allegations as true. According to the Complaint, in August 2019, Plaintiff intentionally subscribed to a trial of Noom's service. Plaintiff admits that she downloaded the Noom app; paid $10 for a 14-day trial subscription; received renewal terms prior to paying for the trial; and accepted a full refund from Noom for her $99 two-month subscription fee before filing her Complaint.  Plaintiff thus suffered no damages from Noom's autorenewal policy, lacks standing, and cannot state a claim to challenge those policies – on behalf of either herself or a class.  Plaintiff also claims that Noom falsely stated that its trial period is "risk free"; misled customers by providing automated computer bot coaches instead of human coaches; and omitted that a smartphone was necessary to access its service.  These allegations fail for myriad reasons, including that Plaintiff has not plausibly alleged falsity or intent under Rule 9(b).

**First**, Plaintiff's claims challenging Noom's autorenewal policies should be dismissed pursuant to Rule 12(b)(1) because Plaintiff has not pled any injury resulting from those policies and thus lacks Article III standing to challenge them.  Plaintiff alleges that in August 2019, she downloaded the Noom app, visited the Noom website, and then intentionally paid $10 for a 14-day trial.  ¶¶ 55-56.[1]  Plaintiff concedes that before she paid for the trial subscription, Noom disclosed that unless she cancelled, she would be charged $99 for a further two-month subscription at the end of the 14-day trial period.  ¶ 35.  And as Plaintiff acknowledges, upon her request, Noom fully refunded Plaintiff's monthly subscription fees.  ¶ 67. As such, she suffered no pecuniary loss *and* had access to Noom's services during the period of her subscription.  *See, e.g.*, *Luman v. Theismann*, 647 F. App'x 804, 806 (9th Cir. 2016) (Plaintiff lacked standing to pursue monetary relief as to CLRA and UCL claims because she received a full refund prior to filing suit); *Epstein v. JPMorgan Chase & Co.*, No. 13-4744, 2014 WL 1133567, at *6-7 (S.D.N.Y. Mar. 21, 2014) (similar).  Plaintiff likewise lacks standing to pursue injunctive relief because she does not "allege that [she] intend[s] to purchase [Noom] in the future" and thus cannot show a likelihood of future injury.

---

[1]  References to "¶ ___" are to the corresponding paragraph of the Complaint.

# Cooley

Honorable Lorna G. Schofield
July 6, 2020
Page Two

*Luman*, 647 F. App'x at 807; *Price v. L'Oréal USA, Inc.*, No. 17-0614, 2017 WL 4480887, at *6 (S.D.N.Y. Oct. 5, 2017) (Schofield, J.) (no standing to seek injunctive relief based on prior injury).[2]

**Second**, Plaintiff also fails to state a claim pursuant to Rule 12(b)(6) for multiple reasons:

*California's False Advertising Law ("FAL") (California class).* Plaintiff's purported FAL claim is merely a direct challenge to Noom's automatic renewal policies under California's Automatic Purchase Renewal Statute, Cal. Business and Prof. Code § 17600 *et seq.* ("ARL"), which is part of the California FAL. *Id.* §§ 17500-17606. "Because there is no private cause of action under the ARL," Plaintiff's restitution claim must be dismissed. *See* ¶ 94; *Johnson v. Pluralsight, LLC*, 728 F. App'x 674 (9th Cir. 2018); *Lopez v. Stages of Beauty, LLC*, 307 F. Supp. 3d 1058, 1068 (S.D. Cal. 2018). Further, Plaintiff lacks standing to seek injunctive relief because she has not alleged "lost money or property," as a result of any alleged FAL violation. *See* Cal. Business and Prof. Code § 17535; *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 965 (S.D. Cal. 2012) (pleading "lost money or property" under the FAL is more onerous than pleading "injury in fact" for purposes of Article III standing).

*California's Unfair Competition Law ("UCL") (California class).* Similarly, Plaintiff's UCL claim also cannot succeed because she has not alleged any "lost money or property" as a result of the purported ARL violation. ¶ 67; *Kwikset Corp. v. Super. Ct.*, 246 P.3d 877, 886 (Cal. 2011) (standing under UCL is "substantially narrower" than Article III standing); *Mayron v. Google, Inc.*, No. 15-275940, 2016 WL 1059373, at *4 (Cal. Super. Ct., Feb. 26, 2016) (plaintiff who did not sufficiently allege lost money or property had no standing to bring UCL claim premised on alleged ARL violation). Further, Plaintiff cannot claim that Noom's ARL policies were unlawful or unfair because the very disclosures Plaintiff incorporates in the Complaint demonstrate Noom's compliance with the ARL statute. The statute requires that Noom provide the automatic renewal offer terms in clear and conspicuous font near the subscription offer; obtain the customer's affirmative consent to the offer before charging a subscription fee; and explain its cancellation policy and provide an "easy-to-use mechanism" for cancellation. Cal. Bus. & Prof. Code §§ 17602(a)-(b). Here, Plaintiff admits that before she enrolled in the 14-day trial, Noom disclosed in bolded font that she would be charged $99 after the trial ended and that she could cancel anytime by informing her coach, and then restated these offer terms in an email receipt. ¶¶ 34-35, 40, 56, 57. Plaintiff's allegations thus prove there was no ARL violation.

*California's Consumer Legal Remedies Act ("CLRA") (California class).* Plaintiff cannot state a claim under the CLRA because the statute applies only to "goods or services," Cal. Civ. Code § 1770(a), and, as numerous courts have held, an app or website is neither a "good" nor a "service." *See In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 988 F. Supp. 2d 434, 451 (D. Del. 2013) ("[t]he California case law is clear that software and software activity are not covered by the CLRA") (collecting authorities); *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d at 972 (holding that computer network system was not a "good" or a "service" under the CLRA) (collecting authorities).

---

[2] Because "a plaintiff must demonstrate standing for each claim he seeks to press," *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332 (2006), the Court may dismiss the ARL-related claims for lack of Article III standing. *Sonterra Capital Master Fund Ltd. v. Credit Suisse Grp. AG*, 277 F. Supp. 3d 521, 545 (S.D.N.Y. 2017) (dismissing certain claims based on lack of Article III standing and other claims under Rule 12(b)(6)). Further, since Plaintiff has not "personally [] suffered some actual injury" as a result of the ARL violations, she also lacks class standing. *Id.* (citation omitted).



Honorable Lorna G. Schofield
July 6, 2020
Page Three

*New York's General Business Law (Multistate class).* Plaintiff's GBL claim fails because she is a resident of California and, aside from a bare allegation that Noom is incorporated in New York, Plaintiff has pled no facts tying the allegedly fraudulent transactions to New York. ¶¶ 19-20. *Kaufman v. Sirius XM Radio, Inc.*, 474 F. App'x 5, 8 (2d Cir. 2012) (declining to extend GBL § 349 to claims by out-of-state plaintiffs who alleged that defendant processed allegedly unlawful transactions "through its corporate management in New York"); *Goshen v. Mut. Life Ins. Co. of New York*, 98 N.Y.2d 314, 325 (2002) (dismissing GBL § 349 claims of out-of-state plaintiff against New York-based company and suggesting the statute was meant to apply to "intrastate transactions in New York").

*Unjust Enrichment (Multistate class under New York law).* Plaintiff cannot prevail on her unjust enrichment claim because it is premised on the same factual allegations and seeks the same relief as her statutory claims. *Brumfield v. Trader Joe's Co.*, No. 17-3239, 2018 WL 4168956, at *4-5 (S.D.N.Y. Aug. 30, 2018) (Schofield J.) (dismissing unjust enrichment claims that were "duplicative" of the plaintiffs' insufficiently pled statutory and tort claims).

*Common Law Fraud (Multistate class under New York law).* Plaintiff's fraud claim fails because she has not pled a false representation. Plaintiff has not plausibly alleged that Noom did not offer human coaches, since she admits that she did not even complete the steps required to interact with a human coach. ¶ 59; *Reyes v. Crystal Farms Refrigerated Distr. Co.*, No. 18-2250, 2019 WL 3409883, at *3-4 (E.D.N.Y. July 26, 2019) (dismissing fraud claims where Plaintiff failed to allege facts demonstrating falsity). Plaintiff has also not plausibly alleged falsity, reliance, or damages as to her allegation that Noom failed to disclose that its service was only available through an app rather than its website. Plaintiff admits that she used Noom's smartphone app to access Noom's service and does not allege that she tried (unsuccessfully) to access Noom's coaching services through its website or was damaged thereby. ¶¶ 58-60. Further, Noom's statement that the trial period was "risk free" is non-actionable puffery. *Cf. Price v. Synapse Grp., Inc.*, No. 16-cv-01524, 2017 WL 3131700, at *9 (S.D. Cal. July 24, 2017) (statement that a discount was a "reward" was non-actionable). Lastly, all claims sounding in fraud fail under Rule 9(b) because Plaintiff's bare allegations that Noom's conduct was "knowing and intentional," ¶ 124, do not create an inference of intent. *Duran v. Henkel of Am., Inc.*, No. 19 CIV. 2794, 2020 WL 1503456, at *9 (S.D.N.Y. Mar. 30, 2020) (plaintiff must "allege facts that give rise to a strong inference of fraudulent intent").

**Third**, pursuant to Rule 12(f), the Court may strike class allegations "if the inquiry would not mirror the class certification inquiry." *In re Initial Pub. Offering Sec. Litig.*, No. 21 MC 92, 2008 WL 2050781, at *2 (S.D.N.Y. May 13, 2008). Here, the Court should strike Plaintiff's "preliminarily defined state classes" because she has not identified class representatives to advance those claims. ¶ 71(b); *In re Initial Pub. Offering Sec. Litig.*, 2008 WL 2050781, at *2 (striking class allegations; "It is hornbook law that the class representative must be a member of the class.").

The Parties propose the following briefing schedule: Noom's initial brief will be due on August 4, 2020; Plaintiff's responsive brief on September 4, 2020; and Noom's reply on September 18, 2020.

Respectfully submitted,

*/s/Ian Shapiro*

Ian Shapiro