

Ian Shapiro  
+1 212 479 6441  
ishapiro@cooley.com

Via CM/ECF

July 14, 2020

Honorable Lorna G. Schofield  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, New York 10007

Re: *Mahood v. Noom, Inc.*, Case No. 1:20-cv-03677-LGS: Noom's Letter Requesting an Adjournment of the Court's July 30, 2020 Conference

Dear Judge Schofield:

Defendant Noom, Inc. ("Defendant") respectfully submits this letter to request an adjournment of the initial conference in this case, currently scheduled for July 30, 2020, because Plaintiff's counsel has notified us that they intend to file an amended complaint. This is the second request for an adjournment or extension of time in this matter. *See* ECF Nos. 10-11. On June 2, 2020, the Court granted Defendant a 30-day extension of time to respond to the Complaint. *See* ECF No. 11.

On June 8, 2020, this Court issued an order setting an initial conference for July 30, 2020 and requesting that the parties submit the following by July 23, 2020: (1) a joint initial pre-trial conference letter addressing jurisdictional and other preliminary matters; and (2) a Civil Case Management Plan and Scheduling Order. (ECF No. 12). On July 6, 2020, Defendant filed its pre-motion letter seeking leave to file a motion to dismiss the Complaint in its entirety, arguing, *inter alia*, that the Court lacks subject matter jurisdiction to resolve the majority of Plaintiff's claims because the Plaintiff acknowledged that she received a full refund of her monthly subscription fees prior to filing suit. (ECF No. 15). The Court endorsed Defendant's letter and ordered that Plaintiff file a response by July 23, 2020.

On July 9, 2020, the parties conducted their Rule 26(f) conference, during which Plaintiff's counsel informed Defendant that they will advise the Court on July 23, 2020 of their intent to amend the Complaint in response to Defendant's pre-motion letter.[1] We are thus writing to inform the Court of this development and to note that Plaintiff counsel's intent to amend the Complaint necessarily moots Defendant's pre-motion letter.

In light of the fact that Plaintiff's counsel likely intends to file an amended complaint in advance of the July 30 conference, Defendant requests that the Court adjourn the July 30 conference and the accompanying submissions presently due on July 23 until after the amended complaint has been filed. Defendant will determine upon reviewing the amended complaint whether Defendant will rely on its existing pre-motion letter, request an opportunity to file a new pre-motion letter, or otherwise respond to the amended complaint, and will be prepared to discuss such matters at an initial case management conference held after Plaintiff's counsel files the amended complaint.

---

[1] The Parties discussed preservation and discovery obligations, the ESI protocol, and other preliminary matters pertaining to discovery at the Rule 26(f) conference on July 9, 2020, and are continuing to meet and confer on these issues.



Honorable Lorna G. Schofield
July 14, 2020
Page Two

In addition, until Defendant knows which allegations and claims are included in the amended complaint, meeting-and-conferring on the joint initial pre-trial conference letter and Case Management Plan and Scheduling Order would be premature.  Defendant respectfully submits that the parties' joint initial pre-trial conference letter and Case Management Plan and Scheduling Order should each be based on the operative complaint, which is not possible until Plaintiff's amended complaint has been filed.[2] For example, without first reviewing the amended complaint, Defendant will not be able to address "the presence or absence of subject matter jurisdiction," or provide a "description of any . . . motions that any party seeks or intends to file," in the joint initial pre-conference letter, as it was ordered to do by this Court.  (ECF No. 12).

Pursuant to this Court's Individual Rule of Practice I.B.2, Defendant advised Plaintiff's counsel of Defendant's intent to request an adjournment, and asked Plaintiff's counsel whether Plaintiff would consent. Plaintiff's counsel informed us that Plaintiff does not consent to the adjournment, on the grounds "that an adjournment is not necessary because Plaintiff's anticipated amendment to her Class Action Complaint will not change the topics to be considered at the July 30, 2020 Fed. R. Civ. P. 16 conference, the deadlines and topics set forth in the Court's form Civil Case Management Plan and Scheduling Order, or the issues to be included in the joint letter required by the Court's Initial Conference Order (ECF No. 12)," and "to the extent any anticipated scheduling issues arise because of Plaintiff's amended complaint, the parties can request an appropriate deadline under Fed. R. Civ. P. 16(b)(4) . . ." Plaintiff also informed us that she "intends to include the additional grounds for denying Defendant's adjournment request in her opposition letter, which she intends to file by 5:00PM tomorrow, July 15, 2020."

Sincerely,

*/s/ Ian Shapiro*

Ian Shapiro

---

[2] While Plaintiff's counsel has said that the amended complaint should not materially change the scope of discovery, he has yet to describe how Plaintiff intends to amend the complaint, including whether and how the amendment will address the deficiencies identified in Defendant's pre-motion letter, which include Plaintiff's lack of Article III standing.

Cooley LLP   55 Hudson Yards   New York, NY   10001-2157
t: (212) 479-6000  f: (212) 479-6275  cooley.com