

July 15, 2020

**Via ECF**
Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Mahood v. Noom, Inc*, No. 20 Civ. 3677 (LGS)

Dear Judge Schofield:

We write on behalf of Plaintiff and the proposed Class to oppose Defendant Noom, Inc.'s ("Noom") request to adjourn the July 30, 2020 initial conference. ECF No. 18. As set forth below, the parties have more than enough information about this case to plan discovery and adjourning the initial conference would only cause unwarranted delay.

Plaintiff's highly detailed, 35-page consumer Class Action Complaint provides the parties and the Court with sufficient information to discharge their duties under Federal Rules of Civil Procedure 16 and 26(f). Compl., ECF No. 1. Specifically, Plaintiff's complaint describes how Noom is using illegal automatic subscription renewal practices to trap consumers across the country into paying for costly memberships for a smartphone app that promises weight loss. The complaint outlines the myriad of deceptive and unlawful barriers to cancelation Noom erects that have led to thousands of consumers being unwittingly locked into expensive subscriptions. *Id.* ¶¶ 4–13, 21–45. The complaint also outlines Noom's knowledge of the tremendous consumer blowback from its automatic renewal practices including the more than 1,600 Better Business Bureau ("BBB") customer complaints,[1] its "D" BBB rating,[2] the BBB's alert to consumers that "BBB files indicate a Pattern of Complaints concerning free trial conversion billing and customer service practices of Noom, Inc[,]" and the hundreds of similar complaints on websites such as BirdEye.com,[3] RevDex.com[4], and elsewhere. Compl. ¶¶ 46–54. Finally, Plaintiff's complaint pleads multi-state and individual state classes under the laws of all states where Noom does business (*id.* ¶¶ 69–80), sets forth six detailed causes of action (*id.* ¶¶ 81–132), and a contains a comprehensive prayer for relief (*id.* at p. 35).

Notwithstanding these detailed allegations, Noom is blocking the parties' discovery planning and scheduling efforts by claiming ignorance as to virtually every facet of this consumer protection class

---

[1] Better Business Bureau, https://www.bbb.org/us/ny/new-york/profile/health-and-wellness/noom-inc-0121-150555 (last visited July 15, 2020).

[2] *Id.*

[3] BirdEye, https://reviews.birdeye.com/noom-inc-992753024 (last visited July 15, 2020).

[4] RevDex, https://www.revdex.com/reviews/noom-inc/1455649/page/6 (last visited July 15, 2020).

action.  For example, even though Plaintiff has advised Noom *three* separate times that Plaintiff's anticipated amendment to the complaint will not materially change the scope of discovery in this case, Noom persists in seeking to adjourn the initial conference because "until Defendant knows which allegations and claims are included in the amended complaint, meeting-and-conferring on the joint initial pre-trial conference letter and Case Management Plan and Scheduling Order would be premature."

Noom is also using its supposed ignorance as to the nature of this action to block almost all Rule 26(f) discussions via a barrage of supposed uncertainty, including (i) whether Plaintiff has standing to pursue her claims, (ii) Noom's need to review Plaintiff's amended complaint, (iii) Noom's need to receive Plaintiff's initial disclosures, (iv) Noom's need to spend more time with Plaintiff's document requests, (v) Noom's claimed confusion about Plaintiff's queries about potentially relevant electronic discovery, and (vi) Noom's shifting positions about whether it is going to move to stay this case.

While we are always willing to accommodate opposing counsel's reasonable scheduling needs, Noom's approach to planning discovery in this case demonstrates that the July 30 initial conference will be critical to focusing Defendant's attention on the discrete milestones that need to be completed at this very early juncture of the litigation.

For example, in the face of overwhelming contrary case law Noom continues refuse to engage in discovery planning because it claims that Plaintiff lost her Article III standing when (unlike the thousands of other harmed consumers encompassed in this case) she was able to push Noom to refund the hefty subscription fees it took via its illegal automatic renewal practices.  Noom is wrong.  *See Porsch v. LLR, Inc.,* 380 F. Supp. 3d 418, 424, 425 (S.D.N.Y. 2019) ("It is undisputed that [plaintiff] was fully refunded all of the sales tax that she alleges was inappropriately charged.  Nonetheless, [defendant's] voluntary refund program does not deprive [plaintiff] of Article III standing. . . . Whether described in terms of 'interest' or 'time value of money,' this is a sufficient 'injury in fact' to support Article III standing."); *see also Carter v. HealthPort Techs.*, LLC, 822 F.3d 47, 55 (2d Cir. 2016) ("Any monetary loss suffered by the plaintiff satisfies this element [injury in fact]; '[e]ven a small financial loss' suffices.) (citations omitted); *MSPA Claims 1, LLC v. Tenet Fla., Inc.*, 918 F.3d 1312, 1318 (11th Cir. 2019) ("The inability to have and use money to which a party is entitled is a concrete injury."); *Dieffenbach v. Barnes & Noble, Inc.,* 887 F.3d 826, 828 (7th Cir. 2018) ("The plaintiffs have standing  . . . because unauthorized withdrawals from their accounts cause a loss (the time value of money) even when banks later restore the principal . . . ."); *Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453, 457 (7th Cir. 2010) ("Every day that a sum of money is wrongfully withheld, its rightful owner loses the time value of the money.").  Considering this case law we do not think defense counsel should be allowed to refuse to entertain the idea that this case will proceed and thus discovery needs to be planned.

Similarly, Noom is refusing to meaningfully engage with Plaintiff on virtually all electronic discovery issues.  Noom claims that Plaintiff is simultaneously seeking too much information regarding Noom's specific repositories of electronically stored information ("ESI") while inconsistently claiming on the other hand that Plaintiff has failed to provide Noom with enough detail as to where Plaintiff believes Noom's counsel should look for responsive ESI.  Such maneuvering is antithetical to discovery practice in this District.  *See William A. Gross Const. Associates, Inc. v. Am. Mfrs. Mut. Ins. Co.*, 256 F.R.D. 134, 136 (S.D.N.Y. 2009) ("Electronic discovery requires cooperation between opposing counsel and transparency in all aspects of preservation and production of ESI.").

**Honorable Lorna G. Schofield** Page 3 of 3

     In short, Noom's approach to discovery planning thus far brings into sharp relief the very purposes of the Rule 16 conference, including "establishing early and continuing control so that the case will not be protracted because of lack of management" and "discouraging wasteful pretrial activities." Fed. R. Civ. P. 16.  The parties are well-equipped to comply with Your Honor's initial conference order (ECF No. 12) and Plaintiff respectfully requests that the July 30 conference proceed as scheduled.

                                                Respectfully submitted,

                                               /s/ Steven L. Wittels
                                               Steven L. Wittels

cc:  *All counsel of record (via ECF)*

     The initial conference set for July 30, 2020, at 10:30 A.M. is adjourned to August 13, 2020, at 10:30 A.M.  The parties shall call 888-363-4749 and use Access Code 558-3333.  The pre-conference materials are due on August 6, 2020.

     Plaintiff may file a First Amended Complaint no later than July 30, 2020.

SO ORDERED

Dated: July 16, 2020
       New York, New York

                                               LORNA G. SCHOFIELD
                                               UNITED STATES DISTRICT JUDGE