# Cooley

Aarti Reddy  
+1 415 693 2103  
areddy@cooley.com

VIA CM/ECF

August 10, 2020

Honorable Lorna G. Schofield  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, New York  10007

Re:   *Mahood v. Noom, Inc.*, Case No. 1:20-cv-03677-LGS:  
<u>Plaintiffs' Request for Pre-Motion Conference Regarding Alleged Improper Communication</u>

Dear Judge Schofield:

On behalf of Defendant Noom, Inc. ("Defendant" or "Noom"), we write pursuant to Rule III.A.I of the Court's Individual Rules of Practice to oppose Plaintiffs' Request for Pre-Motion Conference.

The central premise of Plaintiffs' motion is that Defendant issued a refund to Ms. Deracleo for the purpose of mooting her standing in this lawsuit.  But before filing their Motion, Plaintiffs knew that this was not true.  Counsel for Defendant stated on a meet-and-confer call on August 6, 2020 that Defendant would *not* use the fact that Ms. Deracleo had been refunded as a basis to challenge her standing, or her claims.  Plaintiffs omit this fact from their Request, which renders their arguments and citation to authority entirely inapposite.

As Defendant has previously explained to Plaintiffs **and the Court**, whether Ms. Deracleo was refunded is immaterial to her standing:  She has no claim regardless, as she was only charged for a Noom subscription the day Plaintiffs filed their Amended Complaint, i.e. almost certainly *after* she retained counsel to represent her in this matter.  Thus, in Ms. Deracleo, Plaintiff's counsel appears to be relying on a plaintiff who had not yet suffered any injury, and then Plaintiffs' counsel either allowed or encouraged her to suffer an injury by incurring a credit card charge for the express purpose of manufacturing claims that were then filed hours within hours of the charge.  After Noom explained that it intended to take discovery of how Ms. Deracleo could have been charged after retaining counsel, Plaintiffs raised the present request for a conference as a clear attempt to distract from their own suspicious conduct.

With regard to the remaining Plaintiffs, Noom's counsel previously informed Plaintiffs that it has not refunded any other Plaintiff and has no intention of strategically mooting any Plaintiffs' claims.  Since Plaintiffs filed their pre-motion request, Noom's counsel has also, in an abundance of caution, confirmed with Noom that all named Plaintiffs have been placed on a communication hold, such that no named Plaintiff will inadvertently receive a refund or communication from a customer service representative.  Because Noom will not issue a refund to any Plaintiff, and because Noom has already represented that it does not intend to moot the claims of any Plaintiff, the relief requested by Plaintiffs is either improper or mooted.

**I.   Plaintiffs Omit Relevant Information Concerning the Circumstances of Their Engagement of Ms. Deracleo.**

Plaintiffs' Letter omits the relevant facts concerning Defendant's issuance of a post-lawsuit refund to Ms. Deracleo.  Defendant filed its Pre-Motion Letter to Seek Leave to File Motion to Dismiss on July 6, 2020 attacking, in part, Plaintiff Geraldine Mahood's standing because she received a refund immediately

Honorable Lorna G. Schofield
August 10, 2020
Page Two

after she was charged her monthly subscription fee and months prior to filing suit.[1]  After Plaintiffs' counsel informed Defense counsel that they intend to amend the complaint, this Court issued an order on July 16, 2020 directing Plaintiff to amend her Complaint by July 30, 2020.  Ms. Deracleo alleges that she signed up for a 14-day trial subscription on July 16, 2020 and that she was fraudulently charged a subscription fee 14 days later, on July 30, 2020—***the exact same day*** on which Plaintiffs filed their First Amended Complaint detailing Ms. Deracleo's experience using Noom's platform.[2]  (FAC ¶¶ 123, 126.)

Notably, although Ms. Deracleo alleges that "she never received a refund of her charges," she does not allege that she ever requested such a refund, (FAC ¶ 129), nor does Defendant have any record that she requested one.

It is virtually impossible that Ms. Deracleo was fraudulently charged a subscription fee on July 30, 2020, given that Plaintiffs' counsel filed a complaint detailing Ms. Deracleo's experience using Noom ***that very same day***.  Based on these facts, on August 5, 2020, in response to Plaintiffs' inquiry regarding the refund issued to Ms. Deracleo, Defendant communicated to Plaintiffs that (1) it intends to take discovery of Ms. Deracleo's communications with Plaintiffs' counsel to determine "how Ms. Deracleo was fraudulently charged a subscription fee on July 30, 2020, when [counsel was] already in communication with her and presumably already drafted a complaint alleging that she was fraudulently charged a subscription;" and (2) further inquired whether she was charged the fee before 11:30 PM EST on July 30, when the FAC was filed.  (Aug. 5, 2020 email from A. Reddy to S. Wittels.)  Plaintiffs' counsel has yet to explain the circumstances of Ms. Deracleo's engagement by their firm, and Defendant remains concerned that Plaintiffs' counsel has attempted to "contrive litigation" in this matter. *In re Graphics Processing Units Antitrust Litig.*, 253 F.R.D. 478, 498 (N.D. Cal. 2008) (noting that timing of the purchase of disputed product—one week before the filing of named plaintiff's lawsuit—suggested that plaintiff "along with his counsel have attempted to contrive litigation" and such behavior was "an abuse of the class action process").

II.     **Defense Counsel Has Already Confirmed That It Has No Intention of Strategically Mooting Plaintiffs' Claims.**

Plaintiffs omit all of the aforementioned facts from their motion and instead falsely allege that Defendant has engaged in "an impermissible and futile attempt to 'pick off' the named Plaintiffs in this litigation" and that "its forced refund of Ms. Deracleo's charges is therefore clearly an attempt to shore up its anticipated 12(b)(1) defense." (ECF No. 25 at 2.)  That allegation has no factual basis and misrepresents the Parties' communications.

---

[1] Defendant also intends to pursue discovery on Plaintiffs' counsel's relationship with Ms. Mahood, who was a Named Plaintiff in another class action lawsuit recently litigated by the same law firm.  *See Delgado v. Ocwen*, Case No. 1:13-cv-04427 (E.D.N.Y. Aug. 6, 2013).  Further, Plaintiffs contend that the issuance of a refund does not deprive Ms. Mahood of Article III standing on the grounds that she has lost the "time value of money."  (ECF No. 25 at n.1.)  As Defendant has explained to the court, ECF No. 24 at 4, the FAC alleges that Ms. Mahood received a refund in October 2019, when in fact, Ms. Mahood received her refund the same day that she requested it and only two days after she alleges her credit card was charged.  (FAC ¶ 93.)

[2] Plaintiffs misleadingly represent that the FAC was filed July 31 (ECF No. 25 at 1). They in fact attempted to file the FAC on July 30, but that filing was rejected due to multiple filing errors. (ECF No. 22.) The FAC that was re-filed on July 31, 2020 was identical to the version filed on July 30, 2020. (ECF No. 23.)

# Cooley

Honorable Lorna G. Schofield
August 10, 2020
Page Three

      On a meet and confer call held on August 6, 2020, between undersigned defense counsel and Plaintiffs' counsel Steven Wittels and Burkett McInturff, counsel explained that Defendant: (1) does not intend to move to dismiss Ms. Deracleo as a Named Plaintiff on the basis of a post-lawsuit refund, but instead because she could not plausibly have suffered injury-in-fact since her purported injury appears to have been manufactured by Plaintiffs' counsel; (2) has not communicated with or issued post-suit refunds to any of the other nine Named Plaintiffs; and (3) has no intention of "picking off" any class members by strategically mooting their claims.  Notably, Tiasha Palikovic, counsel for Plaintiffs who submitted the Letter on Plaintiffs' behalf, **was not present on this call** and thus has no personal knowledge of these communications

      Later that same day, the parties filed their pre-conference Joint Letter, in which Defendant disclosed to the Court that it would seek dismissal of Ms. Deracleo's claim based on Plaintiffs' counsel's potentially improper procurement of Ms. Deracleo as a Named Plaintiff.  (ECF No. 24 at a 4 ("[s]ince standing is assessed at the time of the filing of the FAC, discovery is necessary to determine how Ms. Deracleo could have been fraudulently charged the monthly subscription on July 30, when she was already represented by Plaintiffs' counsel, who presumably explained to her that she would be charged the subscription fee on that date."))  Defendant further disclosed to the court it issued the refund "***only*** to Ms. Deracleo because Noom has no record that she ever requested a refund prior to filing suit.  Given that her subscription was charged on July 30, 2020, Noom reasonably construed her FAC allegations as a request for a refund."  (ECF No. 24 at 5 n. 5.)

      The next day, Plaintiffs filed their Letter omitting any reference to Defendant's stated commitment not to rely on Ms. Deracleo's post-lawsuit refund to challenge standing and all facts related to Plaintiffs' counsel's potential involvement in procuring Ms. Deracleo's injuries. Instead, Plaintiffs invoke *Berkson v. Gogo LLC* to insinuate that Defense counsel violated the no-contact rule by refunding Ms. Deracleo for the express purpose of moving to dismiss her claims on that basis.  97 F. Supp. 3d 359, 410 (E.D.N.Y. 2015).  In *Berkson*, the Court held that the attorneys' "sidestepped" Rule 4.2 because it sought an unfair advantage in the litigation by seeking dismissal on the grounds that it issued a post-lawsuit refund and precluded Defendant from dismissing on that basis.  *Id.* Defendant has already confirmed that it does not intend to moot Ms. Deracleo or any other Plaintiffs' claims by issuing a post-lawsuit refund, rendering *Berkson* inapposite.[3]

      In short, the allegations in Plaintiffs' Letter are unfounded and moot, in any event.  As such, Plaintiffs' requested relief must be denied.

Respectfully submitted,

*/s/Aarti Reddy*

Aarti Reddy

---

[3] Plaintiffs' remaining cited authorities are likewise inapposite.  None of these cases address the no-contact rule and merely hold that the Court declined to hold Plaintiffs' claims moot on the basis of a post-lawsuit refund.  Because Defendant has already confirmed that it does not intend to argue that Ms. Deracleo or any other Plaintiff lacks standing on the basis of a post-lawsuit refund, these authorities are inapposite. *See Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672 (2016) (stating that an unaccepted settlement offer does not moot Plaintiffs' case); *Malancea v. MZL Home Care Agency LLC*, No. 18 Civ. 00732, 2019 WL1027926, at *7–8 (E.D.N.Y. Feb. 1, 2019) (similar); *Johansen v. Liberty Mut. Grp., Inc.*, No. 15 Civ. 12920, 2016 WL 7173753, at *7 (D. Mass. Dec. 8, 2016) (similar).