

Aarti Reddy  
+1 415 693 2103  
areddy@cooley.com

VIA CM/ECF

August 21, 2020

Honorable Katherine H. Parker  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, New York  10007

Re:  *Mahood v. Noom, Inc.*, Case No. 1:20-cv-03677-LGS:  
<u>Plaintiffs' Request for Pre-Motion Conference Regarding Alleged Refusal re Certain Disclosures</u>

Dear Judge Parker:

On behalf of Defendant Noom, Inc. ("Noom"), we write pursuant to Rule II.B of the Court's Individual Rules of Practice to oppose Plaintiffs' Request for a Pre-Motion Conference ("Request").[1]

Plaintiffs' Request should be denied because there is no legal or factual basis for their requested relief.  Plaintiffs assert that Noom has breached its Rule 26(f) disclosure obligations by failing to produce its litigation hold notice, ESI policies, and information regarding third parties and other litigation in response to Plaintiffs' demand letter.  Yet, Plaintiffs fail to cite even a single case establishing that Noom must—or even should, as a best practice—produce any of this information when Plaintiffs never requested it in discovery or as a matter of course during the 26(f) process.

To obscure the lack of ***any*** legal support for their position, Plaintiffs falsely accuse Noom of "largely flout[ing] its obligations under Rule 26(f)."  (Ltr. at 1.)  That assertion has no merit:  Noom has provided detailed disclosures regarding its preservation and collection process, committed to making further disclosures on an ongoing basis, and agreed to disclose and negotiate search terms, custodians and search parameters. *Infra* p. 2.  Plaintiffs also falsely contend that Noom is improperly "refus[ing] to provide . . . litigation hold information" and produce its ESI policies.  (Ltr. at 3.)  Noom has, for weeks, stated it is willing to confer on the scope of Noom's responses and the potentially-implicated questions of attorney/client privilege and work product after Plaintiffs propound Requests for Production seeking this information—but, despite having already served ***80*** other document requests, Plaintiffs have ***not served any such discovery***.  And while Plaintiffs seek further information regarding other Noom litigation and third parties who may possess responsive information, Plaintiffs have already sought that information in written discovery and Noom's responses are not yet due.  Plaintiffs' attempt to compel a response before Noom has even completed its investigation and served its responses and objections is inefficient and improper. For these and other reasons, the Court should deny Plaintiffs' Request.

**I.   Background**

Plaintiffs contend that Noom has refused to cooperate in discovery planning by "blocking Plaintiffs at every possible turn" and conducting discovery in a "black box."  (Ltr. at 1, 3.)  The factual record flatly contradicts Plaintiffs' hyperbole.  Since July 6, 2020, Plaintiffs have insisted on unreasonable and highly burdensome ESI disclosures, including by demanding that Noom respond to every minute facet of a 19-page letter, which asks quite literally ***hundreds*** of questions regarding Noom's ESI.  (Exhibit A.)  Although

---

[1]   Noom further opposes Plaintiffs' Request because Plaintiffs have not complied with the Court's requirement that the Parties confer telephonically in advance of filing the Request.  Individual Rule of Practice II.B.  Counsel for Plaintiffs informed counsel for Noom via email on August 19, 2020 that Plaintiffs would be filing this Motion and the Parties have not discussed the issues raised in this Letter telephonically in nearly one month.  (*See* Aug. 19, 2020 Email from B. McInturff to A. Reddy; Ltr. at 1.)



Honorable Katherine H. Parker
August 21, 2020
Page Two

Noom has provided detailed, well-supported legal objections to that Letter, it has nonetheless also answered many of Plaintiffs' questions about its ESI preservation and collection and committed to provide further disclosures as it continues its investigation. Specifically, Noom has: (1) described in detail all efforts it has made to preserve potentially responsive information; (2) disclosed the identities of individuals responsible for preserving information; (3) identified repositories with responsive information, including email, instant messaging systems, company computers, specialized software, and file servers; (4) preliminarily identified third parties that it believes may have responsive information; (5) agreed to provide periodic disclosures on the status of its collection efforts; and (6) agreed to disclose custodians, search terms and search parameters and negotiate these terms with Plaintiffs. (*See, e.g.*, July 23, 2020 Letter from A. Reddy to B. McInturff at 3, 5-7.) Noom has also provided Plaintiffs with a proposed ESI protocol, and the Parties have further agreed to begin a rolling production of documents on September 16—less than five weeks after the Parties' initial case management conference. Noom's efforts thus far are substantial and easily satisfy its discovery obligations. *See Brown v. Barnes & Noble, Inc.,* 2019 WL 7168146, at *3 (S.D.N.Y. Dec. 23, 2019) (Parker, M.J.) (explaining that although "nothing in Rule 26(g) obligates counsel to disclose the manner in which documents are collected, reviewed and produced in response to a discovery request," parties should typically "meet and confer about custodians of relevant ESI, date ranges for searches of ESI, and other search parameters").

Despite Noom's commitment to transparency and expeditious discovery, Plaintiffs remain unsatisfied and continue to harass Noom with unreasonable discovery demands. Plaintiffs now seek to compel the following categories of information sought by Plaintiffs in their July 6 Letter: (1) information regarding litigation hold notices; (2) "all written information-related policies"; (3) third parties with potentially relevant information, and (4) "whether information potentially relevant to this case has been preserved . . . in connection with other disputes." (Ex. A at 1-3.) As set forth below, Plaintiffs' Request should be denied.

II.   **Argument**

**Litigation Holds and ESI Policies.** Plaintiffs mischaracterize Noom's position by claiming that it "refuses to discuss" litigation holds. Noom has repeatedly stated that it is willing to meet and confer and may provide certain information regarding litigation holds in response to **an actual discovery request**. (July 15, 2020 email from A. Reddy to B. McInturff "We are happy to revisit the issue of identifying hold recipients and the timing of the hold letter circulation with you in connection with a [sic] objections and responses to a discovery request or a 30(b)(6) deposition").[2] The same is true of Noom's ESI policies. *See* July 23, 2020 Ltr from A. Reddy to B. McInturff (stating, as to ESI policies and hold notices, that "we ask that if you seek such information, please do so through *discovery requests* so that we can serve written objections, and meet and confer as contemplated by FRCP 33 and 34"); ECF 24 at n. 15. Noom has also shared authority with Plaintiffs supporting their position that such information is properly sought via discovery requests. *Brown*, 2019 WL 7168146 at *4 (noting that information related to collection such as "names of custodians whose ESI was searched, date ranges for the searches, and any search terms applied . . . is properly included in written responses to document requests pursuant to Rule 34's specificity requirements"). Plaintiffs ignore these efforts to cooperate and despite serving **80** Requests for Production—some with as many as **11 or 21** subparts—have not served even a single discovery request seeking either litigation holds or ESI policies. Notably, Plaintiffs do not cite a single case in which a Court has compelled production of a litigation hold notice, ESI policies, or any other document, as part of the

---

[2]  Noom has also explained that the authorities cited in Plaintiffs' emails were inapposite because—unlike Plaintiffs in this action—the Parties in those cases served formal discovery requests seeking litigation holds. *See, e.g., Cannata v. Wyndham Worldwide Corp.,* 2011 WL 3495987, at *3 (D. Nev. Aug. 10, 2011) (seeking litigation hold in response to request for production); *Lysyak v. Home Attendant Service of Hyde Park, Inc.,* No. 18-cv-259 (E.D.N.Y. Oct. 16, 2018) (ECF No. 44 at 1) (same; involving Plaintiffs' counsel).

# Cooley

Honorable Katherine H. Parker
August 21, 2020
Page Three

parties' Rule 26(f) disclosures.[3]

Plaintiffs are not entitled to circumvent the discovery rules by demanding documents and information via a meet-and-confer letter.  Pursuant to the Federal Rules, Plaintiffs must serve a Request that describes "with reasonable particularity each item or category of items to be inspected."  Fed. R. Civ. P. 34(b)(1)(A).  Further, as Noom has already explained to Plaintiffs, numerous courts—including this Court—have held that litigation hold notices may be protected by attorney-client privilege and are attorney-work product.  See *Pearlstein v. BlackBerry Ltd.*, 2019 WL 1259382, at *19 (S.D.N.Y. Mar. 19, 2019) (Parker, M.J.) ("a litigation hold, just like any other communication with counsel, may constitute or contain legal advice and work product"); *Tracy v. NVR, Inc.*, 2012 WL 1067889, at *6, *9 (W.D.N.Y. Mar. 26, 2012).  While Noom remains willing to assess the scope of any document request and log the distribution dates and recipients—that is not possible (or required) without applicable requests for production.

**Information Regarding Other Litigation.**  Plaintiffs object that Noom has not disclosed other litigation that may be relevant to preservation in this matter.  Noom has more than satisfied its Rule 26 obligation to "discuss any issues about preserving discoverable information," Fed. R. Civ. Proc. 26(f)(2).  Specifically, Noom previously confirmed that it circulated a litigation hold notice for this lawsuit, that all recipients of the hold notice have been placed on an automatic preservation hold, and that it has taken other steps to ensure that potentially responsive information is preserved in its specialized software systems.  (July 23, 2020 Ltr from A. Reddy to B. McInturff at 7.)  In any event, Plaintiffs omit that they have already served a Request for Production that seeks "[a]ll documents, communications, or other information . . . produced or received by Noom in any regulatory matter, enforcement action, litigation, arbitration . . . related to" ***twenty-one separate*** categories of "conduct" addressed in the FAC.  Pls.' RFP No. 11. The response to that request ***is not due until August 27, 2020***.  Plaintiffs' attempt to compel information in response to a discovery request that is not yet due is improper and a waste of Court resources.

**Third Party Preservation.**  Finally, Plaintiffs seek to compel further information regarding third parties with potentially responsive information based on their assumption that Noom's disclosures to date have been "incomplete."  Noom performed a preliminary investigation regarding these issues in connection with its 26(f) process, and disclosed to Plaintiffs that it has no reason to believe at this stage that any third party other than Paypal or Braintree may have responsive information that is not otherwise in Noom's possession, custody or control.  (July 23, 2020 Ltr from A. Reddy to B. McInturff at 7.)  Plaintiffs have recently suggested they suspect that iTunes App Store and Google Play have responsive information.  While Plaintiffs are free to serve a Rule 45 subpoena on these entities, *see  MiMedx Grp., Inc. v. Sparrow Fund Mgmt., L.P.*, 2018 WL 847014, at *12 (S.D.N.Y. Jan. 12, 2018) (directing plaintiffs to issue a third-party subpoena where the discovery they sought from defendants was "improper and likely [wouldn't] lead to the information" plaintiffs sought), Noom's in-app purchases are not processed through iTunes or Google Play, so Noom currently has no reason to believe that either of these entities has responsive information.

Here too, Plaintiffs have served an Interrogatory seeking identification of "any third-party entity or individual involved in designing, testing, modifying, or implementing any aspect of Noom's Program…" and Noom's response is ***not due until September 7, 2020***.  Pls' Interrog. No. 2.  As such, Plaintiffs' effort to compel information in response to a discovery request before Noom's investigation is complete is again improper and a waste of Court resources.

---

[3]  Plaintiffs cite the Sedona Conference Jumpstart Outline—a non-binding check-list which is meant to be collaborative.  Mar. 2016 Sedona Conference Jumpstart Outline at 1 ("This Jumpstart Outline set forth, ***by way of example only***, a series of topics and questions **to consider asking yourself, your client, and your adversary** . . . with respect to discovery obligations").  Plaintiffs' citation is inapposite because it references a question related to preservation of information on non-Company computers, and in no way suggests that a party is required to produce litigation hold notices as a part of the 26(f) process.

# Cooley

Honorable Katherine H. Parker
August 21, 2020
Page Four

Respectfully submitted,

*/s/Aarti Reddy*

Aarti Reddy

Cooley LLP   101 California Street  San Francisco, CA   94111-5800
t: (415) 693-2000  f: (415) 693-2222  cooley.com