

August 28, 2020

**Via ECF**
Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Mahood v. Noom, Inc.*, No. 20 Civ. 3677 (LGS) (KHP)

Dear Judge Schofield,

On behalf of Plaintiffs and the proposed Class, we write in response to Noom's letter ("Def. Ltr.") regarding its anticipated motion to dismiss the First Amended Complaint ("FAC").

This class action stems from Noom's use of deceptive automatic enrollment to trap consumers into paying costly recurring membership fees for a weight loss app they neither want nor use. Plaintiffs' well-pleaded FAC sets forth 13 causes of action and details the precise ways in which Noom's conduct misled Plaintiffs and thousands of other consumers. Indeed, just last week the Better Business Bureau echoed this case and warned that Noom's "customers have submitted well over a thousand complaints alleging that the company offers misleading free trials, and that subscriptions are difficult to cancel."[1] But just as Noom has refused "to address the underlying cause" of customers' complaints, *id.*, it is now seeking to hold on to consumers' hard-earned money through a scattershot 11-part dismissal motion. As shown below, the FAC is a detailed, sound pleading and Noom's arguments lack substance or are better suited to a later stage of the case. The Court should dissuade Noom from filing its blunderbuss motion.

**Plaintiffs Have Article III Standing.** Noom is wrong to claim that the three Plaintiffs (of the ten Named Plaintiffs) who received refunds lack standing. Noom's refunds do not include "'interest' or 'time value of money,' [which] is a sufficient 'injury in fact' to support Article III standing." *Porsch v. LLR, Inc.*, 380 F. Supp. 3d 418, 424–25 (S.D.N.Y. 2019). That the injury is small is of no moment. *See Van v. LLR, Inc.*, 2020 WL 3443930, at *2 (9th Cir. June 24, 2020) ($3.76 is not "too little to support Article III standing"; "[f]or standing purposes, a loss of even a small amount of money is ordinarily an 'injury'") (citing *Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973, 983 (2017)). Additionally, Noom's attack on Ms. Deracleo's standing is based on wild conjecture.

**The FAC Satisfies Rule 9(b).** It is odd that Noom claims the FAC—a detailed, 307-paragraph pleading—fails to satisfy Rule 9(b) given that the "purpose of Rule 9(b) is not to create a heavy burden for plaintiffs, but rather, to allow defendants to identify ***their alleged role*** and acts in the

---

[1] BBB Warning: Consumers Lose More than Weight with Popular Noom Health App (Aug. 19, 2020), https://www.bbb.org/article/news-releases/22930-bbb-warning-consumers-lose-more-than-weight-with-popular-noom-health-app (last visited Aug. 28, 2020).

fraud to appropriately respond to the complaint." *Allstate Ins. Co. v. Ahmed Halima*, 2009 WL 750199, at *5 (E.D.N.Y. Mar. 19, 2009) (emphasis added and citation omitted). The FAC identifies Noom's misrepresentations and omissions (FAC ¶¶ 4–9), the deceptive claims on Noom's website (*id.* ¶¶ 34–36), the misleading aspects of its enrollment process (*id.* ¶¶ 37–50); explains how Noom makes it difficult for consumers to cancel (*id.* ¶¶ 51–56); and describes the six red flags demonstrating Noom's intent to deceive (*id.* ¶¶ 57–80). This puts to rest Noom's claim that the FAC is "short on substance." *See Delgado v. Ocwen Loan Servicing, LLC*, 2014 WL 4773991, at *18–19 (E.D.N.Y. Sept. 24, 2014) ("Even a cursory glance at the 187-paragraph FAC reveals that Plaintiffs' claims are more than generalized allegations").[2] Indeed, Noom concedes that Ms. Mahood satisfies Rule 9(b), *see* Def. Ltr. at 2, but claims that other Plaintiffs do not because they rely on the FAC's general allegations. Noom's claim is incorrect.[3]

**Plaintiffs' GBL Claim Applies to All Class Members.** Noom argues that non-New York Plaintiffs cannot bring GBL claims, but overlooks *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 122 (2d Cir. 2013), where the Second Circuit held that the GBL applied to non-New York plaintiffs when the defendant: (1) was paid in New York, (2) required all communications go to New York, and (3) included New York choice-of-law and forum-selection clauses in its form contract. *Id.* at 123–24. This case is stronger than *Cruz* because New York is where Noom (1) processes all enrollments and payments; (2) directs all marketing, billing, and customer service and tracking efforts; (3) develops, updates, and operates its website and app; (4) receives all payments and maintains its bank account; (5) maintains its only U.S. office; (6) makes all business decisions; and (7) includes New York choice-of-law and forum-selection clauses in its user agreement. FAC ¶¶ 30–31. This is much more than courts require at this stage.[4]

**Plaintiffs Have Standing to Pursue UCL and FAL Claims.** Noom's refunds to Plaintiffs Mahood and Kelly do not destroy their statutory standing to pursue UCL or FAL claims because they sustained an economic injury caused by the lost time value of money.[5]

**Plaintiffs' FAL Violation Is Properly Stated.** Noom misses the mark when it claims that Plaintiffs' FAL claim must be dismissed "[b]ecause there is no private cause of action under the ARL, and Noom's own case illustrates why. Def. Ltr. at 2–3 (quoting *Johnson v. Pluralsight, LLC*, 728 F. App'x 674, 677 (9th Cir. 2018)). In *Johnson*, the Ninth Circuit expressly observed the California "legislature's intent to permit plaintiffs to pursue [equitable relief] under [the

---

[2] Noom also incorrectly claims that Plaintiffs may not allege "upon information and belief" that the relevant representations in the sign-up were in all material respects the same as those seen by other Plaintiffs. Def. Ltr. at 2. Allegations based upon information and belief are permissible if they set forth specific facts upon which the belief is reasonably based, as is the case here. *See Hollander v. Ortho-McNeil-Janssen Pharm., Inc.*, 2010 WL 4159265, at *4 (E.D. Pa. Oct. 21, 2010) (citation omitted).

[3] *See Delgado*, 2014 WL 4773991, at *19 (9(b) met where fraud allegations applicable to all plaintiffs; each plaintiff not required to repeat every misrepresentation already alleged).

[4] *See Voronina v. Scores Holding Co., Inc.*, 2017 WL 74731 (S.D.N.Y. Jan. 5, 2017) (dismissal premature "as discovery may yield more evidence probative of [New York] connection"); *Ward v. TheLadders.com, Inc.*, 3 F. Supp. 3d 151 (S.D.N.Y. 2014) (maintaining website, bank account and communicating from New York); *Yang Chen v. Hiko Energy, LLC*, 2014 WL 7389011, at *5 (S.D.N.Y. Dec. 29, 2014) (receiving payment in New York).

[5] Noom's citation to *Kwikset Corp. v. Super. Ct.*, 246 P.3d 877, 884 (Cal. 2011) is unavailing, because *Kwikset* only notes that UCL standing must be based on economic, rather than non-economic harm.

FAL] for violations of the ARL." *Id.* at 676.  This is precisely what Plaintiffs seek here.

**Plaintiffs Adequately Plead a California Bot Disclosure Law Claim.**  Noom used bots to communicate with Plaintiffs (FAC ¶¶ 7, 53, 84), it did so to sell its services (*id.* ¶¶ 74–80, 94), and without disclosing the bots' use (*id.* ¶¶ 5, 53, 77, 79).  That is what the Bot Law requires and that is what is pled.  Noom's half-hearted argument that one Plaintiff failed to fill out a "coaching preference survey" is unavailing.  Cal. Bus. & Prof. Code § 17941(a).

**The CLRA Applies to Noom's Weight-Loss Program.**  Noom is wrong to argue that its weight loss service is not a CLRA-covered "service."  Noom does not sell software, it sells "customized" weight-loss plans with "personalized coaching" from "real, live people!"  FAC ¶¶ 47, 36, 77.  That Noom provides a service via an app does not put it outside the CLRA's reach.[6]

**ADTPA Claims May Be Brought as a Class Action.**  As the Eleventh Circuit made clear in *Lisk v. Lumber One Wood Preserving, LLC*, 792 F.3d 1331 (11th Cir. 2015), ADTPA claims can be pursued on a class-wide basis.

**It Is Premature to Dismiss the Unjust Enrichment Claim.**  In its unjust enrichment argument, Noom ignores Rule 8's alternative pleading regime and fails to appreciate that plaintiffs are given "wide latitude" in framing their right to recover.  *See Bridgeway Corp. v. Citibank, N.A.*, 132 F. Supp. 2d 297, 305 (S.D.N.Y. 2001).

**The Conversion Claim Should be Sustained.**  The FAC adequately pleads conversion under New York law.  *See, e.g.*, *Simington v. Lease Fin. Group, LLC*, 2012 WL 651130, at *12 (S.D.N.Y. Feb. 28, 2012) (withdrawals from plaintiff's personal bank account).  In the alternative, Plaintiffs' claims for conversion on behalf of each individual state class are likewise sound.  *See e.g., Welco Elecs., Inc. v. Mora*, 166 Cal. Rptr. 3d 877, 884-86 (Cal. App. 2d Dist. 2014) (unauthorized credit card charges); *In re Auerbach*, 2015 WL 6601776, at *6-7 (Bankr. N.D. Ohio Oct. 29, 2015) (conversion found where party drew money from account "without the necessary permission or authority at the moment the charge was made").

**Plaintiffs Can Enjoin Noom's Deceptive Practices.**  Noom recognizes that Plaintiffs plead a desire to purchase weight-loss plans from Noom, as well as other companies, in the future.  Def. Ltr. at 3.  This confers standing to seek injunctive relief.  *See Petrosino v. Stearn's Products, Inc.*, 2018 WL 1614349, at *5 (S.D.N.Y. Mar. 30, 2018) (injunctive relief allowed when plaintiffs "assert that they will purchase a product in the future if the ingredients are changed so that the product is not mislabeled").[7]  Noom's cases do not hold otherwise.[8]

---

[6] Noom's cases do not hold otherwise, as they both concern the sale or license of *software itself*.  *See In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 988 F. Supp. 2d 434, 451 (D. Del. 2013) (Google software browser); *Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 972 (S.D. Cal. 2012) (software that provides access to third-party online games).

[7] *See also Delgado*, 2014 WL 4773991, at *14 (S.D.N.Y. Sept. 24, 2014) ( "[f]inding that [p]laintiffs have no federal standing to enjoin a deceptive practice once they become aware of the scheme would 'eviscerate the intent of the California legislature in creating consumer protection statutes'") (internal citation omitted).

[8] *See Holve v. McCormick & Co., Inc.*, 334 F. Supp. 3d 535, 552 n.10 (W.D.N.Y. 2018) (no future harm because plaintiff alleged it would only purchase the product from defendant and only if it was not misbranded and observing

Per the Court's order (ECF No. 33), the Parties have agreed to the following briefing schedule:

| | |
|---|---|
| Defendant's Dismissal Motion: | **September 24, 2020** |
| Plaintiffs' Opposition Brief: | **October 23, 2020** |
| Defendant's Reply Brief: | **November 6, 2020** |

Respectfully submitted,

/s/ Tiasha Palikovic
Tiasha Palikovic

cc:   All counsel of record (via ECF)

Defendant shall file the motion to dismiss, not to exceed twenty-five (25) pages, by **September 24, 2020**. Plaintiffs shall file the opposition, not to exceed twenty-five (25) pages by **October 23, 2020**. Defendant shall file the reply, not to exceed ten (10) pages by **November 6, 2020**. The parties' submissions shall comply with the Individual Rules except that no courtesy paper copies are required as per the Emergency Individual Rules and Practices at https://www.nysd.uscourts.gov/hon-lorna-g-schofield.

SO ORDERED.

Dated: August 31, 2020
         New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

---

multiple instances of courts in this Circuit finding injunctive standing where plaintiffs allege desire to use products in the future); *Elkind v. Revlon Consumer Prods. Corp.*, 2015 WL 2344134, at *3 (E.D.N.Y. May 14, 2015) (no injunctive standing because plaintiffs "have not alleged any likelihood of continuing or future harm").