# Cooley

Aarti Reddy
+1 415 693 2103
areddy@cooley.com

Via CM/ECF

October 15, 2020

The Hon. Katharine H. Parker
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

**Re: Mahood et al. v, Noom, Case No. 20-cv-3677 (LGS) (KHP): Letter Motion for Redaction of Joint Letter and Hearing Transcript**

Dear Judge Parker:

Pursuant to Paragraph III.d of the Court's Individual Practices, Defendant Noom, Inc. ("Noom") respectfully requests that the Court seal two redacted portions of Plaintiffs' submission in the parties' October 8, 2020 Joint Letter ("Joint Letter"), (ECF No. 65). Additionally, because Plaintiffs' counsel improperly and unexpectedly disclosed this same confidential information during the Court's October 13, 2020 discovery hearing, Noom also requests that the Court redact this same information from the public version of the October 13, 2020 Hearing Transcript ("October 13 Transcript"), which is not yet available.

Approximately twenty-four hours before the deadline to file the Joint Letter, Plaintiffs included Noom's confidential financial and user base information, which Plaintiffs obtained from Noom's Responses and Objections to Plaintiffs' First Set of Interrogatories, designated as Confidential under the parties' Stipulated Protective Order, (ECF No. 58).[1] Plaintiffs included this information to support their incorrect view of the size of the putative class and the scope damages at issue in this case—presumably in an attempt to justify the numerous and costly discovery disputes they have initiated thus far. Noom advised Plaintiffs that this information was Confidential, and although Plaintiffs agreed to redact the information, they subsequently failed to file the motion to seal to accompany the redacted Joint Letter required by Paragraph III.d of the Court's Individual Practices. Undersigned counsel brought this issue to Plaintiffs' counsel J. Burkett McInturff's attention on October 12 and October 13, attempting to reach a resolution with Plaintiffs' counsel and confirming this information needed to remain sealed from the public, but Plaintiffs refused to cooperate and adopted the mistaken position that this information is already in the public domain. (*See* Oct. 13, 2020 email at 10:17 am from J.B. McInturff to A. Reddy.) What is worse, minutes after the Parties had just corresponded on this issue, during the October 13, 2020 hearing Mr. McInturff ***recited in open court the exact figures from Noom's Confidential interrogatory responses that Noom's counsel had just reiterated were Confidential and subject to the Stipulated Protective Order***. Plaintiffs' counsel's inexplicable disclosure of this sensitive, non-public material after being repeatedly advised of its confidentiality was a direct violation of the parties' Stipulated Protective Order, (ECF No. 58). As Noom does not yet know which persons were listening in on the hearing and may have impermissibly heard this information, Noom reserves all rights to seek further redress for counsel's violation.

Consistent with the Court's Individual Practices to limit filings under seal to the information that is strictly necessary to avoid harm to the designating party, Noom seeks to seal ***only*** the specific confidential data at issue in the Joint Letter and the October 13 Transcript. As set forth below, these proposed

---

[1] Plaintiffs objected to this designation as Highly-Confidential – Attorneys' Eyes Only on September 29, 2020, and on October 9, 2020, Noom amended its responses and designated them as Confidential.



The Hon. Katharine H. Parker
October 15, 2020
Page Two

redactions are consistent with the Second Circuit's opinions in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016).

Pursuant to *Lugosch*, the Court must first assess whether the documents at issue are "judicial documents." 435 F.3d at 119. Once the Court has made that determination, it must assess the weight of the presumption of public access to the documents under the common law and the First Amendment, and then, it must weigh the presumption of public access against any competing interests, such as the privacy interests of the party resisting disclosure. *Id.* at 119-20.

While Noom does not contest that the Joint Letter and October 13 Hearing Transcript are judicial documents, the information it seeks to seal relates to material passed between the parties in discovery. As such, the presumption of public access is low. *Bernstein*, 814 F.3d at 142 (documents "'such as those passed between the parties in discovery' often play 'no role in the performance of Article III functions' and so the presumption of access to these records is low") (citation omitted); *cf. In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 424 (E.D.N.Y. 2007) ("the documents at issue are not litigation filings, but documents produced in discovery, to which the right of public access has not attached"). Here, the confidential information in question is highly sensitive and closely-guarded revenue and user population data that Noom disclosed to Plaintiffs during discovery in its responses to Plaintiffs' First Set of Interrogatories. Where, as here, redactions are applied narrowly only to specific confidential business information that was designated as confidential under the applicable protective order, courts have found the presumption of public access comparatively low and have granted the party's motion to seal. *E.g.*, *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-md-2542, 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014) (sealing information produced in discovery); *Firmode (Int'l) Co. v. Int'l Watch Grp., Inc.*, No. 2008-4890, 2009 WL 3698137, at *2 (E.D.N.Y. Nov. 2, 2009) (collecting authorities sealing confidential supplier and pricing information).

Turning to the second portion of the *Lugosch* test, Noom has significant privacy interests in the data at issue. That information reflects Noom's internal revenue derived from its subscription program as well as the number of individuals who may have subscribed to Noom's Program since 2017. Noom is a private company and public disclosure of this competitively-sensitive information would be highly prejudicial and afford its competitors an unfair advantage, and poses a substantial risk of harm to Noom. Not surprisingly, this is precisely the type of confidential, competitively-sensitive information that courts regularly approve for redaction. *E.g.*, *IBM v. Lima*, No. 20-4573, 2020 WL 6048773, at *1-3 (S.D.N.Y. Oct. 13, 2020) (sealing hearing transcript that reflected "non-public details of IBM's revenues, . . . budget and performance"); *In re Keurig*, 2014 WL 12772236, at *2 (sealing sales and customer data); *Brookdale Univ. Hosp. & Med. Ctr., Inc. v. Health Ins. Plan of Greater N.Y.*, No. 07-1471, 2008 WL 4541014, at *1 (E.D.N.Y. Oct. 7, 2008) (sealing internal cost and revenue data); *Gelb v. AT&T Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (sealing internal financial information); *see also Bernstein*, 814 F.3d at 143 (noting that the duty to protect confidential client information is a factor that weighs in favor of sealing the material in question).

As such, Noom's proposed redactions to the Joint Letter and October 13 Hearing Transcript are appropriate and narrowly tailored to protect its interests under *Lugosch*, 435 F.3d at 120, and Noom respectfully requests that the Court redact and seal the identified portions therein.

# Cooley

The Hon. Katharine H. Parker
October 15, 2020
Page Three

     In accordance with the Court's Individual Practices and the Southern District of New York's Standing Order 19-mc-00583, Noom has filed this letter motion publicly on ECF and the proposed sealed documents contemporaneously under seal via ECF.[2]

Sincerely,

*/s/ Aarti Reddy*

Aarti Reddy

---

[2] Noom notes that the October 13 Transcript is not yet available, but will submit the proposed redactions to the Court as soon as it becomes available.