

| | |
|---|---|
| Aarti Reddy<br>+1 415 693 2103<br>areddy@cooley.com | VIA CM/ECF |

November 19, 2020

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Nichols v. Noom, Inc.*, Case No. 1:20-cv-03677-LGS (KHP):
<u>Noom's Pre-Motion Letter Requesting Leave to File Motion to Dismiss SAC</u>

Dear Judge Schofield:

We write on behalf of Defendants Noom, Inc. and Artem Petakov ("Noom") pursuant to Rules III.A.1 and C.2 of the Court's individual practices with respect to Noom's proposed motion to dismiss the Second Amended Complaint ("SAC") pursuant to Rule 12(b)(6).

Plaintiffs in this putative class action challenge their automatic enrollment to Noom's program—a popular mobile application that helps people lose weight and lead healthier lives through behavior change. Plaintiffs' third attempt to plead viable claims against Noom doubles down on the myriad pleading deficiencies identified in Noom's Motion to Dismiss the FAC. (ECF No. 61.) While Plaintiffs have finally amended their complaint to remove lead Plaintiff Geraldine Mahood—who admitted to receiving a full refund of her subscription fee but falsely pled that this refund was delayed—they are now left without a single named plaintiff who offers any specific allegations regarding which Noom advertisements and automatic renewal disclosures they viewed and how they were supposedly misled by them.  Instead, each named Plaintiff parrots the same bare allegations and pleads "upon information and belief" that their sign-up flow resembled that of "other named Plaintiffs." Rather than offering particularized allegations of fraud required by Rule 9(b), the SAC resorts to pages of hyperbole and anonymous online complaints unmoored to any named plaintiff's actual experience using the Noom platform. For these and other reasons, the SAC again falls far short on substance, and all of the claims must be dismissed with prejudice.

***All claims sound in fraud and are not pled with particularity.*** Plaintiffs' claims of deceptive advertising are not pled with particularity.  Where, as here, a complaint alleges a fraudulent course of conduct, each claim that relies on these common allegations must meet Rule 9(b)'s requirements. *Matsumara v. Benihana Nat'l Corp.*, 542 F. Supp. 2d 245, 251 (S.D.N.Y. 2008). While Plaintiffs contend they were somehow misled, they fail to specifically allege which Noom advertisements they were exposed to, where they were exposed to them, and how they were deceived. Rather, every plaintiff offers the same substance-less allegation that they "saw" or "heard" "ads for Noom" and "subsequently visited Noom's website" or "downloaded the Noom app" "to learn more" and were "[m]isled by the representations and omissions outlined above" on

# Cooley

Honorable Lorna G. Schofield
November 19, 2020
Page Two

Noom's website or app. (*E.g.*, SAC ¶¶ 106-107, 138-139.) Accordingly, these allegations fail.[1, 2]

All Plaintiffs also allege that "upon information and belief, the relevant representations in the sign-up flow . . . were in all material respects the same" as those seen by other Plaintiffs. (*E.g.*, SAC ¶¶ 106, 117.) This allegation fails to satisfy Rule 8—let alone Rule 9(b)—because a Plaintiff may not allege facts presumably within their own knowledge as made upon information and belief. *Hernandez v. BMNY Contracting Corp.*, 2019 WL 418498, at *2 (S.D.N.Y. Jan. 17, 2019).[3]

***Claims against Artem Petakov.*** Plaintiffs do not attribute a single alleged misstatement to Mr. Petakov, Noom's President, and instead only allege that he was "closely involved in the oversight of . . . Noom's business practices," and announced that the company would be "turning on renewals" and charging a fee for trial subscriptions. These allegations also fail to satisfy Rule 9(b)'s pleading requirements. (SAC ¶¶ 37, 93, 95; *Hunt v. Enzo Biochem, Inc.*, 471 F. Supp. 2d 390, 408 (S.D.N.Y. 2006) (dismissing fraud claims against individual officers based on "impermissibly vague" allegations).)

***FAL claim (Count II).*** Plaintiffs challenge Noom's automatic renewal policies directly under California's Automatic Purchase Renewal Statute, Cal. Business and Prof. Code § 17600 *et seq*. ("ARL"), which is part of the FAL. *Id.* §§ 17500-17606. "Because there is no private cause of action under the ARL," the FAL claim for restitution must be dismissed. *Johnson v. Pluralsight, LLC*, 728 F. App'x 674, 677 (9th Cir. 2018).

***California Bot Disclosure Law (Count IV).*** Plaintiffs do not plead a bot disclosure law violation. (SAC ¶ 236.) Plaintiffs must allege that Noom acted "with the intent to mislead the [user] about its artificial identity for the purpose of knowingly deceiving the person about the content of the communication in order to incentivize a purchase or sale of goods or services in a commercial transaction." Cal. Bus. & Prof. Code § 17941. Not a single named Plaintiff alleges interacting with Eva, let alone that they were misled about Eva's artificial identity for the purpose of using Noom's program. As such, this claim must be dismissed.

***California's Consumer Legal Remedies Act ("CLRA") (Count V).*** The California Plaintiffs cannot sustain a claim under the CLRA because the statute applies only to "goods or services,"

---

[1] *See also In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.*, 1 F. Supp. 3d 34, 54 (E.D.N.Y. 2014) (applying 9(b) to CLRA, UCL and FAL claims); *In re Ford Fusion and C-Max Fuel Econ. Litig.*, 2015 WL 7018369, at *13-18 (S.D.N.Y. Nov. 12, 2015) (applying 9(b) to Washington and Ohio consumer protection statutes); *Daly v. Castro Llanes*, 30 F. Supp. 2d 407, 414 (S.D.N.Y. 1998) (conversion is subject to 9(b)).

[2] In an attempt to patch over this pleading defect, several Plaintiffs attach a screenshot of their confirmation email, and offer the same boilerplate allegation that the email was "contradictory" and "confusing." (SAC ¶ 173.) But none of these Plaintiffs specifically alleges how they were misled by this email, which was sent *after* they had already registered for Noom; accordingly, this new allegation does not save their claims. *Meserole v. Sony Corp. of Am., Inc.*, No. 08-8987, 2009 WL 1403933, at *5 (S.D.N.Y. May 19, 2009) (dismissing CLRA claim under Rule 9(b) because Plaintiffs "have failed to explain how any of those statements were untrue or misleading").

[3] *See also Speedfit LLC v. Chapco Inc.*, 2016 WL 5793738, at *9 (E.D.N.Y. June 29, 2016); *Woods v. Maytag Co.*, 2010 WL 4314313, at *6 (E.D.N.Y. Nov. 2, 2010)

# Cooley

Honorable Lorna G. Schofield
November 19, 2020
Page Three

Cal. Civ. Code § 1770(a), and, as numerous courts have held, an app or website is neither a "good" nor a "service." *See In re: Google Inc. Cookie Placement Consumer Priv. Litig.*, 988 F. Supp. 2d 434, 451 (D. Del. 2013) ("[t]he California case law is clear that software and software activity are not covered by the CLRA").

***Alabama Deceptive Trade Practices Act ("ADTPA") (Count IX).*** Plaintiff Sellers cannot bring class claims under the ADTPA because the statute bars private class actions. Ala. Code Ann. § 8-19-10(f); *Delgado v. Ocwen Loan Servicing, LLC*, 2017 WL 5201079, at *10 (E.D.N.Y. Nov. 9, 2017) (dismissing Alabama class claims as preempted by the statutory class action bar).

***Unjust Enrichment (Count XII).*** The New York and California unjust enrichment claims also fail because they are duplicative of the tort or statutory claims. *Brumfield v. Trader Joe's Co.*, 2018 WL 4168956, at *4-5 (S.D.N.Y. Aug. 30, 2018) (Schofield, J.); *Huu Nguyen v. Nissan N. Am., Inc.*, 2017 WL 1330602, at *3-4 (N.D. Cal. Apr. 11, 2017).

***Conversion (Count XIII).*** Plaintiffs cannot state a claim for conversion under New York, Ohio, Alabama, or Texas law because conversion only applies to money when the funds are designated for a particular purpose or are specifically identifiable and earmarked funds, rather than general funds in plaintiff's bank account.[4] Courts applying California and Washington D.C. law have dismissed conversion claims based on unauthorized charges or overcharges to credit cards.[5]

***Injunctive Relief.*** Plaintiffs' conclusory allegations of future harm do not survive Rule 8 pleading standards. (SAC ¶¶ 116, 127, 137, 148, 159, 170, 181, 192.) Further, courts reject injunctive relief claims where, as here, "Plaintiffs are now aware of the alleged misrepresentations that they challenge, so there is no danger that they will again be deceived from them." *Elkind v. Revlon Consumer Prods. Corp.*, 2015 WL 2344134, at *3 (E.D.N.Y. May 14, 2015). Finally, Plaintiffs also allege they will not use Noom unless they "gain some confidence in Noom's representations." (SAC ¶116.) This allegation deprives them of "standing to seek injunctive relief because [they] ha[ve] not demonstrated a real or immediate threat of injury." *Holve v. McCormick & Co., Inc.*, 334 F. Supp. 3d 535, 552 (W.D.N.Y. 2018)

Noom regrets that it is unable to reach agreement with Plaintiffs regarding a reasonable briefing schedule. Plaintiffs insist on six weeks to prepare their opposition, which is simply not reasonable given that Noom's motion will be substantially similar to its prior motion, (ECF 61), Plaintiffs have already received two extensions in connection with the SAC (ECF Nos. 68; Oct. 26. Hr'g Tr. at 110:21-111:3), and their proposal contemplates briefing months after the close of fact discovery. Meanwhile, Noom continues to incur enormous costs in defending claims that it has been trying to dismiss ***since July***. Noom thus proposes the following briefing schedule:

---

[4] *Beardmore v. Jacobsen*, 131 F. Supp. 3d 656, 668 (S.D. Tex. 2015); *Camp v. Ala. Telco Credit Union*, 2013 WL 2106727, at *4 (N.D. Ala. May 13, 2013); *Gascho v. Global Fitness Holdings, LLC*, 863 F. Supp. 2d 677, 700 (S.D. Ohio 2012); *Wornow v. Register.Com, Inc.*, 778 N.Y.S.2d 25, 26 (App. Div. 2004).

[5] *Headfirst Baseball LLC v. Elwood,* 168 F. Supp. 3d 236, 252 (D.D.C. 2016); *Worldwide Travel, Inc. v. Travelmate US, Inc.*, 2015 WL 1013704, at *10 (S.D. Cal. Mar. 9, 2015).

# Cooley

Honorable Lorna G. Schofield
November 19, 2020
Page Four

- Noom's opening brief will be due on December 22, 2020;

- Plaintiffs' opposing brief will be due on January 19, 2021; and

- Noom's reply brief will be due on February 2, 2021.

Respectfully submitted,

*/s/ Aarti Reddy*

Aarti Reddy

238196890 v3