# Wittels McInturff Palikovic

December 1, 2020

**Via ECF**
Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Nichols, et al., v. Noom, Inc., et al.*, No. 20 Civ. 3677 (LGS) (KHP)

Dear Judge Schofield,

> The parties shall attend a telephonic conference on **December 17, 2020, at 10:30 A.M.** to discuss Defendants' request to file a motion to dismiss and Plaintiffs' request to implement a "bellwether" process. The parties shall call (888) 363-4749 and use Access Code 558-3333. The time of the conference is approximate, but the parties shall be ready to proceed at that time.
>
> SO ORDERED.   Dated: December 2, 2020   New York, New York
>
> *[signature]*
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

On behalf of Plaintiffs and the proposed Class, we write in response to the letter ("Defs. Ltr.") of Defendants Noom, Inc. and Artem Petakov ("Noom"), regarding their anticipated motion to dismiss the Second Amended Complaint ("SAC").

This class action stems from Noom's use of deceptive automatic enrollment to trap consumers into paying costly recurring membership fees for a weight loss app they neither want nor use. Plaintiffs' well-pleaded SAC sets forth 13 causes of action and details the precise ways in which Noom's conduct misled Plaintiffs and thousands of other consumers. Indeed, in mid-August 2020 the Better Business Bureau echoed this case and warned that Noom's "customers have submitted well over a thousand complaints alleging that the company offers misleading free trials, and that subscriptions are difficult to cancel."[1] But just as Noom has refused "to address the underlying cause" of customers' complaints, *id.*, it is now seeking to hold on to consumers' hard-earned money through a scattershot nine-part dismissal motion. As shown below, the SAC is a detailed, sound pleading and Noom's arguments lack substance or are better suited to a later stage of the case. The Court should dissuade Noom from filing its blunderbuss motion, particularly as Plaintiffs are seeking the use of a "bellwether" process that would streamline the issues presented by this case, *see* Pls. Ltr. Requesting Pre-Mot. Conf., ECF No. 110.

**The SAC Satisfies Rule 9(b).** It is odd that Noom claims the SAC—a detailed, 328-paragraph pleading—fails to satisfy Rule 9(b) given that the "purpose of Rule 9(b) is not to create a heavy burden for plaintiffs, but rather, to allow defendants to identify **their alleged role** and acts in the fraud to appropriately respond to the complaint." *Allstate Ins. Co. v. Ahmed Halima*, 2009 WL 750199, at *5 (E.D.N.Y. Mar. 19, 2009) (emphasis added and citation omitted). The SAC identifies Noom's misrepresentations and omissions (SAC ¶¶ 13–19), the deceptive claims on Noom's website (*id.* ¶¶ 41–44), the misleading aspects of its enrollment process (*id.* ¶¶ 45–66); explains how Noom makes it difficult for consumers to cancel (*id.* ¶¶ 67–77); and describes the seven red flags demonstrating Noom's intent to deceive (*id.* ¶¶ 78–105). This puts to rest Noom's claim that the SAC is "short on substance," Defs. Ltr. 1. *See Delgado v. Ocwen Loan*

---

[1] BBB Warning: Consumers Lose More than Weight with Popular Noom Health App (Aug. 19, 2020), https://www.bbb.org/article/news-releases/22930-bbb-warning-consumers-lose-more-than-weight-with-popular-noom-health-app (last visited Dec. 1, 2020).

*Servicing, LLC*, 2014 WL 4773991, at *18–19 (E.D.N.Y. Sept. 24, 2014) ("Even a cursory glance at the 187-paragraph FAC reveals that Plaintiffs' claims are more than generalized allegations").[2]  Plaintiffs have detailed the uniform web of misrepresentations and omissions seen by each Plaintiff—and, indeed, every consumer enrolled in its trial program—and identified how each subsequently became ensnared in an unwanted multi-month subscription as a result. Plaintiffs may permissibly rely on the SAC's allegations about Noom's overarching enrollment scheme to plead their respective cases.  Noom's claim to the contrary is incorrect.[3]

**Plaintiffs Adequately Plead Claims Against Defendant Petakov.**  Noom's claim that the SAC's allegations about Defendant Petakov's conduct fail both Rule 9(b) and Rule 8's pleading requirements plainly ignores the substance and import of the SAC's allegations.  Rather than failing to specify the role he played in Noom's deceptive claims, Plaintiffs detail the role that Defendant Petakov, the Co-Founder and President of Noom, Inc., and head of its "Growth" team (SAC ¶ 37) played at Noom, alleging that he weaponized his knowledge of human psychology to knowingly devise a deceptive—and lucrative—marketing and trial enrollment scheme (SAC ¶¶ 4–10) and that he personally sought to protect and prolong that scheme even in the face of rising public reproach and multiple red flags demonstrating deceptiveness (SAC ¶¶ 79–105).  These allegations are more than sufficient to meet Plaintiffs' burden at this stage and Noom's sole case citation does not counsel otherwise.  *See Hunt v. Enzo Biochem, Inc.*, 471 F. Supp. 2d 390, 408 (S.D.N.Y. 2006) (dismissing claims against select individuals because the "only specific allegations" tying them to a pump-and-dump scheme were "that they sold their shares").

**Plaintiffs' FAL Violation Is Properly Stated.**  Noom misses the mark when it claims that Plaintiffs' FAL claim must be dismissed "[b]ecause there is no private cause of action under the ARL," and Noom's own case illustrates why.  Defs. Ltr. at 2 (quoting *Johnson v. Pluralsight, LLC*, 728 F. App'x 674, 677 (9th Cir. 2018)).  In *Johnson*, the Ninth Circuit expressly observed the California "legislature's intent to permit plaintiffs to pursue [equitable relief] under [the FAL] for violations of the ARL."  *Id.* at 676.  This is precisely what Plaintiffs seek here.

**Plaintiffs Adequately Plead a California Bot Disclosure Law Claim.**  Noom used bots to communicate with Plaintiffs (SAC ¶¶ 17, 69), it did so to sell its services (*id.* ¶¶ 99–105), and without disclosing the bots' use (*id.* ¶¶ 15, 69, 102, 104).  That is what the Bot Law requires and that is what is pleaded.  Cal. Bus. & Prof. Code § 17941(a).  Noom's half-hearted argument to the contrary is unavailing, particularly when that very argument acknowledges Noom's use of a bot in the program marketed to and used by all Plaintiffs.  *See* Defs. Ltr. 2.

**The CLRA Applies to Noom's Weight-Loss Program.**  Noom is wrong to argue that its weight loss service is not a CLRA-covered "service."  Noom does not sell software, it sells "customized" weight-loss plans with "personalized coaching" from "real, live people!"  SAC ¶¶

---

[2] Noom also incorrectly claims that Plaintiffs may not allege "upon information and belief" that the relevant representations in the sign-up were in all material respects the same as those seen by other Plaintiffs.  Defs. Ltr. at 2. Allegations based upon information and belief are permissible if they set forth specific facts upon which the belief is reasonably based, as is the case here.  *See Hollander v. Ortho-McNeil-Janssen Pharm., Inc.*, 2010 WL 4159265, at *4 (E.D. Pa. Oct. 21, 2010) (citation omitted).

[3] *See Delgado*, 2014 WL 4773991, at *19 (finding Rule 9(b) satisfied where fraud allegations applicable to all plaintiffs; each plaintiff not required to repeat every misrepresentation already alleged).

44, 55, 102.  That Noom provides a service via an app does not put it outside the CLRA's reach.[4]

**ADTPA Claims May Be Brought as a Class Action.**  As the Eleventh Circuit made clear in *Lisk v. Lumber One Wood Preserving, LLC*, 792 F.3d 1331 (11th Cir. 2015), ADTPA claims can be pursued on a class-wide basis.

**It Is Premature to Dismiss the Unjust Enrichment Claim.**  In its unjust enrichment argument, Noom ignores Rule 8's alternative pleading regime and fails to appreciate that plaintiffs are given "wide latitude" in framing their right to recover.  *See Bridgeway Corp. v. Citibank, N.A.*, 132 F. Supp. 2d 297, 305 (S.D.N.Y. 2001).

**The Conversion Claim Should be Sustained.**  The SAC adequately pleads conversion on behalf of each individual state class.  *See, e.g.*, *Simington v. Lease Fin. Group, LLC*, 2012 WL 651130, at *12 (S.D.N.Y. Feb. 28, 2012) (withdrawals from plaintiff's personal bank account); *Welco Elecs., Inc. v. Mora*, 166 Cal. Rptr. 3d 877, 884–86 (Cal. App. 2d Dist. 2014) (unauthorized credit card charges); *In re Auerbach*, 2015 WL 6601776, at *6–7 (Bankr. N.D. Ohio Oct. 29, 2015) (conversion found where party drew money from account "without the necessary permission or authority at the moment the charge was made").

**Plaintiffs Can Enjoin Noom's Deceptive Practices.**  Noom recognizes that Plaintiffs plead a desire to purchase weight-loss plans from Noom, as well as other companies, in the future.  Defs. Ltr. at 3.  This confers standing to seek injunctive relief.  *See Petrosino v. Stearn's Products, Inc.*, 2018 WL 1614349, at *5 (S.D.N.Y. Mar. 30, 2018) (injunctive relief allowed when plaintiffs "assert that they will purchase a product in the future if the ingredients are changed so that the product is not mislabeled").[5]  Noom's cases do not hold otherwise.[6]

Despite several attempts at compromise, the parties remain at an impasse regarding the briefing schedule.  Defendants' schedule allows Defendants almost two months from the filing of the SAC to file their dismissal motion, but permits Plaintiffs only four weeks to oppose and results in Plaintiffs' opposition briefing period coinciding with the holiday season.  Plaintiffs advised Defendants that starting the briefing so late would mean that Plaintiffs' briefing period would coincide with three federal holidays, our firm's holiday office closures as well as multiple previously scheduled attorney absences.  Plaintiffs therefore proposed the schedule below, which includes a briefing period only two weeks longer than that proposed by Defendants:

---

[4] Noom's cited case does not hold otherwise, as it concerns the sale or license of *software itself*.  *See In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 988 F. Supp. 2d 434, 451 (D. Del. 2013) (Google software browser).

[5] *See also Delgado*, 2014 WL 4773991, at *14 (S.D.N.Y. Sept. 24, 2014) (noting that a "[f]inding that [p]laintiffs have no federal standing to enjoin a deceptive practice once they become aware of the scheme would 'eviscerate the intent of the California legislature in creating consumer protection statutes'") (internal citation omitted).

[6] *See Holve v. McCormick & Co., Inc.*, 334 F. Supp. 3d 535, 552 n.10 (W.D.N.Y. 2018) (no future harm because plaintiff alleged it would only purchase the product from defendant and only if it was not misbranded and observing multiple instances of courts in this Circuit finding injunctive standing where plaintiffs allege desire to use products in the future); *Elkind v. Revlon Consumer Prods. Corp.*, 2015 WL 2344134, at *3 (E.D.N.Y. May 14, 2015) (no injunctive standing because plaintiffs "have not alleged any likelihood of continuing or future harm").

|  |  |
|---|---|
| Defendant's Dismissal Motion: | **December 22, 2020** |
| Plaintiffs' Opposition Brief: | **February 2, 2021** |
| Defendant's Reply Brief: | **February 16, 2021** |

                                                Respectfully submitted,

                                                /s/ Tiasha Palikovic
                                                  Tiasha Palikovic

cc:     All counsel of record (via ECF)

18 Half Mile Road, Armonk, NY 10504 | +1 646 266 2630 | tpalikovic@wittelslaw.com  | www.wittelslaw.com