UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOJO NICHOLS, SUSAN BREWSTER,
DUANE DEA, MARYANNE DERACLEO,
KAREN KELLY, REBECCA RICHARDS,
JENNIFER SELLERS, and STACY SPENCER,

*Individually and on Behalf of All Others Similarly Situated*,

Plaintiffs,

v.

NOOM, INC., ARTEM PETAKOV, and
JOHN DOES 1 to 5

Defendants.

No. 20 Civ. 3677 (LGS) (KHP)

**INFORMAL DISCOVERY ORDER**

The Court having considered the positions of the parties, IT IS HEREBY ORDERED that Plaintiffs and Defendants will conduct all informal discovery in this matter according to the following protocol:

1. Any subpoenas issued in this matter shall be in compliance with the notice requirements set forth in Federal Rule of Civil Procedure Rule 45.

2. Plaintiffs may conduct informal discovery with former Noom employees and independent contractors whose contract has expired ("Former Employees") who are not represented by counsel.

3. All witnesses who are represented by counsel shall be contacted solely through counsel.

4. All parties are free to interview any Former Employee who is not represented by counsel, provided that the requesting party does not exert undue influence on the Former Employee and advises the Former Employee prior to any substantive communication that:

a) the requesting party is an attorney in this lawsuit, and specifies which party they represent;

b) the Former Employee is under no obligation to speak with counsel and that any conversations are voluntary;

c) the Former Employee should not disclose any Confidential or Privileged Information (as those terms are defined in this Order); and

d) the Former Employee is free to seek representation of counsel.

5. Any initial outreach for a Former Employee shall substantially be in the form of Exhibit A.

6. The term "Privileged Information" means any attorney-client privileged communication between the Former Employee and Noom's attorneys or materials prepared in anticipation of litigation during the employee's employment with Noom.

7. The term "Confidential Information" means information about Noom that is not generally known or available to the public and is used by Noom directly for business, provides Noom with an economic advantage, and that Noom takes reasonable efforts to protect from public disclosure. Some employees may have a confidentiality agreement with Noom. Nothing in this Order shall be deemed to enlarge or diminish the employee's or Noom's rights and obligations under such agreements.

8. Should any Former Employee inadvertently disclose Privileged or Confidential Information as defined in this Order, the information shall automatically be deemed protected by the parties' Protective Order, and if Plaintiffs intend to use the information, they shall promptly notify Noom of the inadvertent disclosure.

9. Noom has agreed not to and shall not solicit representation of Former Employees for the purpose of preventing Plaintiffs from obtaining informal discovery from

3

those employees.

10. Compliance with this Order is consistent with Noom's employee Confidentiality Agreement, and informal discovery conducted consistent with this Order shall not constitute a violation of the Confidentiality Agreement by any Former Employee.

**SO ORDERED**

Dated: December 14, 2020

*Katharine H Parker*

The Hon. Hon. Katharine H. Parker United States Magistrate Judge

**<u>Exhibit A</u>**

Dear [former employee],

I am an attorney for [Plaintiffs/Defendant] in the matter entitled *Nichols v. Noom, Inc.* Your name has come up in the course of discovery for this matter, and we would like to speak with you regarding your work at Noom.

You should know that you are under no obligation to speak with us, and that you are entitled to consult with an attorney before speaking with us. Your agreement to participate in any interview is voluntary. If you decide to speak with us, you should also know that you may not reveal any confidential or privileged information that you learned through your employment at Noom. Confidential information generally is information that is not known or available to the public and is used by Noom directly for business, provides Noom with an economic advantage, and that Noom takes reasonable efforts to protect from public disclosure, such as through confidentiality agreements. Privileged information means any communication between you and Noom's in-house or outside lawyers, or any work that you did in anticipation of litigation at Noom.

Please let us know if you consent to an interview.