# Cooley

Aarti Reddy  
T: +1 415 693 2103  
areddy@cooley.com

VIA CM/ECF

January 7, 2021

The Hon. Katharine H. Parker  
United States District Court for the Southern District of New York  
Daniel Patrick Moynihan Courthouse  
500 Pearl Street  
New York, NY 10007

Re:   Nichols et al. v. Noom et al., No 20-3677 (LGS) (KHP), Noom's Discovery Letter.

Dear Judge Parker:

On behalf of Defendants Noom, Inc. and Artem Petakov ("Noom"), we write to outline the agenda and discovery issues they wish to address at the January 12, 2021 conference. Defendants sincerely apologize that this filing is unilateral. Plaintiffs have refused to share their joint position statement in advance of the filing deadline, thus prompting yet another dispute unrelated to resolution of the claims and defenses in this matter.

Earlier this week, Noom reiterated its request from last month that the parties exchange position statements sufficiently in advance of the filing deadline—this time requesting the parties exchange their proposals on Wednesday morning. (*See* Exhibit A at 5.) Plaintiffs refused and, as with prior filings, have insisted on strategically withholding their position statement until hours before the filing deadline. (*Id*.) As Noom has explained to Plaintiffs, this approach prejudices Noom: defense counsel does not know in advance what issues Plaintiffs intend to raise in their filing, and undersigned counsel cannot consult with our client and prepare a meaningful response to a dozen discovery disputes after close of business hours. (*Id*. at 4.) Despite Plaintiffs' refusal to cooperate, Noom provided its positions on Wednesday morning anyways. (*Id*. at 2.) Plaintiffs have still refused to exchange in a timely fashion, and as of this filing, have refused to share their positions. (*Id*. at 1-2.) As such, Noom files unilaterally. Noom regrets involving the Court in this matter, but to avoid this result in the future and spare its staff from yet another midnight filing, Noom requests an order that the parties must exchange positions for joint filings 48 hours before they are due.

**Noom's Update on Discovery & Discovery Issues.**

Over the last several weeks, Plaintiffs have continued to initiate various roadblocks designed to harass Noom, escalate litigation costs, and delay efficient resolution of the claims. First, Plaintiffs filed a highly unusual (and unsuccessful) request for a "bellwether" proceeding to sever resolution of the underlying claims in a piecemeal fashion—a process almost exclusively reserved for MDL and mass tort actions. (ECF Nos. 110, 117.) Second, Plaintiffs unsuccessfully opposed Noom's leave to file a motion to dismiss, but now seek to further delay resolution of that motion by amending their complaint for *a third time in six months*. (12/17/20 Tr. at 18.) Third, Plaintiffs

# Cooley

Hon. Katharine H. Parker
January 7, 2021
Page Two

have also indicated their intent to file a parallel lawsuit against Noom in New York state court asserting the *exact same claims* at issue in the federal action. (1/5/21 email from B. McInturff).

Despite Plaintiffs' delay tactics, Noom has endeavored to make progress. Since the last discovery conference, Noom has: (1) completed responses to Plaintiffs' RFP chart and agreed to produce 33 categories of documents; (2) begun producing documents consistent with these commitments, thus far producing 58,892 documents, including significant additional revenue, subscriber and usage data at Plaintiffs' request; (3) designated ten custodians, including two custodians specifically requested by Plaintiffs; (4) completed its Google Drive, Gmail and Slack collections; (5) updated its ESI repository; (6) made two data scientists available for depositions.

To date, Plaintiffs have produced a total of about 104 documents, including only *5 documents* in the last three months. Even though the parties have invested over 100 hours negotiating an ESI protocol, Plaintiffs' productions are not remotely compliant with that protocol—for example, not a single document Plaintiffs have produced contains any metadata.

***Renewed Request for a Protective Order on ESI Issues & Plaintiffs' RFPs.*** Noom respectfully requests that the Court review its motion for two protective orders, as set forth in its most recent discovery letter. (ECF No. 120.) Noom will not reiterate its arguments here, but wishes to emphasize that to date, Noom has spent over 600 hundred hours on ESI planning issues and that Plaintiffs' ceaseless and unsuccessful motion practice—including a 100+ page chart of their RFP disputes and 15 additional multi-part disputes in their last conference statement alone—is unsustainable and has delayed progress in discovery. Noom is confident that with the appropriate discovery limitations, the parties can conclude fact discovery by mid-March 2021.[1]

***Request for Metadata in Plaintiffs' Productions.*** Plaintiffs have attempted to micromanage every aspect of Noom's collection and production processes, down to the software used and esoteric metadata fields not typically produced in litigation, nominally to ensure that collections are exhaustive and no metadata is compromised in any way. Yet Plaintiffs' own productions consist of emails named Plaintiffs appear to have self-selected and then *forwarded* to Plaintiffs' counsel, who subsequently converted those files to PDFs that retain no relevant metadata and produced with incomplete BATES stamping in the file name. *See, e.g.*, 00120-22; 124-25; 126-27. This remarkable hypocrisy shows that Plaintiffs' supposed interest in a hyper-transparent discovery process are feigned and intended only to make Noom incur costs that Plaintiffs themselves wish to avoid. Noom respectfully requests that the Court order Plaintiffs to stop producing documents

---

[1] Specifically, Noom seeks an order: (1) issuing Noom's proposed ESI protocol; (2) limiting Plaintiffs to raising further ESI disputes and seeking discovery-on-discovery only where they have identified a clear deficiency in Noom's production; (3) precluding Plaintiffs from re-litigating settled ESI disputes absent good cause; (4) rejecting Plaintiffs' demand that Noom search its entire Slack and Google Drive systems; (5) limiting Plaintiffs' further requests for factual information to Interrogatories; (6) reminding the parties that they may be subject to fee sanctions for raising disputes that are unsupported by authority or based on factual misrepresentations; (7) issuing a protective Order as to RFP Nos. 6-8, 13, 28, 31, 42, 46, and 49.

# Cooley

Hon. Katharine H. Parker
January 7, 2021
Page Three

in this obviously deficient manner and reproduce its past productions with the metadata the parties long ago agreed to provide (and which Noom has provided with each of its productions since).

***Motion to Compel Response to Rule 45 Subpoena on Alleged "Whistleblower" Ian Meyer.*** Plaintiffs cite their declaration of Ian Meyer, a former Noom employee, in virtually every filing they make, and Mr. Meyer appears to be their star fact witness. (*See*, *e.g.*, ECF 110 at 1-2, ECF 115-2.) Accordingly, on October 2, 2020, Noom served a Rule 45 subpoena, propounding ten tailored categories of documents relevant to Plaintiffs' allegations, including Mr. Meyer's biases and knowledge of Noom's internal business. (Ex. 2.) After Plaintiffs secured multiple extensions, the parties finally met and conferred on December 4, 2020 and Noom agreed to revise its requests and withdraw one, under the impression that Plaintiffs would then produce without further delay. But Plaintiffs' counsel have stood on obstructionist objections and confirmed that the entirety of their production is limited to *a single document*.

As an example, Noom sought communications "relating to [Mr. Meyer's] departure from Noom." As Noom explained, if Mr. Meyer sent texts or emails complaining about his treatment, or characterizing the circumstances of his departure, these are clearly relevant to assessing his biases and reliability a primary fact witness. Nonetheless, Plaintiffs' counsel stand on boilerplate objections and refuse to produce any documents (but do not state that no such documents exist).

Plaintiffs' counsel are also withholding responsive documents as privileged, without any explanation of the privilege or even the most basic description of the information withheld. This alone violates Rule 45(e)(2)(A), which requires "[a] person withholding subpoenaed information under a claim that it is privileged" to "expressly make the claim" and "describe the nature of the withheld documents." This is problematic because the claimed privilege is highly suspect. Plaintiffs' counsel explained they represent Mr. Meyer in connection with the subpoena, but argue even communications that *pre-date* the subpoena are protected. Plaintiffs' counsel provide no rationale for how communications with a fact witness are privileged—and, after repeated questioning, *refuse to say* when their attorney-client relationship was formed. As such, Noom requests an order that Mr. Meyer promptly produce documents in connection with each of the requests outstanding; and that Plaintiffs' counsel (1) Plaintiffs' counsel state the basis for withholding communications with Mr. Meyer as privileged; (2) explain how any privilege was not waived when Plaintiffs extensively relied on, and cited, information from Mr. Meyer in their complaints and filings; and (3) log any supposedly privileged communications with Mr. Meyer.

***Plaintiffs' Amended Complaint and Issues in Plaintiffs' Forthcoming Letter.*** For the reasons explained above, Noom is unaware of the issues that Plaintiffs intend to raise in their letter but will come prepared to the January 12 conference to discuss them. Noom notes that Plaintiffs sent a *half-completed* third amended complaint after close of business hours yesterday. If Plaintiffs seek leave to amend their complaint in their filing, Noom respectfully requests an opportunity to review a draft of the actual proposed complaint and, if appropriate, oppose in writing.

# Cooley

Hon. Katharine H. Parker
January 7, 2021
Page Four

Sincerely,

*/s/* Aarti Reddy
Aarti Reddy

*Counsel for Defendant Noom, Inc.and Artem Petakov*