**EXHIBIT 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOJO NICHOLS, SUSAN BREWSTER, DUANE DEA, MARYANNE DERACLEO, KAREN KELLY, REBECCA RICHARDS, JENNIFER SELLERS, and STACY SPENCER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> NOOM, INC., ARTEM PETAKOV, and JOHN DOES 1 to 5 <br><br> Defendants. | No. 20 Civ. 3677 (LGS) (KHP) |

**NON-PARTY IAN MEYER'S RESPONSES AND OBJECTIONS TO DEFENDANT NOOM, INC.'S THIRD-PARTY SUBPOENA AS AMENDED**

Respondent non-party Ian Meyer ("Respondent") hereby responds and objects to Defendant Noom, Inc.'s Subpoena for Documents to Ian Meyer, dated October 16, 2020 ("Requests"), as amended December 8, 2020.

Except for facts expressly admitted herein, if any, no implied admissions are intended by Respondent's responses and objections. The fact that Respondent has answered or objected to any Request or part thereof should not be construed to be an admission that Respondent accepts or admits the existence of any responsive documents or fact set forth or assumed by such Requests or that such response or objection constitutes admissible evidence. None of Respondent's responses are to be construed by any party to this action as an admission that any definition, phrasing, assumption, or characterization of fact set forth in the Responses is either factually correct or legally binding upon Respondent. Respondent reserves the right to object to the introduction into evidence of any of the information provided in response to the Requests.

1

Respondent's search for documents is limited to the extent the information sought is protected by the attorney-client privilege and work product doctrine. The assertion of these privileges includes, without limitation, information requested which relates to or concerns mental impressions, conclusions, opinions, or legal theories of an attorney or representative of Respondent concerning the litigation. Inadvertent disclosure of privileged documents or information is not intended to be, and may not be construed as, a waiver of any applicable privilege or other reason for non-production.

## GENERAL OBJECTIONS

Respondent objects to the Requests, including the Instructions set forth therein, to the extent they attempt to impose upon Respondent any discovery obligations greater than or different from those under the Federal Rules of Civil Procedure, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, or any order of the Court. Further, Respondent objects to all requests to the extent they seek documents that are within Defendants' care, custody or control.

**Document Request No. 1:**
All documents and communications relating to Your role at Noom, Inc. ("Noom").
**Response:**

Respondent objects as this Request is grossly overbroad and seeks information that is plainly irrelevant to the individual and class action claims brought by the Nichols Plaintiffs against Noom in this consumer fraud class action. The request is also vague and an impermissible fishing expedition. The request fails to comply with Fed. R. Civ. P. 26(b)(1) which limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . "

2

**Document Request No. 2:**

All documents and communications relating to Your job performance at Noom.

**Response:**

Respondent objects as this Request is grossly overbroad and seeks information that is plainly irrelevant to the individual and class action claims brought by the Nichols Plaintiffs against Noom in this consumer fraud class action. The request is also vague and an impermissible fishing expedition. The request fails to comply with Fed. R. Civ. P. 26(b)(1) which limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . "

**Document Request No. 3:**

All documents and communications relating to Your departure from Noom.

**Response:**

Respondent objects as this Request is grossly overbroad and seeks information that is plainly irrelevant to the individual and class action claims brought by the Nichols Plaintiffs against Noom in this consumer fraud class action. The request is also vague and an impermissible fishing expedition. The request fails to comply with Fed. R. Civ. P. 26(b)(1) which limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . "

**Document Request No. 4:**

All documents and communications relating to the law firm Wittels, McInturff, Palikovic.

**Response:**

Respondent objects to this Request on the grounds that it requests documents that are

3

covered by the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving the foregoing objections, *see* Document Nos. Meyer_001 – 003.

**Document Request No. 5:**

All documents and communications relating to Your knowledge of Noom's motives regarding the conduct challenged in this lawsuit.

**Response:**

Respondent objects to this Request on the grounds that it requests documents that are covered by the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving the foregoing objections, *see* Document Nos. Meyer_002 – 003 and the Meyer Declaration dated September 30, 2020, previously produced.

**Document Request No. 6:**

All documents and communications regarding the Complaint, (ECF No. 1, attached as Exhibit B), First Amended Complaint, (ECF No. 23, attached as Exhibit C), or Second Amended Complaint, (ECF No. 88, attached as Exhibit D), in this action.

**Response:**

Respondent objects to this Request on the grounds that it requests documents that are covered by the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving the foregoing objections, *see* Document Nos. Meyer_002 – 003 and the Meyer Declaration dated September 30, 2020, previously produced.

**Document Request No. 7:**

All documents and communications relating to Your employment agreements, (attached as Exhibit E), with Noom.

**Response:**

Respondent objects as this Request is grossly overbroad and seeks information that is plainly irrelevant to the individual and class action claims brought by the Nichols Plaintiffs against Noom in this consumer fraud class action. The request is also vague and an impermissible fishing expedition. The request fails to comply with Fed. R. Civ. P. 26(b)(1) which limits discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . "

**Document Request No. 8:**

All documents and communications concerning any incentive award or payment You have or may receive based on Your participation in this lawsuit.

**Response:**

None.

**Document Request No. 9:**

All documents and communications relating to the Declaration of Ian Meyer, dated September 30, 2020.

**Response:**

Respondent objects to this Request on the grounds that it requests documents that are covered by the attorney-client privilege and/or the work product doctrine. Subject to the foregoing objection: None.

5

Date: December 15, 2020 /s/ Richard B. Friedman
Richard B. Friedman
Richard Friedman PLLC
200 Park Avenue, Suite 1700
New York, New York   10166
rfriedman@RichardFriedmanLaw.com
212.600.9539

/s/ Steven L. Wittels
Steven L. Wittels
Wittels McInturff Palikovic
18 Half Mile Road
Armonk, New York 10504
slw@wittelslaw.com
914.319.9945

*Counsel for Ian Meyer*

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing was served via electronic mail this 15th day of December 2020 upon all counsel of record.

                                                /s/  Richard B. Friedman

                                                Richard Friedman PLLC
                                                200 Park Avenue, Suite 1700
                                                New York, New York   10166
                                                rfriedman@RichardFriedmanlaw.com
                                                212.600.9539