

January 7, 2021

**Via ECF**
Honorable Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Nichols, et al. v. Noom, Inc., et al.*, No. 20 Civ. 3677 (LGS) (KHP)

Dear Judge Parker:

On behalf of Plaintiffs and the proposed Class, we write to outline the agenda and discovery issues Plaintiffs wish to raise at the January 12, 2021 telephone conference.

### I.   Plaintiffs' Report on Discovery Since the Parties' December 7 Joint Letter.

*First*, on December 18 the parties' held a third mediation before mediator Hon. Edward Infante (Ret.). While settlement was not reached, Plaintiffs continue their discussions with the mediator.

*Second*, at the December 17 conference Judge Schofield quickly rejected Defendants' attempt to upend Your Honor's scheduling orders and impose a premature deadline for class certification motion practice. Hr'g Tr. at 6:9–7:1. Thereafter, Plaintiffs pressed for a bellwether process to streamline discovery and motion practice, however, the Court felt that although Plaintiffs had brought certain nationwide allegations, the Complaint did not fully spell out consumer fraud claims beyond six states. *Id. at* 7:6-14. Thus the Court denied Plaintiffs' request *without prejudice* and advised that Plaintiffs needed to seek leave from Your Honor to amend their complaint. *Id.* at 10:5–8, 11:12–13,12:6. Turning to Noom's anticipated dismissal motion Judge Schofield made clear that this case would survive, that Noom would at best "whittle away at this or that in the complaint" and the Court was "not sure what efficiencies are gained by doing [dismissal motions] now." *Id.* at 12:21–25. Undeterred, Defendants still seek to trim the margins of this case and the Court stayed briefing until Your Honor rules on Plaintiffs' amendment request. *Id.* at 19:24–20:4.

*Third*, despite Plaintiffs' efforts to work productively on discovery, Noom remains fixated on delay and small-minded disputes. For example, Noom refuses to meet and confer and hasn't spoken with Plaintiffs about discovery since December 9. Defendants are also blocking informal discovery, even though Your Honor has repeatedly emphasized cooperation and efficiency.

Taken together, the outcome of Noom's tactics is both demonstrable and highly prejudicial to Plaintiffs. While Noom claims to have produced 58,892 documents, its production is far less substantive than Noom would have Your Honor believe. 98% of the production—including 18,947 pages produced today—are Noom advertisements.[1] Only 1,177 pages of Noom's productions since discovery started in July contain anything other than Noom advertisements, and a further subset of those pages consists of Noom's public sign up and payment process.

---

[1] Noom produced an additional 437 pages later this afternoon, which Plaintiffs have not had time to review.

By focusing on public documents, in particular, advertisements, to the exclusion of the other categories of documents that are critical to this nationwide consumer fraud litigation Noom has ground discovery to a halt.  Indeed, while Noom touts the limited discovery it has agreed to produce, including customer complaints, refund requests, subscription acknowledgement emails, renewal emails, and marketing emails, *none of these documents have been produced*.  Plaintiffs have yet to receive any email, Slack, chat, or other correspondence between the key players.  Furthermore, Noom is also blocking discovery of numerous categories of critical documents, including its internal deliberations regarding the deceptiveness, ethics, or legality of the conduct challenged here, documents related to Noom's analysis of the financial impact of its conduct, and documents regarding the Better Business Bureau's warning about Noom's practices.

Similarly, while Noom sidesteps important discovery, it is more than willing to engage in make-work.  For example, this week Noom began demanding that Plaintiffs re-collect and reproduce the three emails attached hereto as **Ex. 1** that are entirely consistent with Rule 26.  Produced to Noom *__more than three months ago__*, these emails include spam from healthline.com, a Noom receipt, and a receipt from PayPal showing a Plaintiff's proof of payment.  *Id.*  Willfully ignoring the parties' prior agreement that Plaintiffs' documents would be collected via a short-cut method, without identifying any deficiency, Noom now demands that the emails be reproduced in a different format.  Noom's position ignores Rule 26(b)(1)'s proportionality standard.

***Fourth***, dissatisfied with their former employee Ian Meyer's responses and objections to Noom's wildly overbroad subpoena, Defendants advised us *__just yesterday__* that they are trying to end-run Your Honor's recent Informal Discovery Order (ECF No. 123) which protects former employees like Mr. Meyer against accusations of violating confidentiality when they adhere to the Court's guidelines.  Despite his full compliance with the Court's mandate that "the Former Employee should not disclose any Confidential or Privileged Information" (*id.*, No. 4c), Noom continues to threaten Mr. Meyer for having provided a non-confidential declaration supporting Plaintiffs' allegations.  Plaintiffs have repeatedly cited Mr. Meyer's September 30 declaration in public filings over the last three months yet Noom has *__never__* claimed that the declaration's contents or the excerpts we filed contain Confidential or Privileged Information.  Instead, using the cover of its abusive subpoena Noom claimed yet again yesterday that his "participation in this litigation to date is in clear violation of his confidentiality agreement with Noom."  Yet the Court preempted such conjecture, since "informal discovery conducted consistent with this Order shall not constitute a violation of the Confidentiality Agreement by any Former Employee."  *Id.*, No. 10.

As the Court is aware, Plaintiffs conducted their informal discovery with Mr. Meyer and other former Noom employees in strict compliance with Your Honor's Order.  Indeed, as Defendants know from the subpoena response, it was Mr. Meyer who reached out to our firm via an email entitled "Noom Deceptive Practices" and stated "I used to work at Noom until I left early last year [as] a result of my overall disillusionment over their increasingly sketchy subscription and billing practices. . . .  I was not surprised to see the news about the class action . . . ."

Mr. Meyer's response to the subpoena also makes clear that he did not rely upon any documents for his recollection of Noom's deceptive practices, and that he objects to Defendants' efforts to intimidate him with requests for documents that are irrelevant to this litigation and are simply fishing expeditions for Noom's threatened litigation.  What is really at work here is Defendants' willful disregard of Rule 26(b)(1)'s directive limiting discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Even the

example postulated by Defendants for documents related to Mr. Meyer's departure from Noom, which Noom well knows was voluntary, has no bearing on whether Noom's autorenewal scheme was deceptive and fraudulent.  In any event, even though Noom's demand is improper for the reasons stated in his objection, Mr. Meyer has no such documents.  Mr. Meyer has produced all responsive non-privileged documents and, until yesterday when counsel advised for the very first time that it would file a motion, Defendants **_never_** even attempted to meet and confer over any purported deficiencies, which is yet another reason to deny Noom's motion.  As for Defendants' complaint that Plaintiffs' counsel have not specified when the attorney-client relationship with Mr. Meyer formed, to cut off this sideshow, we hereby state that Mr. Meyer consulted our firm relative to providing legal advice for the first time on June 10, 2020.[2]

### II.   Plaintiffs' Additional Agenda Items that Have Arisen Since December 7.

1.  Plaintiffs' request to file their proposed amended complaint.  A redline showing the changes Plaintiffs seek to make to the operative complaint is attached hereto as **Ex. 3**.

2.  Plaintiffs' motion to modify the protective order, ECF No. 58, to allow Plaintiffs to use discovery from this case in their forthcoming state court injunctive actions.  Noom claims Plaintiffs lack standing to pursue injunctive relief because they are aware of Noom's scheme.  While we do not agree, if Noom is correct Plaintiffs are entitled spilt their claims and pursue damages claims in federal court while simultaneously seeking injunctions in state court.  In *Price v. L'Oreal USA, Inc.*, No. 17 Civ. 0614 (LGS), 2017 WL 4480887, at *6 (S.D.N.Y. Oct. 5, 2017) Judge Schofield joined the many other courts that have held "to the extent seeking injunctive relief is important to Plaintiffs to protect other would-be bargain seekers, they are free to pursue their claim in state court." *Marino v. Coach, Inc.*, 264 F. Supp. 3d 558, 566 (S.D.N.Y. 2017).  Accordingly, Plaintiffs request that Your Honor modify Paragraph 2 of the protective order as follows:

> The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action or any other action commenced by a party that involves the same transactions or occurrences that gave rise to the action.

3.  Plaintiffs request that the Court order the parties to meet and confer at least once a week and that their pre-conference letters be filed separately from now on.

4.  Plaintiffs' request for a conference to discuss the issues raised by Defendants' idiosyncratic interpretation of Court's December 10 ruling regarding documents attached to emails via hyperlink.  *See* the email chain attached hereto as **Ex. 4**.

5.  Noom's ongoing refusal produce any historical phone lists, phone trees, email lists or other documents showing employee reporting structure prior to October 2020.

---

[2] For the first time **_yesterday_**, Noom raised the issue of the timing of a privilege log for Mr. Meyer's December 15 subpoena responses.  If Noom had spoken with us before declaring its intent to raise this issue with Your Honor, we would have alerted Noom to the fact that (just like with the parties) the ongoing involvement of outside counsel necessitates a cutoff date for logging privileged communications.  Unfortunately, because Noom has refused to meet and confer with Plaintiffs to resolve the parties' outstanding disputes on their own privilege logs (Noom has yet to log a single withheld document), the issue of non-party privilege logs has not been resolved.

      Thank you for the Court's attention to this matter.

Respectfully submitted,

/s/ Steven L. Wittels
Steven L. Wittels

cc:  All counsel of record (via ECF)