# Exhibit 4

| | |
|---|---|
| **From:** | Reddy, Aarti |
| **To:** | Burkett McInturff; Steven Wittels; Tiasha Palikovic; Jessica L. Hunter; Steven D. Cohen; Susan J. Russell; Rhodes, Michael; Gutkin, Jeff; Low, Charlie; Bernstein, Max A.; Duncan, Kevin P; DeCicco, Rob |
| **Subject:** | RE: Noom - Emails with Embedded Links - Outstanding Issues |
| **Date:** | Wednesday, January 6, 2021 5:31:39 PM |
| **Attachments:** | |

Burkett,

I write in response to your December 24 email.

As we have previously explained, Noom is collecting Google drive documents by entering individual custodian account names into Vault, not selecting the option to include results from shared drives, and downloading the results.  We believe that this collection reflects documents owned, created or edited by the Custodian or shared with the Custodian during the Relevant period.  We are also collecting from shared drives previously disclosed to you.

Per Judge Parker's order, "hyperlinks in emails are not attachments." ECF No. 122.  "To the extent there is a specific document with a hyperlink that is material to a claim or defense" we are willing to entertain a request for production of the linked version of that document on a case by case basis. *Id.*

To the extent you have general questions about the architecture of Google Suite, we encourage you to discuss those issues with your ESI consultant.

Are Plaintiffs requesting credentials to access Noom's proprietary Google Vault system?  If so, can you please provide us with any authority you have to support that request?  This is highly unusual, and would effectively permit Plaintiffs to peruse every internal company document, including privileged communications.

As to the remainder of your demands, we have reviewed them with our ESI consultant and believe they are highly unusual, relate to hypothetical disputes, and/or are not proportional to the needs of the case.

Regards,
Aarti


**Aarti Reddy**
Cooley LLP
+1 415 693 2103 office

---

**From:** Burkett McInturff <jbm@wittelslaw.com>
**Sent:** Thursday, December 24, 2020 12:04 PM
**To:** Reddy, Aarti <areddy@cooley.com>; Steven Wittels <slw@wittelslaw.com>; Tiasha Palikovic <TPalikovic@wittelslaw.com>; Jessica L. Hunter <jlh@wittelslaw.com>; Steven D. Cohen <sdc@wittelslaw.com>; Susan J. Russell <sjr@wittelslaw.com>; Rhodes, Michael

&lt;RHODESMG@cooley.com&gt;; Gutkin, Jeff &lt;jgutkin@cooley.com&gt;; Low, Charlie &lt;chlow@cooley.com&gt;; Bernstein, Max A. &lt;mbernstein@cooley.com&gt;
**Subject:** Noom - Emails with Embedded Links - Outstanding Issues

**[External]**

Aarti,

In Noom's portion of the November 20, 2020 joint letter to Judge Parker (ECF No. 105), Noom represented that production of Google documents linked to emails wasn't required because, *inter alia*, "Noom is already collecting these Google Drive documents through a separate collection process it has outlined for Plaintiffs and the Court."  To prevent misunderstandings and avoidable downstream disputes, please clarify the following issues raised by your representations:

1. Can a Google document be linked to an email received by a custodian, even if that document is not one to which the custodian would otherwise have access, i.e., is not a document "owned, created, edited by the Custodian or shared with the Custodian . . . ."? Defs.' ESI Repository - Updated November 17, 2020.pdf.

2. In Noom's Google environment, would a Google document linked to an email received by a custodian be considered to have been "shared with" that custodian under the language quoted above?

3. Will the versions of such linked documents that Noom is already collecting through its separate collection process be the same versions that existed at the time that links to them were attached to emails?

4. If a Google document was revised between the time that it was linked to one email, and the time that it was linked to a second email, will Noom produce both versions? If not, which one will Noom produce?

5. If a Google document was revised after the time that it was linked to an email, will Noom produce both the linked version and all subsequent versions? If not, which version will Noom produce?

6. In accordance with Judge Parker's December 10 ruling, please provide Plaintiffs credentials for accessing Noom's Google environment so that we may access linked document by "copying the link" in Noom's produced emails to Plaintiffs' internet browsers.

7. Please provide the metrics Noom used as a basis for making its claim that documents linked to custodian emails will be collected "through a separate collection process it has outlined for Plaintiffs and the Court."  If Noom did not use any metrics, please propose the metrics that the parties can use to confirm the accuracy of Noom's statement.

8. How will Plaintiffs be able to determine whether a Google document produced via Noom's "separate collection process" was linked to any specific emails sent or received by one or

more custodians?

9. How will Plaintiffs be able to determine whether a link to a Google document in an mail was referring to a specific Google document produced via Noom's "separate collection process"?

If Noom cannot provide reasonable and practical solutions for Plaintiffs to make the determinations addressed in items 8 and 9 above, Plaintiffs request that Noom provide the linking information, viz,. for each Google document produced via Noom's "separate collection process," provide the Bates numbers of each email, if any, to which the document was linked and identify which link in the email was the link to that document.

Thank you,

Burkett

**J. Burkett McInturff**

WMP | Partner
18 Half Mile Road | Armonk, NY 10504
Phone: 910 476 7253 | Fax: 914 273 2563



The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.