# Cooley

Aarti Reddy  
T: +1 415 693 2103  
areddy@cooley.com

Via CM/ECF

January 8, 2021

The Hon. Katharine H. Parker  
United States District Court for the Southern District of New York  
Daniel Patrick Moynihan Courthouse  
500 Pearl Street  
New York, NY  10007

**Re: *Nichols v. Noom, Inc.*, No. 20 Civ 3677 (LGS) (KHP), Defendants' Proposed ESI Protocol (ECF No. 129)**

Dear Judge Parker:

We write on behalf of Defendants Noom, Inc. and Artem Petakov ("Noom").  Noom respectfully submits the enclosed proposed ESI protocol (Exhibit 1) and a redline comparison with corresponding citations to the hearing transcripts against the version Noom initially submitted to the Court on October 8, 2020, at ECF 65-7, so that your Honor may easily identify each of the changes that Noom has implemented in conformance with the Court's orders. (Exhibit 2)

Noom regrets that it was unable to reach an agreement with Plaintiffs as to edits conforming to your Honor's orders to be implemented in the ESI protocol.  Since August, Noom has invested well over 100 hours negotiating the ESI protocol with Plaintiffs and has made substantial concessions to accommodate Plaintiffs' requests.  As a result, Noom's proposed ESI protocol requires an unusual degree of transparency in discovery and is otherwise highly favorable to Plaintiffs, as compared to what Noom's counsel would typically agree to or what the law requires.

Despite these enormous efforts, Plaintiffs have insisted on numerous additional and onerous provisions they failed to raise in the Court's three discovery conferences involving the ESI protocol.  Plaintiffs' demands—including that Noom produce all emails in native form and identify all repositories identified in its investigation that contain *non*-responsive information—are highly unusual and would impose a one-sided burden on Noom.  For their part, Plaintiffs have failed to comply with even the most basic mutually-accepted aspects of the ESI protocol: They have not employed a forensic collection but applied an undisclosed and obviously deficient "short cut" collection methodology that consists of forwarding their personal emails to Plaintiffs' counsel; counsel then prints them to pdf and "produces" them.  Further, Plaintiffs have only produced ***104 documents*** (compared to nearly 60,000 documents produced by Noom thus far), have refused to provide any metadata whatsoever, and have failed to produce any electronic documents in native form.

# Cooley

The Hon. Katharine H. Parker
January 8, 2021
Page Two

Because Noom has negotiated with Plaintiffs in good faith, carefully implemented the Court's directives and will be producing the vast majority of documents in discovery, Noom respectfully requests that the Court enter its proposed protocol in its entirety.

Sincerely,

/s/Aarti Reddy
Aarti Reddy

*Counsel for Defendants Noom Inc. and Artem Petakov*

Cooley LLP   101 California Street   5th Floor   San Francisco, CA   94111-5800
t: (415) 693-2000  f: (415) 693-2222  cooley.com