USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/13/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

MOJO NICHOLS, et al.,

                       Plaintiffs,

      -against-

NOOM INC., et al.,

                       Defendants.

----------------------------------------------------------------X

20-CV-3677 (LGS) (KHP)

**Discovery and Scheduling Order**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

Consistent with the telephonic case management conference held on January 12, 2021 in the above-captioned matter, the parties are directed as follows:

**Proposed Third Amended Complaint**

Having reviewed Plaintiffs' proposed Third Amended Complaint, and having now discussed the request with both parties, the Court hereby grants Plaintiffs' request to file its Third Amended Compliant.  Plaintiffs must file the amended pleading by this **Friday, January 15, 2021**.  No further amendments will be permitted absent good cause or to conform the pleadings to a Court order, as appropriate.

**Discovery Deadlines**

Given the parties' limited progress in discovery to this point and the substantial amount of data that the parties intend to collect and produce, the Court recognizes that additional time will be needed in order for the parties to complete discovery.  Therefore, the Court hereby extends the deadline to complete fact discovery in this case until **December 31, 2021**.

Relatedly, the Court denies Plaintiffs' request for the Court to appoint a special master to assist with issues related to discovery and electronically stored information.  All issues can be addressed in the regularly scheduled case management conferences and briefing, if needed.

**Briefing Schedules**

As indicated at the January 12th conference, Plaintiffs' moving papers on their anticipated motion for conditional class certification are due on June 30, 2021.  Defendants' opposition to that motion is due on August 27, 2021.  Plaintiffs' reply is due on October 22, 2021.

The parties' briefings on Defendants' anticipated motion to dismiss will be governed in accordance with the schedule outlined on the record during Judge Schofield's December 17, 2020 conference with the parties.

**Party Correspondence and Letter Submissions to the Court**

This portion of this Discovery and Scheduling Order supersedes all prior orders from this Court related to pre-conference submissions.  Moving forward, the parties shall simultaneously exchange with one another their proposed agenda items to be discussed at the upcoming conference by 5:00 p.m. five business days prior to that conference.  The parties shall then summarize their respective positions on the proposed agenda items and simultaneously exchange those position statements with one another by 5:00 p.m. three business days before the conference.  Finally, the parties shall file a joint letter with the Court – not to exceed six pages in length – by 5:00 p.m. two business days in advance of the conference containing the agenda items and the parties' respective positions.

If extenuating circumstances warrant an emergency application to the Court, the parties may file a letter with the Court to raise those pressing issues. However, the Court cautions the parties that letters should be limited, to the extent possible, to those written in anticipation of scheduled conferences and emergency applications should be submitted sparingly.

**Requests for Production**

The Court has reviewed the parties' extensive submissions with respect to discovery disputes arising out of Plaintiffs' requests for production (the "Requests") and Defendants' related application for a protective order with respect to many of the Requests. Having reviewed the Requests and considered the parties' positions on these issues, the Court finds that many of Plaintiffs requests are not tailored in a manner consistent with Rule 26 and Rule 34 of the Federal Rules insofar as they are overbroad and seek information disproportionate to the needs of the case. Accordingly, the Court grants Defendants' application for a protective order with respect to Request number 6, 7, 8, 13, 28, 41, 42, and 46. Further, the Court grants Defendants' application for a protective order with respect to Request number 48 insofar as Noom will not be required to produce anything more than what it has already agreed to produce concerning that Request.

Moreover, the Court finds that certain Requests should be narrowed. Accordingly, the parties are directed to the Court's specifications, outlined below, concerning some additional Requests, all of which were discussed at the January 12 conference:

- Request #31 & #33 – Pursuant to these overlapping requests, Noom will be required to produce internal reports, memoranda, PowerPoint presentations, meeting agendas or other similar materials presented to management and/or Noom's Board of Directors

3

regarding consumer complaints about signup, autorenewal, charges, and cancellation, as well as the Better Business Bureau's ("BBB") warning, and the company's responses to such complaints and/or the BBB warning.

- Request #34 – Noom must produce nonprivileged communications that occurred one week prior to the BBB warning through one week after the CEO's message in response to the BBB warning pertaining to the BBB warning itself and the company's response thereto.

Plaintiffs shall file no more than 25 additional document requests without subparts absent leave from this Court. With respect to the parties' disagreements surrounding RFP instructions and definitions, the parties shall follow the Federal Rules of Civil Procedure and the Southern District's Local Rules, not alternative, more expansive instructions and definitions.

**A case management conference is scheduled in this case for January 29, 2021 at 10:00 a.m. Counsel for the parties are directed to call the Court's conference line at the scheduled time. Please dial (866) 434-5269; access code: 4858267.** The parties are directed to meet and confer in advance of the January 29 conference with respect to Request number 45 regarding production of a statistically significant sample of data from the Zendesk database as well as documents and information collected from social media, including information from the identified third-party consultant. The parties should be prepared to discuss this issue at the January 29 conference.

Finally, the parties are directed to the transcript from the January 12, 2021 conference for additional directives and rulings.

**SO ORDERED.**

Dated: New York, New York
January 13, 2021

_____
KATHARINE H. PARKER
United States Magistrate Judge