# Cooley

Charles Low                                                                          via CM/ECF
+1 212 479 6859
chlow@cooley.com

January 19, 2021

The Hon. Katharine H. Parker
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

**Re:  Mahood et al. v, Noom, Case No. 20-cv-3677 (LGS) (KHP): Letter Motion for Redaction of
Hearing Transcript**

Dear Judge Parker:

Pursuant to Paragraph III.d of the Court's Individual Practices, Defendants Noom, Inc and Artem Petakov ("Noom") respectfully request that the Court redact and seal one portion of the January 12, 2021 Hearing Transcript, (ECF No. 147).

During the hearing, Plaintiffs' counsel Mr. McInturff and Mr. Wittels each recited confidential user and refund data that Noom has produced to Plaintiffs.  This confidential user and refund data appears on the January 12, 2021 Hearing Transcript at 21:2-5 and 54:3.  Consistent with the Court's Individual Practices to limit filings under seal to the information that is strictly necessary to avoid harm to the designating party, Noom seeks to seal *only* the specific confidential data described in the January 12 Transcript.  As set forth below, these proposed redactions are consistent with the Second Circuit's opinions in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016).

Pursuant to *Lugosch*, the Court must first assess whether the documents at issue are "judicial documents."  435 F.3d at 119.  Once the Court has made that determination, it must assess the weight of the presumption of public access to the documents under the common law and the First Amendment, and then, it must weigh the presumption of public access against any competing interests, such as the privacy interests of the party resisting disclosure.  *Id.* at 119-20.

While Noom does not contest that the January 12 Transcript is a judicial document, the information it seeks to seal relates to material passed between the parties in discovery, explicitly for the purpose of productively engaging in a mediation.  As such, the presumption of public access is low.  *Bernstein*, 814 F.3d at 142 (documents "'such as those passed between the parties in discovery' often play 'no role in the performance of Article III functions' and so the presumption of access to these records is low") (citation omitted); *cf. In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 424 (E.D.N.Y. 2007) ("the documents at issue are not litigation filings, but documents produced in discovery, to which the right of public access has not attached").  Here, the confidential information in question is highly sensitive and closely guarded user engagement and refund data that Noom disclosed to Plaintiffs during discovery.  Where, as here, redactions are applied narrowly only to specific confidential business information that was designated as confidential under the applicable protective order, courts have found the presumption of public access comparatively low and have granted the party's motion to seal.  *E.g.*, *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-md-2542, 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014) (sealing information

# Cooley

Hon. Katharine H. Parker
January 19, 2021
Page Two

produced in discovery); *Firmode (Int'l) Co. v. Int'l Watch Grp., Inc*., No. 2008-4890, 2009 WL 3698137, at *2 (E.D.N.Y. Nov. 2, 2009) (collecting authorities sealing confidential supplier and pricing information).

Turning to the second portion of the *Lugosch* test, Noom has significant privacy interests in the data at issue. That information reflects Noom's competitively sensitive usage and revenue data. Noom is a private company and public disclosure of such sensitive information would be highly prejudicial and afford its competitors an unfair advantage, and poses a substantial risk of harm to Noom. Not surprisingly, this is precisely the type of confidential, competitively-sensitive information that courts regularly approve for redaction. *E.g.*, *IBM v. Lima*, No. 20-4573, 2020 WL 6048773, at *1-3 (S.D.N.Y. Oct. 13, 2020) (sealing hearing transcript that reflected "non-public details of IBM's revenues, . . . budget and performance"); *In re Keurig*, 2014 WL 12772236, at *2 (sealing sales and customer data); *Brookdale Univ. Hosp. & Med. Ctr., Inc. v. Health Ins. Plan of Greater N.Y.*, No. 07-1471, 2008 WL 4541014, at *1 (E.D.N.Y. Oct. 7, 2008) (sealing internal cost and revenue data); *Gelb v. AT&T Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (sealing internal financial information); *see also Bernstein*, 814 F.3d at 143 (noting that the duty to protect confidential client information is a factor that weighs in favor of sealing the material in question).

Finally, Noom's privacy interests are especially acute in this instance, because Plaintiffs grossly misconstrue the referenced data in a manner that is highly prejudicial to Noom. For example, Plaintiffs purport to draw conclusions about the number of users who have *never* opened Noom's app, but Noom has not produced any data of that kind in discovery. Permitting this false information to be unredacted on the docket would obviously be unfair to Noom and cause it potentially significant reputational and competitive harm.

As such, Noom's proposed redactions to the January 12 Hearing Transcript are appropriate and narrowly tailored to protect its interests under *Lugosch*, 435 F.3d at 120, and Noom respectfully requests that the Court redact and seal the identified portions therein.

In accordance with the Court's Individual Practices and the Southern District of New York's Standing Order 19-mc-00583, Noom has filed this letter motion publicly on ECF and the proposed sealed documents contemporaneously under seal via ECF.

Sincerely,


*/s/ Charles Low*

Charles Low