

**Wittels
McInturff
Palikovic**

18 Half Mile Road
Armonk, NY 10504

January 20, 2021

**Via ECF**
Honorable Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**SO ORDERED:**

*Katharine H Parker*

HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE
**01/20/2021**

Re:     *Nichols, et al., v. Noom, Inc., et al.*, No. 20 Civ. 3677 (LGS) (KHP)

Dear Judge Parker:

  We write jointly on behalf of Plaintiffs and the proposed Class and Defendants Noom, Inc. and Artem Petakov ("Defendants") in accordance with Your Honor's Individual Rule § III.d. to request leave to file the following exhibits to Plaintiffs' Pre-Conference Letter with redactions: (1) Exhibit 1, Select Plaintiff Emails, ECF No. 142-1; (2) Exhibit 2, I. Meyer Email, ECF No. 142-2; and (3) Exhibit 3, Plaintiffs' Redlined Proposed Third Amended Class Action Complaint, ECF No. 142-3.

  Plaintiffs seek to redact personally identifying information ("PII"), which the parties have agreed to treat confidentially pursuant to the operative protective order, ECF No. 58.[1] Additionally, Defendants seek to redact business information appearing in Exhibit 3, which Defendants have designated "Confidential" pursuant to the operative protective order. Plaintiffs will contemporaneously file under seal unredacted versions of these exhibits with the proposed redactions highlighted in green. Per the Southern District of New York Electronic Case Filing Rules & Instructions § 6.5(a), the parties respectfully submit that the Viewing Level to be applied to the unredacted versions of Exhibits 1 to 3 filed under seal should be "Selected Parties"—that is, limited to counsel of record.

  The parties note that the proposed redactions highlighted in the sealed version of Exhibit 3 are more limited in scope than those initially filed in ECF No. 142-3. Once the Court issues an order with respect to these proposed redactions, Plaintiffs will then publicly file a version of ECF No. 142-3 containing only the Court-approved redactions.

Pursuant to Your Honor's Individual Rule, the parties' "particular reasons for seeking to file that information under seal" are as follows:

---

[1] Exhibit 1 also contains redacted attorney client communications that were withheld from Defendants when this document was produced in discovery. Accordingly, please note that while Exhibit 1 is "unredacted" for the Court's review it nevertheless contains privilege redactions.

Hon. Katharine H. Parker

**Plaintiffs' Request to Seal Personally Identifying Information and Attorney-Client Communications Redacted from Exhibits 1 to 3:**

Exhibits 1 and 2 are email communications, produced pursuant to Rule 34 document production requests and a Rule 45 subpoena, respectively. They have been filed with the court in connection with discovery disputes and are likely not judicial documents within the meaning of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). ("'[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access.'" (quoting *United States v. Amodeo,* 44 F.3d 141, 145 (2d Cir. 1995))). Furthermore, even if the common law presumption of public access were to attach, documents "passed between the parties in discovery often play no role in the performance of Article III functions" and the presumption of access to these records is therefore low. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (internal quotation omitted). Given that Plaintiffs seek only to redact PII and attorney-client communications, the countervailing interests in maintaining the confidentiality of that information are sufficient to overcome this low presumption of access.

While Exhibit 3 is a proposed amended complaint, and pleadings plainly meet the test in this Circuit for determining whether a document is a judicial record, *see Bernstein*, 814 F.3d at 139–40, Plaintiffs' proposed amended complaint is not the operative pleading in this matter. Furthermore, Plaintiffs seek to redact in the public document only about a dozen instances of PII in the form of Plaintiffs' email addresses and financial account information. This information is itself of little "relevan[ce] to the performance of the judicial function and use[] in the judicial process," *see id.* at 139, and is not "necessary if the public is to understand a court's decision," *see id.* at 140, in this matter. Finally, any presumption of access to this information can be easily overcome given that the information's "role in the performance of Article III duties is negligible" and therefore the "weight of the presumption is low[,]" *see id.* at 142 (internal quotation and alteration omitted); because the Plaintiffs have a countervailing privacy interest in maintaining the confidentiality of their PII, the balance tips in favor of allowing redaction.

Defendants do not object to Plaintiffs' request that the unredacted versions of these documents be filed under seal.

**Defendants' Request to Seal Sensitive Business Information Redacted from Exhibit 3:**

Noom respectfully requests that the Court grant its motion to seal references to Noom's highly-sensitive, non-public information described in Exhibit 3, the Redline of Plaintiffs' Proposed Third Amended Class Action Complaint.

As noted by Plaintiffs, Exhibit 3 is almost certainly a judicial document. *BAE Sys. Ship Repair Inc. v. Puglia Eng'g, Inc.*, No. 17-CV-1287 (RJS), 2017 WL 11568796, at *2 (S.D.N.Y. May 2, 2017). However, courts in this district have held that confidential information reflected in a complaint may appropriately be sealed, upon weighing "the presumption of access" against "countervailing factors" including "the privacy interests of those resisting disclosure." *Id.* (applying balancing test and granting motion to seal confidential information in a complaint).

Hon. Katharine H. Parker

The information Noom seeks to seal was produced in discovery and references Noom's revenue and usage data and internal policy documents regarding Noom's development of autorenewal. The presumption of public access to these materials is therefore low. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (information "'passed between the parties in discovery' often play 'no role in the performance of Article III functions' and so the presumption of access to these records is low") (citation omitted).

Conversely, Noom has a significant privacy interest in the competitively-sensitive information related to its users, revenue figures, and internal policy documents, and courts regularly approve similar information for sealing. *E.g.*, *IBM v. Lima*, No. 20-4573, 2020 WL 6048773, at *1–3 (S.D.N.Y. Oct. 13, 2020) (sealing hearing transcript that reflected "non-public details of IBM's revenues, . . . budget and performance"); *see also Bernstein*, 814 F.3d at 143 (holding that confidential information should be sealed). Indeed, some of this specific information regarding Noom's internal user and revenue data has already been sealed by this Court. *See* ECF No. 132 (granting motion to seal ECF 128).

Furthermore, Noom's proposed designations are narrowly-tailored to seal only that information, which, if publicly disclosed, would cause significant competitive harm to the Company.

Finally, Noom's privacy interests are especially acute in this instance, because Plaintiffs misconstrue the referenced data in a manner that is highly prejudicial to Noom. For example, Plaintiffs purport to draw conclusions about the number of users who have *never* opened Noom's app, but Noom has not produced any data of that kind in discovery. Permitting this false information to be unredacted on the docket would obviously be unfair to Noom and cause it potentially significant reputational and competitive harm.

<u>Plaintiffs do not object to Defendants' request that the unredacted version of Plaintiffs' Redlined Proposed Third Amended Class Action Complaint be filed under seal.</u>

Thank you for the Court's consideration of this matter.

Respectfully Submitted

/s/ Jessica L. Hunter
Jessica L. Hunter

*Counsel for Plaintiffs and the Proposed Class*

cc: All Counsel of Record (*Via ECF*)