USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/26/2021

# Wittels McInturff Palikovic

18 Half Mile Road
Armonk, NY 10504

January 25, 2021

**Via ECF**
Honorable Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**The Clerk of Court is requested to place ECF #149 under seal.**

SO ORDERED:

*Katharine H. Parker*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE
01/26/2021

Re: *Nichols, et al., v. Noom, Inc., et al.*, No. 20 Civ. 3677 (LGS) (KHP)

Dear Judge Parker:

  We write jointly on behalf of Plaintiffs and the proposed Class and Defendants Noom, Inc. and Artem Petakov ("Defendants") in accordance with Your Honor's Individual Rule § III.d. to request 1) that the Court formally seal Plaintiffs' Third Amended Class Action Complaint, ECF No. 149, currently sealed by the Southern District's ECF Help Desk on an emergency basis; and 2) that the Court grant leave to publicly file a copy of Plaintiffs' Third Amended Class Action Complaint with updated redactions.

  Plaintiffs seek to redact personally identifying information ("PII"), which the parties have agreed to treat confidentially pursuant to the operative protective order, ECF No. 58. Defendants seek to redact business information, which Defendants have designated "Confidential" pursuant to the operative protective order. Plaintiffs will contemporaneously file under seal an unredacted version of Third Amended Class Action Complaint with the proposed redactions highlighted. Per the Southern District of New York Electronic Case Filing Rules & Instructions § 6.5(a), the parties respectfully submit that the Viewing Level to be applied to the unredacted version of the Third Amended Class Action Complaint filed under seal should be "Selected Parties"—that is, limited to counsel of record.

  The parties note that the proposed redactions highlighted in the sealed, unredacted version of the Third Amended Class Action Complaint filed contemporaneously with this letter motion are more limited in scope than those initially filed in ECF No. 149, except for the addition of two small redactions. This information was unredacted in ECF No. 149, thus necessitating the emergency sealing of ECF No. 149 by the Help Desk and now prompt the parties' request that ECF No. 149 be formally sealed. After the Court issues an order with respect to these proposed redactions, Plaintiffs will then publicly file a version of ECF No. 149 containing only the Court-approved redactions.

  Pursuant to Your Honor's Individual Rule, the parties' "particular reasons for seeking to file that information under seal" are as follows:

Hon. Katharine H. Parker

**Plaintiffs' Request to Seal Personally Identifying Information:**

While Plaintiffs' Third Amended Class Action Complaint plainly meets the test in this Circuit for determining whether a document is a judicial record, *see Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139–40 (2d Cir. 2016), Plaintiffs seek to redact in the public document only about a dozen instances of PII in the form of Plaintiffs' email addresses and financial account information.  This information is itself of little "relevan[ce] to the performance of the judicial function and use[] in the judicial process," *see id.* at 139, and is not "necessary if the public is to understand a court's decision," *see id*. at 140, in this matter.  Finally, any presumption of access to this information can be easily overcome given that the information's "role in the performance of Article III duties is negligible" and therefore the "weight of the presumption is low[,]" *see id*. at 142 (internal quotation and alteration omitted); because the Plaintiffs have a countervailing privacy interest in maintaining the confidentiality of their PII, the balance tips in favor of allowing redaction.

Defendants do not object to Plaintiffs' request that the unredacted versions of these documents be filed under seal.

**Defendants' Request to Seal Sensitive Business Information:**

Noom respectfully requests that the Court grant its motion to formally seal ECF No. 149 and further seal references to Noom's highly-sensitive, non-public information described in Plaintiffs' Third Amended Class Action Complaint.

Noom does not dispute that the Third Amended Complaint is a judicial document.  *BAE Sys. Ship Repair Inc. v. Puglia Eng'g, Inc.*, No. 17-CV-1287 (RJS), 2017 WL 11568796, at *2 (S.D.N.Y. May 2, 2017).  However, courts in this district have held that confidential information reflected in a complaint may appropriately be sealed, upon weighing "the presumption of access" against "countervailing factors" including "the privacy interests of those resisting disclosure."  *Id.* (applying balancing test and granting motion to seal confidential information in a complaint).

The information Noom seeks to seal was produced in discovery and references Noom's revenue and usage data and internal policy documents regarding Noom's development of autorenewal.  The presumption of public access to these materials is therefore low.  *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (information "'passed between the parties in discovery' often play 'no role in the performance of Article III functions' and so the presumption of access to these records is low") (citation omitted).

Conversely, Noom has a significant privacy interest in the competitively-sensitive information related to its users, revenue figures, and internal policy documents, and courts regularly approve similar information for sealing.  *E.g.*, *IBM v. Lima*, No. 20-4573, 2020 WL 6048773, at *1–3 (S.D.N.Y. Oct. 13, 2020) (sealing hearing transcript that reflected "non-public details of IBM's revenues, . . . budget and performance"); *see also Bernstein*, 814 F.3d at 143 (holding that confidential information should be sealed).  Indeed, some of this specific information regarding Noom's internal user and revenue data has already been sealed by this Court.  *See* ECF No. 132 (granting motion to seal ECF 128).

Hon. Katharine H. Parker

Furthermore, Noom's proposed designations are narrowly-tailored to seal only that information, which, if publicly disclosed, would cause significant competitive harm to the Company.

Finally, Noom's privacy interests are especially acute in this instance, because Plaintiffs misconstrue the referenced data in a manner that is highly prejudicial to Noom. For example, Plaintiffs purport to draw conclusions about the number of users who have *never* opened Noom's app, but Noom has not produced any data of that kind in discovery. Permitting this false information to be unredacted on the docket would obviously be unfair to Noom and cause it potentially significant reputational and competitive harm.

Plaintiffs do not object to Defendants' request that ECF No. 149 be formally sealed and that the unredacted version of Plaintiffs' Third Amended Class Action Complaint be filed under seal.

Should the Court approve the parties' proposed redactions, Plaintiffs will publicly file a copy of Plaintiffs' Third Amended Class Action Complaint containing only the redactions approved by the Court. Thank you for the Court's consideration of this matter.

Respectfully Submitted

/s/ Jessica L. Hunter
Jessica L. Hunter

*Counsel for Plaintiffs and the Proposed Class*

cc: All Counsel of Record (*Via ECF*)