

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/27/2021
```

Charles Low
+1 212 479 6859
chlow@cooley.com

via CM/ECF

January 21, 2021

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007

**The Clerk of Court is respectfully requested to place ECF No. 155 under seal.**

APPLICATION GRANTED

*[signature]*

Hon. Katharine H. Parker, U.S.M.J.

Date: January 27, 2021

Re:  Nichols et al. v, Noom, Case No. 20-cv-3677 (LGS) (KHP)

Dear Judge Schofield:

Pursuant to Paragraph I.D.3 of the Court's Individual Rules and Procedures, Defendants Noom, Inc. and Artem Petakov ("Noom") write respectfully in support of Plaintiffs' January 19. 2021 Letter Motion to Seal Portions of their Letter Motion re Bellwether Process, (ECF No. 154).

Plaintiffs' Renewed Application for Bellwether Process, (ECF Nos. 153. 155), includes confidential user, revenue, and refund data that Noom has produced to Plaintiffs.  This confidential user, revenue, and refund data appears on page two of ECF Nos. 153 and 155.  Consistent with the Court's Individual Rules and Procedures to limit filings under seal to the information that is strictly necessary to avoid harm to the designating party, Noom seeks to seal *only* the specific confidential data described in Plaintiffs' renewed bellwether application.  As set forth below, these proposed redactions are consistent with the Second Circuit's opinions in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016).

Pursuant to *Lugosch*, the Court must first assess whether the documents at issue are "judicial documents."  435 F.3d at 119.  Once the Court has made that determination, it must assess the weight of the presumption of public access to the documents under the common law and the First Amendment, and then, it must weigh the presumption of public access against any competing interests, such as the privacy interests of the party resisting disclosure.  *Id.* at 119-20.

While Noom does not contest that Plaintiffs' renewed bellwether application is a judicial document, the information it seeks to seal relates to material passed between the parties in discovery.  As such, the presumption of public access is low.  *Bernstein*, 814 F.3d at 142 (documents "'such as those passed between the parties in discovery' often play 'no role in the performance of Article III functions' and so the presumption of access to these records is low") (citation omitted); *cf. In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 424 (E.D.N.Y. 2007) ("the documents at issue are not litigation filings, but documents produced in discovery, to which the right of public access has not attached").  Here, the confidential information in question is highly sensitive and closely guarded user engagement, revenue, and refund data that Noom disclosed to Plaintiffs during discovery.  Where, as here, redactions are applied narrowly only to specific confidential business information that was designated as confidential under the applicable protective order, courts have found the presumption of public access comparatively low and have granted the party's motion to seal.  *E.g.*, *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-md-2542, 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014) (sealing information produced in discovery); *Firmode (Int'l) Co. v.*

# Cooley

Hon. Lorna G. Schofield
January 21, 2021
Page Two

*Int'l Watch Grp., Inc*., No. 2008-4890, 2009 WL 3698137, at *2 (E.D.N.Y. Nov. 2, 2009) (collecting authorities sealing confidential supplier and pricing information).

      Turning to the second portion of the *Lugosch* test, Noom has significant privacy interests in the data at issue.  That information reflects Noom's competitively sensitive user engagement, refund, and revenue data.  Noom is a private company and public disclosure of such sensitive information would be highly prejudicial, afford its competitors an unfair advantage, and poses a substantial risk of harm to Noom.  Not surprisingly, this is precisely the type of confidential, competitively sensitive information that courts regularly approve for redaction.  *E.g.*, *IBM v. Lima*, No. 20-4573, 2020 WL 6048773, at *1-3 (S.D.N.Y. Oct. 13, 2020) (sealing hearing transcript that reflected "non-public details of IBM's revenues, . . . budget and performance"); *In re Keurig*, 2014 WL 12772236, at *2 (sealing sales and customer data); *Brookdale Univ. Hosp. & Med. Ctr., Inc. v. Health Ins. Plan of Greater N.Y.*, No. 07-1471, 2008 WL 4541014, at *1 (E.D.N.Y. Oct. 7, 2008) (sealing internal cost and revenue data); *Gelb v. AT&T Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (sealing internal financial information); *see also Bernstein*, 814 F.3d at 143 (noting that the duty to protect confidential client information is a factor that weighs in favor of sealing the material in question).

      Finally, Noom's privacy interests are especially acute in this instance, because Plaintiffs grossly misconstrue the referenced data in a manner that is highly prejudicial to Noom.  For example, Plaintiffs purport to draw conclusions about the number of users who have *never* opened Noom's app or did not engage with Noom's app, but Noom has not produced any data supporting Plaintiffs' representations.  Permitting this false information to be unredacted on the docket would obviously be unfair to Noom and cause it potentially significant reputational and competitive harm.

      As such, Noom respectfully requests under-seal treatment of the materials identified in Plaintiffs' Letter Motion.

Sincerely,

*/s/ Charles Low*

Charles Low