```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

MOJO NICHOLS, et al.,

                                         Plaintiffs,              20-CV-3677 (LGS) (KHP)

                        -against-                                 **Discovery Order**

NOOM INC., et al.,

                                         Defendants.

----------------------------------------------------------------X
```

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

Consistent with the telephonic case management conference held on February 4, 2021 in the above-captioned matter, the parties are directed and advised as follows:

**Discovery Motion Briefing Schedules:**

Plaintiffs request modification of the protective order in this case (ECF No. 58) to allow them to use discovery from this case in a forthcoming state court injunctive action. The Court requests further briefing on this issue. Plaintiffs should file their formal motion and accompanying brief by no later than **February 12, 2021**. Defendants' opposition is due on **February 19, 2021**. No reply will be permitted.

Further, the parties are directed to meet and confer on the issue of sampling documents from the Zendesk platform. The Court notes that additional, related issues were raised concerning the UserVoice platform. If the parties are unable to resolve the outstanding discovery disputes related to production of data from these databases, Plaintiffs will be permitted to file a motion to compel and an accompanying brief, not to exceed six pages in

length, by **February 25, 2021**.  Noom's opposition will be due on **March 11, 2021**.  No reply will be permitted.

**Requests for Production**

The Court made numerous rulings on the record during yesterday's conference with respect to the outstanding disputes concerning Plaintiffs' requests for production.  The parties are directed to the conference transcript for the substance of those rulings and related guidance.  As the Court noted, many of the requests discussed were redundant of and subsumed within productions previously ordered by the Court, except that to the extent Noom construed this Court's prior directions to excuse it from producing relevant email, text and slack communications from agreed-upon custodians, that interpretation is incorrect.  The parties shall endeavor to craft appropriate searches to minimize the capture of irrelevant and marginally relevant communications and maximize the likelihood of locating communications about decisions made by the company as to the features of the auto renewal and cancellation aspects of the healthy weight program and the reasons therefore.  The parties are expected to work cooperatively to achieve the goal of reducing the review set to an amount proportional to the needs of this case.

**Depositions**

As discussed, the parties should endeavor to schedule additional depositions, including those of the named Plaintiffs, before the end of April 2021.  Because Noom has yet to produce certain documents with respect to the named Plaintiffs, Noom should prioritize producing those documents so that these depositions can proceed as soon as is practicable.

Additionally, Plaintiffs' counsel are reminded that they must use forensically sound collection and production methods when collecting and producing documents from those newer Plaintiffs for whom documents have yet to be produced. Plaintiffs need not re-collect documents from the named Plaintiffs for whom documents have already been produced but instead shall provide Noom with a metadata overlay to cure deficiencies with respect to those documents that have already been produced.

The parties are directed to the conference transcript for other rulings and directives of the Court.

**SO ORDERED.**

Dated: New York, New York
February 5, 2021

_____
KATHARINE H. PARKER
United States Magistrate Judge