UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MOJO NICHOLS, SUSAN BREWSTER,
DUANE DEA, MARYANNE DERACLEO,
KAREN KELLY, REBECCA RICHARDS,
JENNIFER SELLERS, and STACY
SPENCER,

Individually and on Behalf of All Others
Similarly Situated,

        Plaintiffs,

  -against-

NOOM, INC., ARTEM PETAKOV, and
JOHN DOES 1 TO 5,

        Defendants.

---

Case No. 1:20-CV-03677 (LGS)(KHP)

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO MODIFY THE STIPULATED PROTECTIVE ORDER**

## TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ................................................................................................ 1

II. ARGUMENT ............................................................................................................................ 2

    A. The Court should decline to entertain Plaintiffs' motion because their requested relief is premature. .................................................................................. 2

    B. The Court should deny Plaintiffs' Motion because their legal strategy is illogical and inefficient and there is no compelling need to modify the protective order. ............................................................................................................. 4

    C. Plaintiffs do not meet the standard for modifying the protective order. ................. 6

III. CONCLUSION ...................................................................................................................... 11

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*1766-68 Associates, LP v. City of N.Y.*,
 2013 N.Y. Slip Op. 33586(U), 2013 WL 7203754 (2013) ...................................................... 2

*Access 4 All, Inc. v. Trump Int'l Hotel & Tower Condo.*,
 458 F. Supp. 2d 160 (S.D.N.Y. 2006) ...................................................................................... 6

*Asher v. Abbott Labs.*,
 307 A.D.2d 211 (N.Y. App. Div. 2003) ................................................................................... 2

*Charter Oak Fire Ins. Co. v. Electrolux Home Prods., Inc.*,
 287 F.R.D. 130 (E.D.N.Y. 2012) ................................................................................. 9, 10, 11

*Diba Family Ltd. P'ship v. Ross*,
 No. 13-06384, 2014 WL 5438068 (S.D.N.Y. Oct. 27, 2014) (Schofield, J.),
 *aff'd*, 606 F. App'x 628 (2d Cir. 2015) .................................................................................... 5

*In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*,
 255 F.R.D. 308 (D. Conn. 2009) ........................................................................................... 8, 9

*Knitting Fever, Inc. v. Coats Holdings Ltd.*,
 No. CV05-1065 DRH WDW, 2011 WL 3678823 (E.D.N.Y. Aug. 22, 2011) ......................... 6

*Martindell v. Int'l Tel. & Tel. Corp.*,
 594 F.2d 291 (2d Cir. 1979) ..................................................................................................... 7

*Med. Diagnostic Imaging, PLLC v. Carecore Nat., LLC*,
 Nos. 06 Civ. 7764(CS)(THK), 06 Civ. 13516(VM)(THK), 2009 WL 2135294
 (S.D.N.Y. July 16, 2009) ........................................................................................................ 7

*Palmieri v. State of New York*,
 779 F.2d 861 (2d Cir. 1985) ..................................................................................................... 7

*Price v. L'Oréal USA, Inc.*,
 No. 17-0614, 2017 WL 4480887 (S.D.N.Y. Oct. 5, 2017) ................................................... 4, 5

*S.E.C. v. TheStreet.Com*,
 273 F.3d 222 (2d Cir. 2001) ..................................................................................................... 7

*In re Sept. 11 Litig.*,
 262 F.R.D. 274 (S.D.N.Y. 2009) ............................................................................................. 8

*Tradewinds Airlines, Inc. v. Soros*,
 No. 08 CIV. 5901 (JFK), 2016 WL 3951181 (S.D.N.Y. July 20, 2016) .............................. 7, 8

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

**Statutes**

Cal. Bus. & Prof. Code § 17600 *et seq.* ........................................................................................3

**Other Authorities**

Fed. R. Civ. P. 26(c) ........................................................................................................................7

I.  **PRELIMINARY STATEMENT**

Plaintiffs' Motion to Modify the Stipulated Protective Order, (ECF No. 210, "Motion"), is procedurally improper and substantively meritless—the only basis for Plaintiffs' Motion is to further their illogical and inefficient attempt to sever their New York and California claims from their putative nationwide class action. Defendants Noom, Inc. and Artem Petakov ("Noom") respectfully request that the Court decline to endorse these vexatious maneuvers and deny Plaintiffs' Motion.

Plaintiffs seek a modification of the protective order because of their stated intent to file claims for injunctive relief in some courts at some point in time. Yet Plaintiffs ***have not even filed*** the state-court actions in which they claim to need parallel discovery. Assuming they do file those actions, it is likely the state court will stay proceedings to avoid inefficiencies and inconsistencies. Plaintiffs' motion is thus premature.

Further, this Court should refuse to facilitate Plaintiffs' attempt to introduce further inefficiencies to this litigation. Plaintiffs readily admit their intent to "vigorously" pursue duplicative injunctive relief claims involving "the same parties and same facts" simultaneously in federal and state actions. (Mot. at 1; Declaration of Aarti Reddy ("Reddy Decl.") ¶ 2 & Ex. 1 (attaching a January 5, 2021, email from B. McInturff to A. Reddy).) There is no legal basis for this strategy, as evidenced by the single, inapposite case Plaintiffs cite in support of this gambit in their twenty-page motion. And Plaintiffs have failed to identify any efficiencies to be gained by litigating identical claims on multiple fronts.

Lastly, Plaintiffs have not met the standard for modifying the protective order, which requires overcoming a strong presumption against modification. Noom has reasonably relied on the protective order, having successfully sealed numerous documents in this action, and none of

1

Plaintiffs arguments' to the contrary are remotely compelling. For these reasons, and as explained in more detail below, Plaintiffs' requested relief is improper and their Motion should be denied.

## II. ARGUMENT

### A. The Court should decline to entertain Plaintiffs' motion because their requested relief is premature.

As an initial matter, Plaintiffs' request to modify the protective order should be denied because is not ripe.

Contrary to their claim of a "compelling need" for modification, (Mot. at 19–20), Plaintiffs' requested relief is premature and completely unnecessary, given that Plaintiffs **have not even filed** the state-court actions in which they claim to need parallel discovery. (Mot. at 1.) Plaintiffs have not attached proposed complaints to their Motion, and have refused to share any such complaints with Noom. (Reddy Decl. ¶ 3.) Apart from their general representations that they will be filing actions that involve "essentially the same parties and same facts," Noom and the Court are left to guess at the substance of Plaintiffs' proposed allegations and whether or how parallel discovery is appropriate and should be coextensive. (Mot. at 1.) For this reason alone, their Motion should be denied.

Further, even after these actions are filed, there is no likelihood of discovery in the near-term because the courts in these state-court cases will almost certainly issue an immediate stay. State courts routinely stay proceedings where—as here—"there is substantial identity between state and federal actions." *Asher v. Abbott Labs.*, 307 A.D.2d 211, 211 (N.Y. App. Div. 2003). Factors supporting a stay include whether the federal action was commenced first, whether the parties are the same, and whether there is substantial overlap between the issues raised in the two proceedings—all of which are present here. *Id.* at 211–12; *see also 1766-68 Associates, LP v. City of N.Y.*, 2013 N.Y. Slip Op. 33586(U), 2013 WL 7203754 (2013) (staying state-court proceedings

2

where the plaintiff filed a complaint in the Southern District of New York and then filed a parallel state-court complaint).

There is no point in modifying the protective order at this stage, unless and until: (1) Plaintiffs actually file their state-court actions; (2) the parties fully litigate the issue of a litigation stay pending the outcome of the federal lawsuit; and (3) the parties are permitted to proceed with parallel discovery.

Notably, Plaintiffs do not contest that the state-court actions are likely to be stayed, and instead contend they need confidential information in order to present the "full panoply of evidence" in their complaints filed in state courts.  (Mot. at 1.)  That argument is nonsensical.  Plaintiffs' claims in this action are based on Noom's **public** statements (or omissions from those statements) regarding its autorenewal practices. *See, e.g.*, Third Am. Compl. ("TAC") ¶¶ 229–36.  The confidential information Plaintiffs cite in their Motion—cherry-picked, out-of-context quotes from internal documents—are not relevant to any of these public disclosures, but relate solely to Noom's purported intent.  (Mot. at 10–11.)  Plaintiffs do not explain why they believe this information is legally relevant to their claims, or why they need access to Noom's confidential information to multiply litigation proceedings.  Nor could they: there is no intent requirement in the ARL statute, Cal. Bus. & Prof. Code § 17600 *et seq.*, and the first **three** complaints Plaintiffs filed in the federal court actions cited no confidential information whatsoever.

In sum, Plaintiffs have not demonstrated any need for modification at this stage because they have not even filed the actions in which they claim to need parallel discovery, and even assuming they do file those actions, any discovery is likely to be stayed while the parties litigate the same claims in federal court.  Accordingly, the Court should deny Plaintiffs' Motion.

### B. The Court should deny Plaintiffs' Motion because their legal strategy is illogical and inefficient and there is no compelling need to modify the protective order.

The Court should also decline to entertain the substance of Plaintiffs' Motion because their proposal to multiply litigation proceedings is unsupported by applicable case law and would lead to a waste of judicial and party resources. Further, there is no compelling need to modify the protective order because Plaintiffs' claims for injunctive relief are meritless and already moot.

Plaintiffs devote a substantial portion of their Motion to arguing the merits of the hypothetical injunctive claims in their hypothetical state-court actions. Defendants recognize that this Court is being asked to decide the narrow question of whether a protective order should be modified. However, Plaintiffs have provided no support for their position that the protective order should be modified to permit them "to split their claims from the federal court and pursue injunctive relief in state court." (Mot. at 1.) Plaintiffs attempt to defend this strategy by citing a single case in their 20-page Motion, but that case is utterly inapposite. In *Price v. L'Oréal USA, Inc.*, No. 17-0614, 2017 WL 4480887 (S.D.N.Y. Oct. 5, 2017) (Schofield, J.), the Court did not permit or endorse simultaneous litigation of injunctive relief claims in federal and state court. The *Price* plaintiffs sought an injunction to prevent the defendant from selling products that did not contain keratin. *Id.* at *6. But the Court found that there was no risk of future injury because the plaintiffs "allege[d] only past injury and state that they would not have bought the Products had they known (as they now do) that the Products do not contain keratin." *Id.* at *6. Thus, Judge Schofield ***dismissed*** plaintiffs' claims for injunctive relief for lack of Article III standing. The Court then noted, in *dicta*, that because it was dismissing the injunctive relief claims, the plaintiffs must pursue injunctive relief claims, "***if at all,*** in state court." *Id.* (citation omitted). The Court did not, as Plaintiffs wrongly assert, "instruct" plaintiffs to split their claims and litigate them simultaneously in separate forums, let alone simultaneously pursue the exact same relief in federal

4

and state court, as Plaintiffs here seek to do. *Id.* *Price* therefore provides no support for the notion that Plaintiffs are free to simultaneously litigate the exact same claims in federal and state courts— and it says nothing about whether it would be proper to modify the protective order to allow them to pursue this unorthodox strategy.

Plaintiffs' inability to cite any apposite authority is unsurprising: their strategy to litigate parallel state court actions "involving essentially the same parties and same facts" would be wildly inefficient. (Mot. at 1.) Indeed, as this Court has previously observed in other cases in which litigants have brought "separate actions to enforce individual components of an obligation," "[i]t is well settled that New York law prohibits splitting of actions." *Diba Family Ltd. P'ship v. Ross*, No. 13-06384, 2014 WL 5438068, at *3 (S.D.N.Y. Oct. 27, 2014) (Schofield, J.), *aff'd,* 606 F. App'x 628 (2d Cir. 2015). "The rule seeks to 'prevent [ ] vexatious and oppressive litigation' and promote efficiency." *Id.* (citation omitted). That is precisely the outcome that would ensue if Noom were forced to defend itself in parallel actions brought in federal and state court. The Parties will inevitably engage in multiple rounds of duplicative pleading-stage briefing, and in the event Judge Schofield does not dismiss Plaintiffs' injunctive relief claims, Noom, Plaintiffs, and multiple courts would be forced to litigate identical, parallel proceedings involving the same parties, underlying legal claims, and requested relief.

Finally, while Plaintiffs claim that they have a compelling need to urgently enjoin Noom's conduct, (Mot. at 19), that argument defies common sense because any potential claims for injunctive relief are already moot. Plaintiffs will challenge the autorenewal disclosures that existed at the time they signed up for Noom's platform and in their TAC, pointing to disclosures that were in place in May 2020. (TAC ¶¶ 129–207 (identifying the dates on which each Named Plaintiff signed up for Noom).) Noom strongly disagrees with Plaintiffs' claims that these disclosures were

5

remotely deceptive; to the contrary, they each clearly state the date when and amount the user would be charged a full subscription fee if she did not cancel before the end of the trial. (TAC ¶ 68.) Nevertheless, Noom modified its disclosures following the filing of Plaintiffs' Complaint, and the current disclosures do not resemble the representations Plaintiffs intend to challenge. (Reddy Decl. ¶ 3 & Ex. 2 (attaching a copy of the current disclosures).) Since standing and mootness are assessed at the time of the filing of the complaints, *Access 4 All, Inc. v. Trump Int'l Hotel & Tower Condo.*, 458 F. Supp. 2d 160, 167 (S.D.N.Y. 2006), their injunctive relief claims will fail based on mootness. (Mot. at 3.) Further, Plaintiffs obviously have no urgent need to enjoin Noom's conduct, as they are all aware of the alleged misrepresentations they challenge—*i.e.*, Noom's autorenewal disclosures and policies—and have each affirmatively pled they were dissatisfied with Noom's product and are thus unlikely to use it again in the future. (TAC ¶¶ 129–207.)

In sum, Plaintiffs' strategy to pursue injunctive relief in a piecemeal fashion in multiple proceedings is not supported by any applicable authority and would be grossly inefficient. Plaintiffs have not demonstrated any need for modification at this stage because their flawed legal claims are already moot and there would be no conduct for a court to enjoin. Accordingly, the Court should deny Plaintiffs' Motion.

### C. Plaintiffs do not meet the standard for modifying the protective order.

Setting aside these obvious practical problems with Plaintiffs' litigation strategy, Plaintiffs do not meet the standard for modifying the protective order.

Should the Court entertain the substance of Plaintiffs' Motion, their requested relief should nevertheless be denied because Plaintiffs have failed to overcome the "strong presumption against the modification of a protective order." *See, e.g.*, *Knitting Fever, Inc. v. Coats Holdings Ltd.*, No. CV05-1065 DRH WDW, 2011 WL 3678823, at *1 (E.D.N.Y. Aug. 22, 2011) (denying request to

6

modify the protective order where there was "no showing of improvidence and no showing of any extraordinary circumstance or compelling need . . . that would overcome 'the strong presumption against the modification of a protective order'"); *Med. Diagnostic Imaging, PLLC v. Carecore Nat., LLC*, Nos. 06 Civ. 7764(CS)(THK), 06 Civ. 13516(VM)(THK), 2009 WL 2135294, at *2–4 (S.D.N.Y. July 16, 2009) (same).

Plaintiffs concede, as they must, that the Second Circuit recognizes a "strong presumption against the modification of a protective order." *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 229 (2d Cir. 2001). The standard is clear: "a District Court should not modify a protective order granted under Rule 26(c) 'absent a showing of improvidence in the grant of [the] order or some extraordinary circumstance or compelling need.'" *Id.* (quoting *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 296 (2d Cir. 1979)). This rule makes good sense: "If previously-entered protective orders have no presumptive entitlement to remain in force, parties would resort less often to the judicial system for fear that such orders would be readily set aside in the future." *Id.* at 229–30. The Second Circuit has further held that it is "presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *Id.* at 230 (citing *Palmieri v. State of New York*, 779 F.2d 861 (2d Cir. 1985)).

Plaintiffs have not come close to showing an "extraordinary circumstance" or "compelling need" that would justify modifying the protective order in this case, and resort instead to hyperbole and selective quotations of internal documents that are offered for no apparent purpose other than to taint the Court's view of the Noom. (Mot. at 10–11.) While Plaintiffs contend that modification is warranted because Noom could not have reasonably relied on the protective order, each of their arguments misses the mark. (Mot. at 13; *see also Tradewinds Airlines, Inc. v. Soros*, No. 08 CIV. 5901 (JFK), 2016 WL 3951181, at *1 (S.D.N.Y. July 20, 2016) ("where a party or deponent could

7

not have reasonably relied on the continuation of the protective order, the decision whether to modify the order is left to the 'sound discretion of the trial court.'")). Courts consider the following factors to determine whether a party reasonably relied on a protective order: "(1) the scope of the protective order; (2) the language of the order itself; (3) the level of inquiry the court undertook before granting the order; and (4) the nature of reliance on the order." *Tradewinds*, 2016 WL 3951181 at *2 (citing *In re Sept. 11 Litig.*, 262 F.R.D. 274, 277 (S.D.N.Y. 2009)). None of these factors weighs in favor of modification in this case.

    ***Scope of the protective order.*** Contrary to Plaintiffs' assertion, there is no "blanket" protective order in this case. A "blanket" protective order "cover[s] all documents produced during the litigation, not a targeted order covering only certain documents." *Id.* (citing *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 255 F.R.D. 308, 318 (D. Conn. 2009)). Noom has never sought blanket confidentiality protections for all documents produced in discovery during this litigation. Rather, the operative protective order—which closely adheres to Your Honor's model protective order—expressly requires parties to make good-faith determinations on a document-by-document basis as to whether material should be designated as confidential. (ECF No. 58 ¶ 1.) Noom has reasonably relied on this provision to adopt narrowly tailored confidentiality designations to protect its sensitive business information from public disclosure. (*See, e.g.*, ECF Nos. 118, 166, 168 181, 187, & 203 (requests to seal confidential materials in public filings)). There is thus no basis for Plaintiffs to claim that the scope of the protective order is overly broad.

    Plaintiffs further argue that the protective order is more susceptible to modification because it is a ***stipulated*** order. (Mot. at 15; *see also In re EPDM*, 255 F.R.D. at 319 ("*[s]tipulated* blanket orders are even less resistant to a reasonable request for modification") (emphasis in original).)

8

While it is true that the parties styled their proposed protective order as a "stipulated" order, they did so **at the Court's direction**. (*See* Sept. 9, 2020, Hrg. Tr. at 31:1–18.) Indeed, the Court urged the parties ***not*** to negotiate their own stipulated protective order, and adopt the Court's model order instead. *Id.* at 31:8–9 ("So rather than have a lot of back and forth about a confidentiality order, I suggest that you use my model."). The Court made it clear that the model order was the appropriate vehicle for preserving the confidentiality of sensitive materials exchanged in discovery.

*__The language of the order itself.__* The language of the order does not contemplate modification. In determining whether a party could have reasonably relied on the continuation of a protective order, courts consider whether "a protective order contains express language that limits the time period for enforcement, anticipates potential modification, or contains specific procedures for disclosing confidential materials to non-parties." *Charter Oak Fire Ins. Co. v. Electrolux Home Prods., Inc.*, 287 F.R.D. 130, 132 (E.D.N.Y. 2012) (quoting *In re EPDM*, 255 F.R.D. at 320). The language of the protective order in this case contains none of these elements—there is no limit on the time period for the order's enforcement; there are no provisions that expressly anticipate modification of the order; and there are no procedures for disclosing confidential materials to non-parties. Plaintiffs attempt to read modification provisions into the protective order's language in paragraph 3 (requiring the parties to make a good-faith effort to resolve disputes about confidentiality designations) and paragraph 9 (stating that there is no presumption that confidential information shall be filed under seal). But, plainly, neither of these paragraphs contemplates modifying the protective order and Plaintiffs' arguments to the contrary are wholly unpersuasive.

*__The level of inquiry the court undertook before granting the order__*. Plaintiffs assert that the Court did not carefully examine the order before entering it, relying instead on the order's

9

"boilerplate and conclusory statement that the order was entered upon a finding 'that good cause exists for the issuance of an appropriately tailored confidentiality order[.]'" (Mot. at 17–18 (citing ECF No. 58 at 1).)  As explained above, this is not the case—the Court held a hearing in which it examined the discovery issues in this litigation and, after considering the parties' positions, encouraged the parties to adopt the Court's model protective order.  (Sept. 9, 2020, Hrg. Tr. at 31:1–18.)

*The nature of reliance on the order.*  Plaintiffs appear to argue that Noom has not relied on the protective order to preserve the confidentiality of its sensitive information.  (Mot. at 18 ("Indeed, despite the Protective Order, the parties have engaged in hardfought discovery disputes, demonstrating that there is little concern that the Protective Order has engendered Defendants' reliance on the continuation of the protective order as currently written.").)  Plaintiffs' argument, to the extent discernible, says nothing about whether Noom relied on the protective order.  That is because there is no reasonable dispute that Noom has produced many highly sensitive materials in the course of discovery; it made good-faith, document-by-document determinations about whether materials should be designated as confidential; and it has clearly relied on the protective order to maintain the confidentiality of those materials (for instance, in its many efforts to redact confidential information contained in public filings in this litigation). (*See, e.g.*, ECF Nos. 118, 166, 168, 181, 187, & 203 (requests to seal confidential materials in public filings).)

Finally, Plaintiffs argue that modification is proper here because their request is "on all fours" with the request at issue in *Charter Oak*. (Mot. at 7 (citing *Charter Oak*, 287 F.R.D. 130).) But *Charter Oak* is readily distinguishable in several respects. Most importantly, the *Charter Oak* plaintiffs did not seek to use discovery materials in duplicative litigation in other venues; rather, they sought to use discovery materials in other products liability disputes involving the same

10

product, where there were clear efficiencies in permitting discovery materials to be shared across matters. Here, by contrast, plaintiffs seek to assert identical claims in other courts solely as part of a pattern of procedural gamesmanship. In addition, the *Charter Oak* plaintiffs sought to use discovery materials in other litigation that was already underway—whereas here, Plaintiffs' potential state-court litigation remains purely hypothetical and speculative. Further, the *Charter Oak* defendant had been highly uncooperative during the discovery process, and the plaintiffs had successfully moved to compel discovery in several instances. Here, by contrast, Noom has willingly participated in discovery and has already turned over tens of thousands of documents. For this reason as well, *Charter Oak* is inapposite.

### III. CONCLUSION

For the aforementioned reasons, Noom respectfully requests that the Court deny Plaintiffs' Motion.

Dated: New York, New York
February 26, 2021

COOLEY LLP

By: */s/ Aarti G. Reddy*
   Aarti G. Reddy

55 Hudson Yards
New York, New York 10001
Telephone: (212) 479-6000
Email: areddy@cooley.com

*Attorneys for Defendants Noom, Inc. and Artem Petakov*

11