**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

MOJO NICHOLS, et al.,

                          Plaintiffs,

       -against-

NOOM INC., et al.,

                          Defendants.

-----------------------------------------------------------------X

**20-CV-3677 (LGS) (KHP)**

**Order to Seal**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

     On February 3, 2021 the parties filed a joint pre-conference statement to set forth an agenda of discovery issues requiring Court intervention at an upcoming case management conference. (*See* ECF No. 186.) The letter was partially redacted as some information in the letter and certain exhibits annexed thereto contained information designated as confidential pursuant to the parties' protective order. After considering the matter further, Plaintiffs eventually consented to the sealing and redaction of certain portions of Exhibit D to that letter but opposed all other proposed redactions. On February 11, 2021 the parties submitted a joint letter outlining their respective positions on the contested redactions. (ECF No. 203.) Having reviewed the parties' submissions and the documents at issue, the Court finds that Noom's request to redact and seal the confidential information should be GRANTED.

**DISCUSSION**

     As opposed to judicial documents, to which the public has a strong presumption of access, documents passed between parties (or the Court) in discovery "lie entirely beyond the

presumption's reach." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).  Even when the Court assesses such documents in the context of a discovery motion, the documents remain non-judicial.  *Uni-Systems v. United States Tennis Ass'n*, 2020 U.S. Dist. LEXIS 251138, at *27 (E.D.N.Y. July 6, 2020).  While the Second Circuit has not explicitly ruled on this issue, this Court has previously found that documents and information submitted to the Court in connection with discovery-related disputes are not judicial documents.  *See Winfield v. City of New York*, No. 15-cv-5236 (LTS) (KHP), 2017 WL 2880556, at *4 (S.D.N.Y. July 5, 2017).  Further, "[w]hen discovery documents were submitted to the court pursuant to a confidentiality agreement, the Second Circuit has held that it is 'presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied.'"  *Id.* at *27-28 (quoting *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 230 (2d Cir. 2001)).

Federal Rule of Civil Procedure 26(c)(1) requires good cause for the issuance of a protective order.  Good cause exists when disclosure would result in a clearly defined, specific and serious injury.  *Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005); *see also Havens v. Metro. Life Ins. Co.*, No. 94-cv-1402 (CSH), 1995 WL 234710, at *11 (S.D.N.Y. Apr. 20, 1995).  That said, the Court sometimes has discretion to provide for broad protection of discovery during the pretrial stages of a complex litigation, even absent a highly particularized finding of good cause.  *In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006).

In this case, the documents at issue are not judicial documents, as they were merely filed in order to advise the court and "tee up" certain discovery disputes between the parties that required judicial intervention.  Further, Noom argues that the proposed redactions contain highly sensitive, non-public information related to internal policies and financial information.

2

Specifically, the information and documents at issue relate to Noom's policies surrounding the handling of consumer cancellations and complaints related to the autorenewal feature of the Healthy Weight program, Noom's flagship product.  The Court is satisfied that such information is "sensitive non-public information" as contemplated in the parties' protective order (*see* ECF No. 58 ¶ 1,) and that disclosure could reasonably be expected to competitively harm Noom.

Moreover, the Court notes that the information and documents at issue concern internal policies and procedures.  Although the documents clearly guided Noom employees in their interactions with consumers, it is misleading to suggest, as Plaintiffs do, that the documents or their contents have actually been disseminated to the consuming public or that their confidentiality has been waived.

The Court is thus satisfied that the sealing request should be granted.  Although the Court will grant Noom's request to seal and redact these documents at this stage of the litigation, the Court's ruling will not prejudice Plaintiffs from renewing their requests to publicize these documents if and when they become "judicial" – for instance, if they are eventually submitted before the Court in connection with a motion for summary judgment.

## CONCLUSION

Accordingly, the Court respectfully requests that the Clerk of Court ensure that the documents filed at ECF Nos. 188-191 remain under seal, with access limited to the parties and the Court.

**SO ORDERED.**

Dated: New York, New York
March 8, 2021

_____
KATHARINE H. PARKER
United States Magistrate Judge

4