```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/12/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MOJO NICHOLS, et al.,

Plaintiffs,

-against-

NOOM INC., et al.,

Defendants.

-----------------------------------------------------------------X

**DISCOVERY ORDER CONCERNING
MODIFICATION OF PROTECTIVE
ORDER**

**20-CV-3677 (LGS) (KHP)**

**KATHARINE H. PARKER, United States Magistrate Judge**

Plaintiffs represent a putative class of consumers who subscribed to Noom Inc.'s

("Noom") app-based weight loss program.  According to the complaint, Noom engaged in

deceptive practices to entice consumers to sign up for a trial period and then trap them into an

auto-renewed subscription that was difficult to cancel, saddling them with unwanted multi-

month subscription fees.

Defendants have moved to dismiss the Third Amended Complaint in this action on

various grounds including, but not limited to, failure to plead fraud with particularity, failure to

state a claim, and waiver.  (ECF No. 205.)  Defendants also argue that Plaintiffs lack standing to

seek injunctive relief in this action.  (*Id.*)

Pending resolution of that motion, the parties have engaged in discovery.  To protect

confidential information exchanged in discovery, the parties entered into a Stipulated Order of

Protection.  (ECF No. 58.)  This Court encouraged the parties to adopt the Court's model

protective order to reduce time and expense negotiating one, which the parties did in large

part.  (Sept. 9, 2020, Hr'g Tr. at 31:1–18.)  Noom has produced confidential information

1

pursuant to that agreement, including some which was later presented to the Court in

connection with discovery disputes.  To continue to protect that information, Noom requested,

and the Court granted, permission to file that information under seal.

Plaintiffs have now moved to amend the Protective Order so that they can utilize

materials obtained through discovery in this action in two state court actions they anticipate

filing against Defendant Noom.  (ECF No. 209.)  Believing that they likely will lose the motion to

dismiss with respect to their claims for injunctive relief, Plaintiffs explain that they intend to

bring the two state court actions, one in California and one in New York, to obtain injunctive

relief they are unlikely to get in this Court.  (*See* ECF No. 220 at 2.)

Defendants oppose any changes to the Protective Order.  They argue that Plaintiffs'

request is premature because they have not yet filed the state court actions, that the strategy

of pursuing claims in multiple courts is inefficient and illogical, and that Plaintiffs do not satisfy

the standard for modifying a protective order.

As a general rule, where a party has reasonably relied on a protective order, the

protective order should be modified only upon a showing of "'improvidence in the grant of

[the] order or some extraordinary circumstance or compelling need.'"  *S.E.C. v. TheStreet.Com*,

273 F.3d 222, 229 (2d Cir. 2001) (quoting *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 296

(2d Cir. 1979)).  Courts consider the following factors to determine whether a party reasonably

relied on a protective order: "(1) the scope of the protective order; (2) the language of the

order itself; (3) the level of inquiry the court undertook before granting the order; and (4) the

nature of reliance on the order." *Tradewinds Airlines, Inc. v. Soros*, No. 08-cv-5901 (JFK), 2016

WL 3951181, at *2 (S.D.N.Y. July 20, 2016) (citing *In re Sept. 11 Litig.*, 262 F.R.D. 274, 277

(S.D.N.Y. 2009)).  The Court also may consider additional factors such as the purpose of the

modification, whether additional non-parties would gain access to the information, and the

type of confidential information at issue.  *In re EPDM*, 255 F.R.D. 308, 318 (D. Conn. 2009).

In this case, the Protective Order was entered for purposes of discovery and limits the

use of confidential information produced in discovery to this action alone—a typical provision.

The Court did not engage in a high level of inquiry regarding the subjects of protection—instead

the parties utilized a model provided by the Court.  Thus, the Protective Order is more akin to a

"blanket" order designed to facilitate discovery—it was not designed to protect specific

documents or deponents; rather, it requires the parties to review their production and then

permits them to designate as confidential only those documents that the producing party

believes are "proprietary, a trade secret or otherwise sensitive non-public information."  (ECF

No. 58 ¶ 1.)  The Protective Order also permits the receiving party to challenge a confidentiality

designation and states that neither party should assume that a document designated

confidential for discovery purposes will be permitted to be filed with the Court under seal.  (*Id.*

¶ 9.)  Thus, neither party can rely on the Protective Order to ensure the confidentiality of

documents exchanged in discovery that are later used in connection with dispositive motions

and/or trial.  Rather, a separate motion to seal must be filed in connection with such

documents.

Noom has reasonably relied on the Protective Order and endeavored to adopt narrowly

tailored confidentiality designations to protect its sensitive business information from public

disclosure and has, in fact, obtained further protection from public disclosure for some of this

information when the Court granted requests to seal.  (*See, e.g.*, ECF Nos. 118, 166, 168, 181,

187, & 203 (requests to seal confidential materials in public filings).)  Its course of conduct

reflects an understanding that the Court will scrutinize publicly filed documents pursuant to a

motion to seal, that it can only protect such documents from disclosure if the Court grants such

a motion, and that the Protective Order only prevents Plaintiffs and other specified associated

persons from disclosing confidential information outside the conduct of this litigation.  To be

sure, this is still substantial protection and eliminates many unnecessary discovery disputes

over confidentiality.

On balance, the Court agrees that if Plaintiffs elect to file actions for injunctive relief

against Noom in state court, it would be more efficient to permit the parties to use discovery

obtained in this case in those state court action subject to the terms of this Court's Protective

Order.  *Charter Oak Fire Ins. Co. v. Electrolux Home Prods., Inc.*, 287 F.R.D. 130, 134–35 (E.D.N.Y.

2012) (modifying protective order so that confidential material could be disclosed to other

attorneys representing a named party in "any other pending or future action between the

parties" stemming from similar facts or circumstances as those in the initial case); *see also*

*Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 192 F. Supp. 3d 400, 406 (S.D.N.Y. 2016)

("where, as here, two lawsuits have been filed by the same plaintiff . . . on the same legal

theories, against two defendants who already share the same counsel, it is difficult to imagine

what non-tactical objection [the plaintiff] could have to the prospect of those defendants

sharing discovery as well").  But those actions have not yet been filed.  Thus, there is no need

for a modification of the Protective Order at this point in time.  Additionally, it is unclear to this

Court what the scope of discovery will be in those actions and whether the scope of

information relevant in those cases will be co-extensive to the discovery in this action.  After

Plaintiffs file those actions, the type of information that needs to be exchanged in those cases will be clearer and the parties and this Court will be in a better position to evaluate the nature of the modification to the Protective Order that may be required.  While it seems an order similar to the one proposed by Plaintiffs could be appropriate, it is premature to determine the precise scope of such a modification at this time.

**CONCLUSION**

For the reasons set forth above, Plaintiffs' letter motion at ECF No. 209 is DENIED WITHOUT PREJUDICE.

**SO ORDERED.**

DATED:   March 12, 2021
         New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge