UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOJO NICHOLS, SUSAN BREWSTER, DUANE DEA, MARYANNE DERACLEO, KAREN KELLY, REBECCA RICHARDS, JENNIFER SELLERS, and STACY SPENCER,<br><br>*Individually and on Behalf of All Others Similarly Situated*,<br><br>Plaintiffs,<br><br>v.<br><br>NOOM, INC., ARTEM PETAKOV, and JOHN DOES 1 TO 5,<br><br>Defendants. | No. 20 Civ. 3677 (LGS) (KHP) |

**DECLARATION OF J. BURKETT MCINTURFF IN SUPPORT OF PLAINTIFFS' OBJECTIONS TO JUDGE PARKER'S DISCOVERY ORDER CONCERNING PRODUCTION OF HYPERLINKED INTERNAL DOCUMENTS**

I, J. Burkett McInturff, declare as follows under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1. My firm, Wittels McInturff Palikovic, is counsel for Plaintiffs and the proposed Class. Based on my active participation in all material aspects of the prosecution of this consumer class action, I have personal knowledge of the matters set forth herein.

2. I make this Declaration in support of Plaintiffs' Objections to Judge Parker's Discovery Order Concerning Production of Hyperlinked Internal Documents (the "Objections") and to authenticate the attached exhibits referenced in Plaintiffs' Objections and the Forrest Declaration in support thereof, and to substantiate certain facts.

## Substantiating Facts

3. Noom has produced less than a dozen emails and significant email and text-based document review is not likely to begin for at least another month.

4. Based on Noom's proposed production schedule, ECF No. 243 at 3, to be discussed at the April 15, 2021 discovery conference, substantial document productions are likely months away.

5. At 2:09 a.m. this morning, April 2, 2021, Noom made an additional document production, which Plaintiffs did not have time to incorporate into their analysis.

6. On December 4, 2020, Plaintiffs asked Defendants to provide the child documents embedded in several Parent documents that Defendants had produced on November 30, 2020.

7. On February 16, 2021, Plaintiffs requested production of a Child video file linked to a Parent Microsoft Word document that Noom had produced on January 28, 2020. On February 22, 2021, Noom emailed Plaintiffs the requested video file and produced it with a Bates number three days later.

8. On February 22, 2021, Plaintiffs advised Noom that they were concerned that there could potentially be a second Child video file linked within the same Parent Microsoft Word document referenced *supra* ¶ 7 and asked Noom to confirm whether the second link was to the already-produced video. Noom ignored Plaintiffs' question, instead burying the second video in a document production more than three weeks later (unmentioned in the production email cover letter). Noom's failure to produce these Child videos at the time of the January 28 production and the protracted efforts required to obtain the second video have prejudiced Plaintiffs' letter-motion to compel a sampling protocol for Noom's customer communications repositories, which had a filing deadline of March 12, 2021, five days before Noom slipped the second video into its

production.

9. On March 22, 2021, Plaintiffs requested that Noom produce a single spreadsheet embedded on page 3 of a document the parties used to designate the relevant period for discovery (*i.e.*, January 1, 2017 to the present). Based on a preliminary review, Defendants apparently produced the linked spreadsheet at 2:10 a.m. today, eleven days after it was first requested.

10. These issues would not be before Your Honor but for the fact that Noom reneged on its August 26, 2020 commitment to Plaintiffs that Noom would produce hyperlinked documents in emails and other documents.

11. On August 25, in advance of a meet and confer the next day, Plaintiffs circulated an ESI protocol that defined "Family Groups" with specific reference to "files with extracted embedded OLE documents and email or other documents together with any documents referenced by document stubs within those emails or other documents" making clear that together these documents "constitute family groups."

12. The parties discussed the issue of linked documents during their August 26 meet and confer, Noom's ESI attorney Kevin Duncan agreed that linked documents would be produced, which was reflected in their parties' respective ESI protocol drafts.

13. The night before the December 10, 2020 discovery conference, the parties were notified by Judge Parker's chambers that because of a personal matter the Court was adjourning the conference to January 12, 2021.

14. Plaintiffs' counsel's notes of the February 4, 2021 conference before Judge Parker indicated that the Court granted Plaintiffs leave to reraise their concerns if we could demonstrate that Plaintiffs are unable to efficiently access relevant linked documents and that in issuing the

3

December 10 order the Court understood the dispute regarding hyperlink email attachments to be about links to publicly available documents on the internet, not links to Noom's password-protected documents.

15. By Plaintiffs' count, to date Noom has produced only roughly 2,500 text-based documents since discovery started in September 2020.

## Authenticating Documents

16. Attached hereto as Exhibit 1 is a true and correct copy of an email from defense counsel Charlie Low to Plaintiffs' Counsel dated November 20, 2020 and attaching a draft letter from defense counsel.

17. Attached hereto as Exhibit 2 is a true and correct copy of an email exchange between the parties from October 30, 2020 to November 12, 2020.

18. Attached hereto as Exhibit 3 is a true and correct copy of an email from defense counsel Joe Mornin to Plaintiffs' Counsel dated March 17, 2020.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed: Armonk, New York
April 2, 2021

/s/ J. Burkett McInturff
J. Burkett McInturff (JM-4564)

**WITTELS MCINTURFF PALIKOVIC**
18 HALF MILE ROAD
ARMONK, NEW YORK 10504
Telephone: (914) 319-9945
Facsimile: (914) 273-2563
jbm@wittelslaw.com

*Counsel for Plaintiffs
and the Proposed Class*