```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/15/2021
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

MOJO NICHOLS, et al.,

                              Plaintiffs,

              -against-

NOOM INC., et al.,

                              Defendants.

----------------------------------------------------------------X

**20-CV-3677 (LGS) (KHP)**

**Order**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      Defendants request reconsideration of this Court's order granting Plaintiffs permission to take a limited 30(b)(6) deposition of a person knowledgeable about the so-called Healthy Weight "one-time" plan. Under this plan, customers signed up for a 14-day trial period, after which they were charged for a one-time subscription for a pre-established, finite period. Noom began offering the product at issue in this case, which has a periodic automatic renewal policy, in or about March 2017.

      Initially, Plaintiffs sought extensive document discovery on the one-time plan and other similar predecessor plans to the product at issue in this case. Because those plans or products are not the subject of this action, Noom objected to the discovery on relevance and proportionality grounds. The parties raised the dispute with this Court during a regularly scheduled case management conference.

      After hearing from the parties, this Court agreed that extensive document discovery on one-time plans was disproportionate to the needs of the case given the substantial document

1

discovery already underway. However, the Court recognized that some limited information about the one-time plan and Noom's transition to the periodic autorenewal plan was relevant insofar as it would allow Plaintiffs to better understand the background and context to Noom's adoption of the autorenewal plan at issue in this case. Therefore, the Court permitted the Plaintiffs to conduct a limited scope 30(b)(6) deposition to gather this information in an efficient way. The Court also held that, depending on the information learned during the deposition, the Plaintiffs might serve targeted document requests, if warranted.

Plaintiffs served the 30(b)(6) notice per the Court's direction. To the extent Noom requests that the deposition topics be limited and the length of the deposition be limited, its request is granted in part and denied in part. Plaintiffs' notice is not targeted in the manner contemplated by the Court and asks for information more appropriately sought in depositions pertaining to the autorenewal plan at issue in this case. Accordingly, the Court limits the scope of the 30(b)(6) deposition topics as follows:

Topic 1:  This information is limited in scope, relevant background information, and proportional to the needs of the case.

Topic 2:  This topic is modified to focus on the following questions:  Did the one-time plans terminate upon the end of the pre-paid, finite period?  How were consumers informed about options to renew upon termination of such plans?  What learnings, if any, did Noom take from customer use of the one-time plans in adopting the healthy weight auto renewal model?

Topic 3:  Provide the formal names and identifiers of the one-time plans that preceded the Healthy Weight autorenewal plan.  This information will assist Plaintiffs in distinguishing the plan at issue and communications about same from other plans offered by Noom and potentially referenced by documents and witnesses during discovery.

Topic 4:  This topic is not within the scope of the limited purpose 30(b)(6) deposition.  The topic is more appropriately explored in the context of depositions relating to the plan at issue through questions such as, why did Noom move to an autorenewal plan?

Topic 5: These details about the one-time plans are not relevant to the autorenewal plan at issue in this case and are not necessary to provide context.  Plaintiffs can explore the reasons for the length of the trial period, automatic enrollment, and cancellation features of the plan at issue in depositions concerning the autorenewal plan.

Topic 6:  Information about the rationale for features of the one-time plans is not relevant to the autorenewal plan at issue in this case and is not necessary to provide context.  Plaintiffs can fully explore the rationale for features of the autorenewal plan in depositions concerning it.

Topic 7:  This topic is more appropriately addressed in depositions concerning the autorenewal plan at issue through questions such as, why did Noom change to an autorenewal plan?

Topic 8:  This topic is modified as follows:  The number of customers enrolled in, and revenue derived from, Noom's one-time plans.  This general information can then be contrasted with information learned about the number of custodians enrolled in, and revenue derived from, the autorenewal plan at issue.

Topic 9: Plaintiffs may learn the names and titles of key individuals involved in the design, implementation, and review of Noom's one-time plans.  Plaintiffs will not be permitted to depose such individuals about the one-time plans absent a showing of good cause.  The identities of these individuals and their titles will allow Plaintiffs to determine whether there was overlap in the key designers of the one-time plans and the autorenewal plan at issue, which is a relevant piece of information.

Topic 10:  The information sought in this topic is not relevant and, even if marginally relevant, is not proportional to the needs of this case.

Topic 11:  The information sought in this topic is not relevant and, even if marginally relevant, is not proportional to the needs of this case.

Topic 12:  This topic, as phrased, is overbroad and not proportional to the needs of the case.  The topic is modified as follows:  Does Noom have records on whether one-time customers later joined the Healthy Weight autorenewal plan?  Does Noom know what percentage of the Healthy Weight autorenewal plan customers utilized a one-time plan prior to signing up for the autorenewal plan?  If so, what is that percentage?

Topic 13:  This topic is more appropriately addressed in depositions concerning the autorenewal plan at issue.  Plaintiffs can explore in depositions concerning the autorenewal plan whether the autorenewal plan's signup, charges, and cancellation process changed from the one-time plan and, if so, in what way and why.

It is unlikely that Plaintiffs will need 7 hours to obtain the information permitted above; however, the Court will not limit the hours, as the topics themselves, as limited, will necessarily reduce to time needed for the deposition and there is no need for arbitrary limits besides the 7-hour limit.

**SO ORDERED.**

Dated: New York, New York
April 15, 2021

_____
KATHARINE H. PARKER
United States Magistrate Judge