**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

MOJO NICHOLS, et al.,

                                 Plaintiffs,

                 -against-

NOOM INC., et al.,

                                 Defendants.

-----------------------------------------------------------------X

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC #:_____
DATE FILED: 4/15/2021

**20-CV-3677 (LGS) (KHP)**

**Post-Conference Order**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

       Consistent with the telephonic case management conference held on April 15, 2021 in the above-captioned matter, the parties are directed and advised as follows:

**Search Terms and Document Discovery:**

       Coming into the April 15 conference, the parties agreed on approximately 57 search terms.  Beyond those terms, Plaintiffs proposed 125 additional term lines to which Noom objects.  Having reviewed the proposed search terms and heard the parties' arguments on this issue, the Court finds that some of Plaintiffs' proposed terms are proper, while others are overly burdensome, unduly speculative, or premature at this stage of document discovery. Accordingly, as directed on the record at the April 15 conference, the Court hereby endorses only the following proposed term lines and directs Noom to incorporate these searches in its initial collection:[1]

- 1; 8; 9; 10; 11; 12; 13; 27; 44; 54; 55; 89; 90; 92; 108; 117

---

[1] The numbers listed derive from Plaintiffs' Exhibit C at ECF No. 295-3 and correspond to Plaintiffs' term numbers, which comprise the first column of that chart.

The Court will also permit modified versions of certain additional search terms proposed by the Plaintiffs.  Specifically, Noom should run searches for Plaintiffs' term numbers 59, 60, and 61, except that the terms "trial*" and "auto*" and "refund*" and "retain*" and "retention" should be struck from the term lines.

Noom should run these searches along with the search terms to which the parties already agree and begin reviewing documents as soon as is practicable.  As noted at the conference, Noom must produce its first round of responsive documents to Plaintiffs by no later than **May 15, 2021**.  Noom's second production will be due by **June 14, 2021**.  At the next status conference Noom should be prepared to report on the review population and whether it can ascertain an anticipated date for substantial completion of document production.

Furthermore, at the conference the Court provided very specific guidance to the parties on revisions to be made to Plaintiffs' term number 14.  Noom is directed to revise this search term so that it reads as follows:

- (Coach* w/6 (complain* OR confus*) AND refund* OR cancel*)

Noom should generate a hit report based on this revised term line.  Based on that hit report the parties should meet and confer to assess the review burden associated with the narrowed search line proposed by the Court and determine whether the revised term is proportional to the needs of the case.

With respect to Plaintiffs' remaining proposed terms, the Court will not require Noom to incorporate those search terms at this time.  This ruling is made without prejudice to Plaintiffs' right to resubmit these or other search terms if, after a meaningful exchange of documents, there is good cause to broaden the review population.

2

The parties are directed to the conference transcript for other rulings and directives of the Court.

**SO ORDERED.**

Dated: New York, New York
       April 15, 2021

KATHARINE H. PARKER
United States Magistrate Judge