UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

MOJO NICHOLS, et al.,

                                Plaintiffs,

               -against-

NOOM INC., et al.,

                                Defendants.

----------------------------------------------------------------X

**ORDER ON MOTIONS TO SEAL**

20-CV-3677 (LGS) (KHP)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/6/2021

**KATHARINE H. PARKER, United States Magistrate Judge**

      Before the Court are various motions to redact and/or seal documents filed in connection with discovery disputes in the above-captioned case. The party seeking redaction or sealing in each instance bears the burden of justifying the proposed redactions or sealing. That said, none of the motions to seal addressed in this Order are disputed by the non-moving party. The Court will address each motion in turn below after laying out the applicable law.

## Applicable Law

      As the parties recognize in their submissions, the public has a "general right to inspect and copy public records and documents including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). The weight given to the presumption of public access is determined by "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). Once determined, the weight of the presumption is balanced against the "danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure," among other factors.

*Lugosch v. Pyramid Co.*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *Amodeo*, 71 F.3d at 1049) (internal quotation marks omitted).

In addition to this common law right of access, the public has an even stronger First Amendment right of access to judicial documents. *United States v. Erie County*, 763 F.3d 235, 239 (2d Cir. 2014). In order to determine whether the First Amendment right of access attaches, the Court must consider: "(a) whether the documents 'have historically been open to the press and general public' (experience) and (b) whether 'public access plays a significant positive role in the functioning of the particular process in question' (logic)." *Id.* (quoting *Lugosch*, 435 F.3d at 120). If the First Amendment right of access attaches, documents "may be sealed only if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Erie*, 763 F.3d at 239 (internal alteration omitted).

As opposed to such judicial documents, however, documents passed between parties (or the Court) in discovery "lie entirely beyond the presumption's reach." *Amodeo*, 71 F.3d at 1050. Even when the Court assesses such documents in the context of a discovery motion, the documents remain non-judicial. *Uni-Systems v. United States Tennis Ass'n*, No. 17-cv-147 (KAM) (CLP), 2020 U.S. Dist. LEXIS 251138, at *27 (E.D.N.Y. July 6, 2020). Further, "[w]hen discovery documents were submitted to the court pursuant to a confidentiality agreement, the Second Circuit has held that it is 'presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied.'" *Id.* at *27-28 (quoting *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 230 (2d Cir. 2001)).

**ECF Nos. 258 & 287:**

First, Defendant Noom Inc. ("Noom") seeks the redaction and sealing of certain portions of exhibits annexed to Noom's motion for reconsideration filed at ECF No. 257.[1] The Court has reviewed Noom's submission in support of the redaction and sealing request (ECF No. 258,) as well as the exhibits at issue.

The relevant documents and information Noom seeks to seal or redact concern information passed between the parties during the course of discovery in this case. Specifically, Noom seeks to redact its responses to certain of Plaintiffs' discovery requests that contain confidential information related to Noom's subscription programs and when those programs were sold, among other data. Noom also seeks to redact certain portions of a document that contains pricing information related to Noom's autorenewal program. Because this information was exchanged through discovery pursuant to the parties' protective order, the presumption of public access to this information is low. Moreover, Noom has significant business and privacy interests in the information at issue. Indeed, this Court previously found that this sort of information was worthy of redaction. (*See* ECF No. 238 at 3.) Here too, the Court is satisfied that the subject information is "sensitive non-public information" as contemplated by the parties' protective order (*see* ECF No. 58 ¶ 1,) and that disclosure could reasonably be expected to competitively harm Noom. Accordingly, the Court finds that this motion to seal should be granted.

---

[1] The undersigned already resolved this motion for reconsideration at ECF No. 301.

Plaintiffs also filed a related request insofar as Plaintiffs' seek to redact or seal certain portions of their letter response to Noom's motion for reconsideration and Exhibit A annexed thereto. The Court notes that, subsequent to the filing of Plaintiffs' letter in opposition, the parties submitted revised, narrower proposed redactions for Plaintiffs' letter. (*See* ECF Nos. 306-7.) Having reviewed these documents, the Court finds that the narrowed proposed redacted material, if publicized, would disclose Noom's internal policies and procedures related to consumer engagement. Further, Exhibit A (already discussed above) contains confidential information related to Noom's subscription programs and when those programs were sold. All of this information was exchanged in discovery, was disclosed pursuant to the parties' protective order, and is being invoked in the context of a discovery motion that was already resolved by the Court. Accordingly, because the proposed redactions and sealing are narrowly tailored to protect Noom's privacy and business interests, I find that this motion to seal should also be granted. However, Noom must publicly file a version of these documents incorporating the significantly narrowed proposed redactions referenced above by **May 13, 2021**.

**ECF No. 276 & 296:**

Second, Plaintiffs seek to redact and seal various portions of their motion to remedy Noom's alleged violations of the Court's prior discovery orders and the exhibits annexed thereto.[2] The Court also notes that the parties submitted revised, narrower proposed redactions for Plaintiffs' letter motion and Exhibit D to that motion. (*See* ECF Nos. 308-10.) For similar reasons as those discussed above, the Court finds the proposed redactions to be vital to

---

[2] The undersigned already resolved this motion to remedy Noom's alleged violations at ECF No. 323.

4

preserving Noom's privacy and business interests and narrowly tailored to protecting those interests.

The information at issue here concerns Noom's internal communications, product strategy and development, revenue and user data, and confidential mediation communications. This is the sort of confidential business information that should be sealed pursuant to the parties' protective order given the low presumption of public access typically attributed to documents and information exchanged in discovery and used in connection with a discovery motion. *Uni-Systems*, 2020 U.S. Dist. LEXIS 251138, at *27. While the Court finds that most of the Plaintiffs' proposed redactions and sealings are narrowly tailored to preserve Noom's privacy and business interests, the Court notes that the more narrowly tailored redactions submitted at ECF Nos. 309 and 310 should supersede the broader proposed redactions previously submitted at ECF Nos. 277 and 281. Accordingly, the Court finds that this motion to seal should be granted but that Noom must publicly file a version of these documents incorporating the significantly narrowed proposed redactions by **May 13, 2021**.

Furthermore, Noom also seeks to redact limited portions of Exhibit 1 to its opposition to Plaintiffs' motion. The information at issue in this request primarily concerns Noom's prior productions of documents and, specifically, Noom's response to the Better Business Bureau warning. Although the Court finds that Noom's privacy interest in this information is relatively limited, the Court will not compel publication of this information at this time since Noom produced this information with the understanding that it would remain confidential pursuant to the parties' applicable protective order. *See S.E.C. v. TheStreet.Com*, 273 F.3d 222, 230 (2d Cir. 2001) (holding it presumptively unfair for courts to modify protective orders upon which parties

have reasonably relied). Accordingly, the Court will grant the letter motion to redact limited portions of Exhibit 1.

**ECF No. 294:**

Third, on April 14, 2021 the parties submitted a joint agenda letter in advance of a case management conference with the Court. Noom concurrently filed a letter motion to redact a portion of one sentence of that letter that references information exchanged in discovery concerning Noom's internal customer data. The proposed redactions are quite limited—they only cover approximately 15 words in a seven-page letter to the Court. Given the confidential nature of the information and the limited redactions requested, the Court approves this letter motion to redact.

## Conclusion

For the reasons stated above, the Court finds that the parties' various requests for sealing and redactions should be GRANTED. **Accordingly, the Court hereby grants ECF Nos. 258, 276, 287, 294, and 296**. **The Court respectfully requests that the Clerk of Court ensure that the documents filed at ECF Nos. 259, 277, 278, 279, 280, 281, 282, 283, 284, 288, 289, 290, 292, 295, 307, 309, and 310 remain under seal, with access limited to the parties and the Court.** Furthermore, Noom should file the narrowed proposed redactions adopted by the Court above by May 13, 2021. As is the case with all orders to seal in this case, Plaintiffs' right to contest the sealing and/or redaction of the documents addressed in this order in the event the documents are later filed in connection with a dispositive motion (*i.e.*, a motion for summary judgment) is preserved.

**SO ORDERED.**

DATED: May 6, 2021
New York, New York

_Katharine H. Parker_
KATHARINE H. PARKER
United States Magistrate Judge