

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/29/2021
```

Aarti Reddy
+1 415 693 2103
areddy@cooley.com

via CM/ECF

June 29, 2021

The Hon. Katharine H. Parker
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

**Re: *Nichols, et al. v. Noom, Inc., et al.*, Case No. 20-cv-3677 (LGS) (KHP)**

Dear Judge Parker:

Pursuant to Your Honor's Individual Rule § III.d, Defendants Noom, Inc. and Artem Petakov ("Noom") write respectfully to redact and seal portions of the Parties' Joint Letter Regarding Proposed Agenda and Position Statements for July 1, 2021 In Person Case Management Conference ("Joint Letter").

This Joint Letter contains confidential information that has passed between the parties in discovery. This information is on pages 2, 3, 5, and 6 of the Joint Letter in Plaintiffs' section, as well as in Exhibits B, C, and D attached to the Joint Letter. Consistent with the Court's Individual Practices to limit filings under seal to the information that is strictly necessary to avoid harm to the designating party, Noom only seeks to redact portions of the Joint Letter and seal Exhibits B, C, and D in their entirety.

As set forth below, sealing a portion of the Joint Letter is consistent with the Second Circuit's opinions in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016).

Pursuant to *Lugosch*, the Court must first assess whether the documents at issue are "judicial documents." 435 F.3d at 119. Once the Court has made that determination, it must assess the weight of the presumption of public access to the documents under the common law and the First Amendment, and then, it must weigh the presumption of public access against any competing interests, such as the privacy interests of the party resisting disclosure. *Id.* at 119-20.

The information Noom seeks to seal relates to material passed between the parties in discovery. As such, the presumption of public access is low. *See Bernstein*, 814 F.3d at 142 (documents "'such as those passed between the parties in discovery' often play 'no role in the performance of Article III functions' and so the presumption of access to these records is low") (citation omitted); *cf. In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 424 (E.D.N.Y. 2007) ("the documents at issue are not litigation filings, but documents produced in discovery, to which the right of public access has not attached"). Here, the confidential information in question concerns references to a specific documents that Noom has produced in discovery, as well as sensitive information regarding Noom's internal customer data. Where, as here, redactions are applied narrowly to address only specific confidential business information that was designated as confidential under the applicable protective order, courts have found the presumption of public access comparatively low and have granted the party's motion to seal. *E.g.*, *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-md-2542, 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014) (sealing information produced in discovery); *Firmode (Int'l) Co. v. Int'l Watch Grp., Inc.*, No. 2008-4890, 2009 WL



Hon. Katharine H. Parker
June 29, 2021
Page Two

3698137, at *2 (E.D.N.Y. Nov. 2, 2009) (collecting authorities sealing confidential supplier and pricing information).

Turning to the second portion of the *Lugosch* test, Noom has a significant privacy interests in the information at issue. This information reflects Noom's competitively sensitive information related to Noom's user engagement. Noom is a private company and public disclosure of such sensitive information would be highly prejudicial, afford its competitors an unfair advantage, and poses a substantial risk of harm to Noom. Not surprisingly, this is precisely the type of confidential, competitively sensitive information that courts regularly approve for redaction. *See, e.g.*, *IBM v. Lima*, No. 20-4573, 2020 WL 6048773, at *1–3 (S.D.N.Y. Oct. 13, 2020) (sealing "non-public details of IBM's revenues, . . . budget and performance"); *In re Keurig*, 2014 WL 12772236, at *2 (sealing sales and customer data); *Brookdale Univ. Hosp. & Med. Ctr., Inc. v. Health Ins. Plan of Greater N.Y.*, No. 07-1471, 2008 WL 4541014, at *1 (E.D.N.Y. Oct. 7, 2008) (sealing internal cost and revenue data); *Gelb v. AT&T Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (sealing internal financial information); *see also Bernstein*, 814 F.3d at 143 (noting that the duty to protect confidential client information is a factor that weighs in favor of sealing the material in question). Indeed, Exhibit D has already been previously sealed by the Court. *See* ECF Nos. 275-2 (slipsheet), 279 (sealed filing), 308 (letter confirming document is to be sealed in entirety).

As such, Noom's proposed redactions are appropriate and narrowly tailored and Noom's proposed filing of Exhibits B, C, and D under seal are designed to protect its interests under *Lugosch*, 435 F.3d at 120.

In accordance with the Court's Individual Practices and the Southern District of New York's Standing Order 19-mc-00583, Noom has filed this letter motion publicly on ECF and the proposed sealed documents contemporaneously under seal via ECF.

Sincerely,

*/s/ Aarti Reddy*

Aarti Reddy

**ORDER TO SEAL**
Having reviewed the proposed redactions and sealed exhibits, the Court hereby GRANTS Noom's letter motion to seal (ECF No. 357). Accordingly, the Court respectfully requests that the Clerk of Court ensure that the documents filed at ECF No. 358 remain sealed, with access limited to the parties and the Court.

SO ORDERED:

_____
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE

Date: June 29, 2021

Cooley LLP    55 Hudson Yards    New York, NY   10001-2157
t: (212) 479-6000  f: (212) 479-6275  cooley.com