# Cooley

Charles Low
+1 212 479 6859
chlow@cooley.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/13/2021

via CM/ECF

July 12, 2021

The Hon. Katharine H. Parker
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

The Court agrees that the transcript at ECF No. 350 should be redacted, but only to the limited extent that Defendants propose. Accordingly, Defendants must submit the Southern District's Redaction Request Form to the Court Reporter as soon as is practicable.

SO ORDERED:

*Katharine H. Parker*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE    Date: 7/13/2021

Re: **Nichols, et al. v, Noom, Inc., et al., Case No. 20-cv-3677 (LGS) (KHP): Letter Motion for Redaction of Hearing Transcript**

Dear Judge Parker:

Pursuant to Paragraph III.d of the Court's Individual Practices, Defendants Noom, Inc and Artem Petakov ("Noom") respectfully request that the Court redact and seal limited portions of the June 16, 2021 Hearing Transcript (ECF No. 350).

During the hearing, the parties discussed a confidential document that Noom has produced during discovery. This discussion of the confidential document appears on the June 16, 2021 Hearing Transcript at 62:13-14, 63:14-15, and 63:19-23. Consistent with the Court's Individual Practices to limit filings under seal to the information that is strictly necessary to avoid harm to the designating party, Noom seeks to seal ***only*** the specific confidential information described in the June 16 Transcript. As set forth below, these proposed redactions are consistent with the Second Circuit's opinions in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016).

Pursuant to *Lugosch*, the Court must first assess whether the documents at issue are "judicial documents." 435 F.3d at 119. Once the Court has made that determination, it must assess the weight of the presumption of public access to the documents under the common law and the First Amendment, and then, it must weigh the presumption of public access against any competing interests, such as the privacy interests of the party resisting disclosure. *Id.* at 119-20.

While Noom does not contest that the June 16 Transcript is a judicial document, the information it seeks to seal relates to material passed between the parties in discovery. As such, the presumption of public access is low. *Bernstein*, 814 F.3d at 142 (documents "'such as those passed between the parties in discovery' often play 'no role in the performance of Article III functions' and so the presumption of access to these records is low") (citation omitted); *cf. In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 424 (E.D.N.Y. 2007) ("the documents at issue are not litigation filings, but documents produced in discovery, to which the right of public access has not



attached"). Here, the confidential document in question contains highly sensitive and closely guarded user data that Noom disclosed to Plaintiffs during discovery. Where, as here, redactions are applied narrowly only to specific confidential business information that was designated as confidential under the applicable protective order, courts have found the presumption of public access comparatively low and have granted the party's motion to seal. *E.g.*, *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-md-2542, 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014) (sealing information produced in discovery); *Firmode (Int'l) Co. v. Int'l Watch Grp., Inc.*, No. 2008-4890, 2009 WL 3698137, at *2 (E.D.N.Y. Nov. 2, 2009) (collecting authorities sealing confidential supplier and pricing information).

Turning to the second portion of the *Lugosch* test, Noom has significant privacy interests in the document at issue. That document reflects Noom's competitively sensitive usage data. Noom is a private company and public disclosure of such sensitive information would be highly prejudicial and afford its competitors an unfair advantage, and poses a substantial risk of harm to Noom. Not surprisingly, this is precisely the type of confidential, competitively-sensitive information that courts regularly approve for redaction. *E.g.*, *IBM v. Lima*, No. 20-4573, 2020 WL 6048773, at *1-3 (S.D.N.Y. Oct. 13, 2020) (sealing hearing transcript that reflected "non-public details of IBM's revenues, . . . budget and performance"); *In re Keurig*, 2014 WL 12772236, at *2 (sealing sales and customer data); *Brookdale Univ. Hosp. & Med. Ctr., Inc. v. Health Ins. Plan of Greater N.Y.*, No. 07-1471, 2008 WL 4541014, at *1 (E.D.N.Y. Oct. 7, 2008) (sealing internal cost and revenue data); *Gelb v. AT&T Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (sealing internal financial information); *see also Bernstein*, 814 F.3d at 143 (noting that the duty to protect confidential client information is a factor that weighs in favor of sealing the material in question).

Finally, Noom would note that this Court and Judge Schofield have previously ordered the limited redaction and sealing of similar data in prior transcripts and filings. (*See* ECF Nos. 162, 237, 318 (ordering limited redaction of Noom's user data in transcripts); ECF Nos. 184, 238, 267, 322, 325, 343, 355 (ordering sealing of filings containing Noom user data).)

As such, Noom's proposed redactions to the June 16 Hearing Transcript are appropriate and narrowly tailored to protect its interests under *Lugosch*, 435 F.3d at 120, and Noom respectfully requests that the Court redact and seal the identified portions therein.

In accordance with the Court's Individual Practices and the Southern District of New York's Standing Order 19-mc-00583, Noom has filed this letter motion publicly on ECF and the proposed sealed documents contemporaneously under seal via ECF.

Respectfully submitted,

*/s/ Charles Low*
Charles Low
*Counsel for Defendants Noom, Inc. and Artem Petakov*