# Cooley

Ashley Corkery                                                    Via CM/ECF
T: +1 415 693 2103
acorkery@cooley.com

July 21, 2021

The Hon. Katharine H. Parker
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

**Re:** *Nichols, et al. v. Noom, Inc.*, No. 20-cv-3677 (LGS) (KHP)

Dear Judge Parker:

Defendants Noom, Inc. and Artem Petakov ("Noom") respectfully submit this extenuating circumstances emergency application to request an order enforcing this District's well-established rule that objections to form at depositions be limited to the words "objection as to form" and that no speaking objections be permitted. Additionally, Noom requests an order that the parties be permitted to go off the record in a deposition when the request is to raise an issue with the Court.

Noom sincerely apologizes to the Court for the time-sensitive nature of the instant motion. However, Noom is concerned that absent a clear order from this Court enforcing these basic ground rules for deposition practice in this District, Plaintiffs' counsel will continue to interfere with the six remaining Named Plaintiff depositions—the next of which is scheduled on July 27, 2021.

## I.    Counsel Must Refrain from Speaking Objections and Objections to Form, Other Than "Objection as to Form"

It is a well-settled practice in this District that, when making an objection as to form, attorneys should refrain from stating that a question is vague, ambiguous, or calls for speculation; counsel should simply state, "[o]bjection as to form." Elaboration is permitted only if examining counsel requests the basis. *See Meyer Corp. U.S. v. Alfay Designs, Inc.*, 2012 WL 3536987, at *4 (E.D.N.Y. Aug. 13, 2012). Indeed, as courts have observed, "it is not counsel's place to interrupt if a question is perceived to be potentially unclear to the witness." *Phillips v. Mfrs. Hanover Tr. Co.*, 1994 WL 116078, at *4 (S.D.N.Y. Mar. 29, 1994). Rather "[t]he Federal Rules of Civil Procedure provide two mechanisms to correct or clarify deposition testimony, namely cross-examination and through submission to the witness for review." *Cameron Indus., Inc. v. Mothers Work, Inc.*, 2007 WL 1649856, at *5 (S.D.N.Y. June 6, 2007). Likewise, "'speaking objections' that cue a witness how to answer (or avoid answering) a question are prohibited." *Fort Worth Emp. Ret. Fund v. J.P. Morgan Chase & Co.*, 2013 WL 6439069, at *4 (S.D.N.Y. Dec. 9, 2013) (collecting cases and noting, "[a]ny attorney who is unable to observe the rules for conducting or defending a deposition will be precluded from further participation in depositions").

Citing **this very same case law**, Plaintiffs' counsel requested months ago that the Parties agree that speaking objections be limited to objection as to form—a practice that Noom has



appropriately adopted in defending its own witness depositions. (*See* Ex. A, 11/11/2020 B. McInturff Email to A. Reddy, at 2-3 ("this is to confirm that defense counsel understands that an attorney making a form objection should say nothing more than 'objection: form' unless the attorney taking the deposition asks for an elaboration. . . . it is well-settled practice in this Circuit that attorneys should . . . simply state, 'Objection as to form'") (citing *Meyer Corp. U.S.*, at \*4).)

Nevertheless, counsel now refuses to comply with the same rules they acknowledged and urged Noom to adopt. Specifically, on July 14 and 20, 2021, Noom took the depositions of Named Plaintiffs Karen Kelly and Mojo Nichols, respectively. During both depositions, Plaintiffs' counsel Steven Wittels, engaged in a steady stream of speaking objections—interjecting a series of comments that had the effect of impermissibly coaching the witnesses.

Below are a few representative examples of improper objections that were lodged, as provided in the rough transcripts:[1]

- MR. WITTELS: "Objection. . . . Now or then she didn't see it until after the – she already . . . You're asking questions that are utterly unclear, and deceptive[;] why don't you be clear in your question." (Ex. B, Kelly Tr. at 76:10-18.)

- MR. WITTELS: "Yeah, you asked what did you understand. She didn't have a – she didn't read it at the time. So why are you asking her what she understood at the time? She didn't have it. She didn't read it." (Ex. B, Kelly Tr. at 77:1-5.)

- MR. WITTELS: "Just to clarify[,] the prior question was defendants as opposed to plaintiffs, when the lawyer asks . . . ." (Ex. C, Nichols Tr. at 38:24-25, 39:1.)[2]

- MR. WITTELS: "Well, sorry – what do you mean[,] question any other charges." (Ex. B, Kelly Tr. at 35:22-23.)

- MR. WITTELS: "It's unclear[,] go ahead if you can answer." (Ex. B, Kelly Tr. at 38:22-23.)

- MR. WITTELS: "I just want to object to the last question, when you said what apps do you have on your phone other than Noom, just for clarification. I'm objecting because it's sort of vague as to now or then so . . . ." (Ex. C, Nichols Tr. at 22:8-12.)

- MR. WITTELS: "To be clear, any refund you requested." (Ex. C, Nichols Tr. at 43:6-7.)

- MR. WITTELS: "Objection. He just answered it. . . . He did respond, you're just badgering him[,] but so you didn't like his answer[,] so objection." (Ex. C, Nichols Tr. at 65:2-10.)

---

[1] These rough transcripts are not final, and are excerpted to provide Your Honor with insight into what transpired.

[2] Mr. Wittels interjection to correct his client's misinterpretation of a pending question is improper. *Fashion Exch. LLC v. Hybrid Promotions, LLC*, 333 F.R.D. 302, 307 (S.D.N.Y. 2019) (holding that plaintiff's counsel's obstruction of a deposition through repeated speaking objections was improper).



- MR. WITTELS: "Objection.  You know, I mean[,] talk about deceptive questioning . . . but go on.  You can answer.  He's already answered the question five times.  Go on."  (Ex. C, Nichols Tr. at 67:17-22.)

In an email to chambers sent shortly after the deposition concluded, Mr. Wittels attempted to defend his conduct by claiming that his objections were to ensure counsel did not "interrupt the witness" and would "restate a question as to accurately recite the contents of a document."  As the examples above illustrate, the objections were not so limited.[3]  (*See* 07/20/2021 S. Wittels Email to Parker, J.)

In any event, that claim is beside the point: Mr. Wittels has been explicit that he does not believe that his objections during the deposition need to be limited to "objection as to form."  (*See* Ex. C, Nichols Tr. 69:8-69:19, 70:23-72:3 (Noom counsel's asking twice for confirmation that Mr. Wittels would limit his objections to "objection as to form," and Mr. Wittels refusing to provide such confirmation).)  Here, Plaintiffs' counsel repeatedly provided commentary that interfered with the deposition.  But the rule is simple: "[a]ny 'objection as to form' must say *only* those four words, unless the questioner asks the objector to state a reason."  *Druck Corp. v. Macro Fund (U.S.) Ltd.*, 2005 WL 1949519, at *4 (S.D.N.Y. Aug. 12, 2005).  Mr. Wittels' refusal to comply with these rules is therefore in contravention of local practice and the Parties' prior agreement.

## II.  Counsel Should Be Instructed to Accommodate Requests to Go Off the Record to Resolve Disputes

Mr. Wittels also sought to prevent Noom from raising this issue with the Court during the course of the deposition by refusing to allow counsel to go off the record to email chambers, even though Noom had only taken a single break after being on the record for over an hour.[4]  (*See* Ex. C, Nichols Tr. at 72:20-25-75:4 (Noom's counsel repeatedly requesting to go off the record to take a break in order to email chambers, and Mr. Wittels refusing to go off the record and forcing Noom's counsel to continue with questioning).)  Noom respectfully requests that the Court also issue an order directing counsel to permit reasonable breaks, particularly those that would allow for resolution of disputes in a timely fashion and that would avoid further motion practice or adjournment of the deposition.

Sincerely,

___/s/ Ashley Kemper Corkery____
Ashley Kemper Corkery
*Counsel for Defendants Noom, Inc. and Artem Petakov*

---

[3] Contrary to Mr. Wittels' representations in the same email, the fact that undersigned counsel was able to conclude the deposition despite these improper objections does not render this Motion a "non-issue," as Noom has noticed and scheduled six additional depositions and counsel has still not agreed to refrain from lodging speaking objections in future depositions. (*See* 07/20/2021 S. Wittels Email to Parker, J.)

[4] By contrast, Noom extended Mr. Nichols the courtesy of a 30-minute adjournment mid-deposition so that he could take a work call.