**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MOJO NICHOLS, SUSAN BREWSTER, DUANE DEA, MARYANNE DERACLEO, KAREN KELLY, REBECCA RICHARDS, JENNIFER SELLERS, and STACY SPENCER, | No. 20 Civ. 3677 (LGS) (KHP) |
| *Individually and on Behalf of All Others Similarly Situated*, | |
| Plaintiffs, | |
| v. | |
| NOOM, INC., ARTEM PETAKOV, and JOHN DOES 1 TO 5, | |
| Defendants. | |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

The Named Plaintiffs ("Plaintiffs") submit this Notice of Supplemental Authority to advise the Court of the Memorandum Opinion and Order (the "Order") filed last Wednesday by Southern District of New York Judge John G. Koeltl in *Morrell v. WW Int'l, Inc.*, No. 20 Civ. 9912 (JGK), --- F. Supp. 3d ----, 2021 WL 3185608 (July 28, 2021), which denied a motion to dismiss California consumer protection claims that is similar to the one the Noom Defendants made here.

Like the instant case pending before Your Honor, *Morrell* involves a California consumer's challenge to a diet company's autorenewal practices under California's Automatic Renewal Law (the "ARL"). *Id.* at *1. Just as in this case, the *Morrell* plaintiff's ARL claims were pleaded via California's general consumer protection statutes—its Unfair Competition Law (the "UCL"), False Advertising Law (the "FAL"), and the Consumers Legal Remedies Act (the "CLRA"). *Id.* Also like here, the *Morrell* plaintiff alleged that WW International, Inc. (f/k/a Weight Watchers, hereafter "WW") was unjustly enriched by its ARL violations and that it separately violated California's law governing weight loss service contracts, the Weight Loss Contracts Act. *Id.*

Judge Koeltl's Order overwhelmingly denied WW's dismissal motion. In so doing, Judge Koeltl explicitly rejected several of the same arguments Defendants have directed at Plaintiffs' California claims and arrived at additional persuasive legal conclusions that bear on Your Honor's analysis. The three key takeaways from Judge Koeltl's Order are as follows:

***First***, the Noom Defendants here incorrectly contend that Plaintiffs cannot bring ALR claims "because there is no private right of action." Defs.' Mem. of Law in Supp. of Mot. to Dismiss ("Defs.' Br.") at 2, ECF No. 206. Judge Koeltl made clear, however, that "courts applying California law have recognized that a 'consumer who has been harmed by a violation of the ARL may bring a claim pursuant to other [California] consumer protection statutes, including the FAL, CLRA, and UCL,'" *Morrell*, 2021 WL 3185608, at *4 (quoting *Arnold v. Hearst Mag. Media,*

*Inc.*, No. 19 Civ. 1969, 2021 WL 488343, at *6 (S.D. Cal. Feb. 10, 2021)).  This is exactly what Plaintiffs did here.

**<u>*Second*</u>**, the Noom Defendants committed at least <u>five</u> separate and actionable ARL violations.  *See* Third Am. Class Action Compl. ("TAC") ¶¶ 232, 250, 263, 871–72, ECF Nos. 167 (unredacted sealed version), 174 (redacted public version).  Faced with the daunting task of defending this fact, Noom's defense counsel conjured a perfect (but sophist) procedural storm in the hopes of depriving California consumers of <u>any</u> ability to vindicate their ARL rights—arguing that Plaintiffs cannot prosecute ARL claims under the CLRA because the Noom Defendants' weight loss services are simply CLRA-exempt "software," and that Plaintiffs cannot pursue any UCL or FAL claims because those are equitable in nature.  Defs.' Br. 9–15, 22–24.  The legal reasoning and common sense of Judge Koeltl's Order expose the folly of the Noom Defendants' ALR-related legal contortions.  While the Noom Defendants claim that ARL violations cannot be prosecuted via the CLRA because it "does not apply to software programs such as Noom," Defs.' Br. at 2, 23–24, the *Morrell* diet company defendant sold virtually identical services via the exact same avenues as Noom does here: "subscriptions to assist customers in developing healthy habits" including "services ranging from meal tracking to personal coaching" via mobile applications and WW's website.  *Morrell*, 2021 WL 3185608, at *1; *see also id.* ("[T]he plaintiff purchased a three-month membership from the defendant, using the defendant's mobile application while in California.").  In *Morrell*, there was no question (nor could there be) that the CLRA applied.  *Id.* Judge Koeltl's Order is proof positive that the Noom Defendants are wrong to claim that their app-based weight loss service is simply CLRA-exempt "software."  Defs.' Br. at 24.

The Noom Defendants also argue that the California Plaintiffs' "UCL and FAL claims and their CLRA claims for restitution and injunctive relief must be dismissed because these claims are

equitable in nature." *Id.* at 20; *see also id.* at 26 (Defendants arguing that recovery under an unjust enrichment theory is unavailable because "Plaintiffs may only seek equitable relief where they fail to plead an adequate remedy at law."). Defendants' claim is based on a misreading of *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020), which Noom combines with the above CLRA exemption claim to try and render Plaintiffs' ARL claims inactionable.

Judge Koeltl's analysis in *Morrell* is instructive here as well. After easily sustaining the *Morrell* plaintiff's ARL claims under the FAL, UCL, and CLRA, Judge Koeltl's also approved the ARL-related unjust enrichment count, recognizing that "[t]he ARL explicitly provides that any products or services delivered to consumers in violation of its provisions 'shall for all purposes be deemed an unconditional gift to the consumer.'" *Morrell*, 2021 WL 3185608, at *9 (quoting Cal. Bus. & Prof. Code § 17603). Judge Koeltl then correctly reasoned that "[b]ased on the plaintiff's allegations of an ARL violation, the defendant's acceptance of money for the 'unconditional gift' could give rise to a claim for unjust enrichment or restitution." *Id.* The exact same sound legal reasoning applies to Plaintiffs' California claims here.

Nevertheless, the Noom Defendants contend that if *any* possibility exists for *any* legal remedy for their ARL violations, *Sonner* mandates that all claims of an equitable nature must be dismissed at the early pleading stage. Defs.' Br. at 21–22. Here again Judge Koeltl's Order brings into sharp relief Defendants' overreading of *Sonner*. Once Judge Koeltl found that the *Morrell* plaintiff alleged adequate ARL violations (which the Noom Defendants concede here), he did not hesitate to sustain *both* equitable and legal claims arising from ARL violations. *See* 2021 WL 3185608, at *5 ("[T]he plaintiff has alleged that he suffered pecuniary damages as a result of the defendant's alleged violation of the CLRA, based on violations of the ARL. Thus, the plaintiff has pleaded facts sufficient to state a claim under the CLRA."); *see also id.* ("[T]he facts pleaded

are sufficient to allow a cause of action under the UCL and FAL, respectively, based on alleged violations of the ARL.").

Judge Koeltl's Order comes on the heels of several similarly instructive rulings allowing consumer plaintiffs to pursue restitution of illegal overcharges under the UCL while simultaneously pursuing damages under alternate legal theories notwithstanding the fact that "the monetary value of such relief may ultimately be the same." *Coleman v. United Servs. Auto. Ass'n*, No. 21 Civ. 217, 2021 WL 2577158, at *6 (S.D. Cal. June 22, 2021); *see also Elgindy v. AGA Serv. Co.*, No. 20 Civ. 06304, 2021 WL 1176535, at *15 (N.D. Cal. Mar. 29, 2021) ("Plaintiffs' claims under the unlawful and unfair prongs of the UCL are rooted in a different theory than Plaintiffs' common-law fraud, FAL, and UCL fraudulent prong claims.  Only equitable claims are available on Plaintiffs' theory that Defendant's services fee violates California insurance statutes and regulations.  Therefore, Plaintiffs are entitled to pursue equitable relief under this theory."); *id.* (also sustaining claims seeking "restitution under the fraudulent prong of the UCL and the FAL" because "[a]lthough rooted in the same theory, the elements of a common-law fraud claim require proof of conduct beyond that which must be shown to establish liability under the UCL and FAL" and thus consumers "may lack a remedy at law that is 'equally prompt and certain' as their equitable claims.  *Sonner* does not bar these claims.") (citations omitted).[1]

---

[1] *See also Rothman v. Equinox Holdings, Inc.*, No. 20 Civ. 09760, 2021 WL 1627490, at *12 (C.D. Cal. Apr. 27, 2021) ("The Court finds it premature at this stage of the litigation to determine whether plaintiff's alleged injuries have an adequate remedy at law.  While acknowledging that *Sonner* was decided on the pleadings, the Court notes that, unlike *Sonner*, this matter is not currently on the eve of trial and that there is, at present, no pending motion for injunctive relief that would require the Court to determine the adequacy of plaintiff's legal remedies."); *Krause-Pettai v. Unilever United States, Inc.*, No. 20 Civ. 1672, 2021 WL 1597931, at *4 (S.D. Cal. Apr. 23, 2021) ("[T]he present case is factually distinguishable from *Sonner*. There, the plaintiff sought leave to dismiss her CLRA claim and add a claim for restitution less than two months before the trial. . . .  The court found the purpose of that strategy was 'to request that the district court judge award the class $32,000,000 as restitution, rather than having to persuade a jury to award this amount as damages.'  None of those facts are present here.") (quoting *Sonner*, 971 F.3d at 838); *Harris v. McDonald's Corp.*, No. 20 Civ. 06533, 2021 WL 2172833, at *3 (N.D. Cal. Mar. 24, 2021) ("McDonald's argument that *Sonner* . . . requires rejection of the equitable claims at the pleading stage is not persuasive.").

***Third***, Judge Koeltl easily sustained a claim against WW's app-based diet service under California's Weight Loss Contracts Act (the "WLCA") where WW has its "principal place of business in New York" and offers California consumers a "mobile application."  *Morrell*, 2021 WL 3185608, at \*9.  Meanwhile, the Noom Defendants here claim that there is "no authority applying the [WLCA] law to Internet companies like Noom" because Noom is an "out-of-state company that offers a digital app."  Defs.' Br. at 24.  The Court should not let Defendants wriggle out of a consumer protection law that unquestionably applies to their conduct in California.

The Noom Defendants also claim that "neither California Plaintiff alleges that she wanted to cancel during her first three days, let alone was prevented from doing so, and therefore both fail to allege an injury of any kind" under the WLCA.  Defs.' Br.  at 25.  In *Morrell*, WW made the exact same argument, wrongly claiming that the WLCA "must be accompanied by an allegation that [p]laintiff would have tried to cancel *within the three business day* period."  WW's Mem. of Law in Supp. of Def.'s Mot. to Dismiss Pl.'s Compl. at 17, *Morrell*, ECF No. 17 (emphasis in original).  In sustaining the *Morrell* plaintiff's WLCA claim, Judge Koeltl squarely rejected this argument and held that "the plaintiff has alleged specifically that had the defendant adequately presented the requisite disclosure," the plaintiff would have been able to avoid unintended autorenewal charges.  *Morrell*, 2021 WL 3185608, at \*8.  Here, TAC ¶ 291 makes clear that "[h]ad Noom's payment page complied with California's Weight Loss Contracts Law, Plaintiffs would have been able to avoid financial injury."

Judge Koeltl's reasoning in *Morrell* is sound and should be adopted by Your Honor here.

Dated:  August 2, 2021                          Respectfully submitted,

                                                By: */s/ Steven L. Wittels*
                                                     Steven L. Wittels

                                                **WITTELS MCINTURFF PALIKOVIC**
                                                Steven L. Wittels
                                                J. Burkett McInturff
                                                Jessica L. Hunter
                                                18 HALF MILE ROAD
                                                ARMONK, NEW YORK 10504
                                                Telephone: (914) 775-8862
                                                Facsimile: (914) 273-2563
                                                slw@wittelslaw.com
                                                jbm@wittelslaw.com
                                                jlh@wittelslaw.com


                                                *Attorneys for Plaintiffs and the Proposed*
                                                *Class*