# Cooley

Aarti Reddy  
+1 415 693 2103  
areddy@cooley.com

via CM/ECF

August 5, 2021

The Hon. Katharine H. Parker  
United States District Court for the Southern District of New York  
Daniel Patrick Moynihan Courthouse  
500 Pearl Street  
New York, NY  10007

**Re:** *Nichols, et al. v. Noom, Inc. et al.*, **Case No. 20-cv-3677 (LGS) (KHP)**

Dear Judge Parker:

We write jointly on behalf of Defendants Noom, Inc. and Artem Petakov (collectively, "Noom") and Plaintiffs, in accordance with Your Honor's Individual Rule § III.d. to provide the parties' positions on Plaintiffs' request that the Court seal the following filings:

1. Limited portions of the rough deposition transcript of Karen Kelly, Exhibit B to Noom's Emergency Application, ECF No. 390-2 (sealed version); *see also* ECF No. 388-2 (Exhibit B slipsheet).

2. Limited portions of the rough deposition transcript of Mojo Nichols, Exhibit C to Noom's Emergency Application ECF No. 390-3 (sealed version); *see also* ECF No. 388-3 (Exhibit C slipsheet).

Plaintiffs seek to seal only the small sections of the rough deposition transcripts of these two Class Representatives that they have designated as "Confidential" pursuant to the operative protective order, ECF No. 58. Copies of Exhibit B and C to Defendants' application, with Plaintiffs' limited proposed redactions highlighted in green, are attached hereto as Exhibits 1 and 2 to this letter. Per the Southern District of New York Electronic Case Filing Rules & Instructions § 6.5(a), the parties respectfully submit that the Viewing Level to be applied to the unredacted copies of these documents filed contemporaneously with this letter should be "Selected Parties"—that is, limited to counsel appearing for Noom and Plaintiffs.

### I.      Plaintiffs' Position

Plaintiffs respectfully request that the Court grant their motion to permanently place under seal ECF Nos. 390-2 and 390-3 and to allow the parties to file public versions of these two documents with Plaintiffs' proposed limited redactions in place. Noom filed these rough transcripts of the Kelly and Richards depositions as exhibits to its extenuating circumstances

# Cooley

Hon. Katharine H. Parker
August 5, 2021
Page Two

discovery motion requesting that the Court issue orders regarding (1) the form of objections and (2) the taking of breaks at future depositions in this matter, *see* Defs.' Extenuating Circumstances Mot. (Defs.' Mot.), ECF No. 388 at 1. Plaintiffs seek only to redact references to personally identifying information ("PII"), including email addresses and financial account information, and other sensitive personal information discussed at these depositions, including private medically- and financially-related information. *See, e.g.*, Ex. 1 at 22:3–24:2; Ex. 2 at 33:17–34:12. Plaintiffs have designated this information "Confidential" pursuant to the operative protective order, ECF No. 58 ("Protective Order"), which allows counsel to designate "any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in . . . sensitive non-public information."[1] *Id.* ¶ 2.

### A. Neither the rough transcripts nor the very limited information therein that Plaintiffs seek to seal are "judicial documents."

The Second Circuit has held that "before determining whether the common law or First Amendment requires that [materials] be made accessible to the public," courts "must consider whether [those materials] indeed are judicial documents." *United States v. Erie Cty., N.Y.*, 763 F.3d 235, 239–40 (2d Cir. 2014); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). As Your Honor has previously held when reviewing sealing applications in this matter, "documents passed between parties (or the Court) in discovery," Order on Mots. to Seal dated May 6, 2021, ECF No. 325 ("May 6 Order") at 2, are not judicial documents and "remain non-judicial" even where "the Court assesses such documents in the context of a discovery motion," *id.* (citing *Uni-Systems v. U.S. Tennis Ass'n*, No. 17 Civ. 147, 2020 U.S. Dist. LEXIS 251138, at *27 (E.D.N.Y. July 6, 2020)); *see also Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 142 (2d Cir. 2016).

Because the Kelly and Nichols rough transcripts have been filed with the Court only in connection with ancillary deposition discovery disputes, they are not judicial documents under *Lugosch* and related Second Circuit case law. *See S.E.C. v. TheStreet.Com*, 273 F.3d 222, 233 (2d Cir. 2001). As Your Honor has noted, "even when the Court assesses such documents in the context of a discovery motion," documents exchanged in discovery remain "non-judicial." May 6 Order at 2. Moreover, the PII and sensitive personal information that Plaintiffs seek to seal and redact have no bearing on the underlying motion which occasioned Defendants' filing of this confidential testimony, as the Court need rule only on the propriety of objections to be made during depositions without considering any of the proposed redacted information. *See* Defs.' Mot. at 1.

---

[1] Pursuant to the parties' agreement, the entirety of the Kelly and Nichols rough transcripts are currently and temporarily marked "confidential" under the Protective Order while the deponents review the transcript under Federal Rule of Civil Procedure 30(e). The information that Plaintiffs seek to seal in ECF Nos. 390-2 and 390-3 and redact from public versions of those documents is the same information that Plaintiffs will designate confidential in the final deposition transcripts.



Hon. Katharine H. Parker
August 5, 2021
Page Three

    **B.** **Plaintiffs' privacy interests outweigh any common law or qualified First Amendment right of public access to the confidential information included therein.**

Even if the Court were to deem the deposition transcripts judicial documents, Plaintiffs respectfully submit that neither the common law nor the qualified First Amendment right of access requires disclosure given the protection afforded by courts in this Circuit to the privacy interests in sensitive personal information of the kind at stake here. *See Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 629 (S.D.N.Y. 2011) (noting that "most of the cases in which courts have concluded that the privacy interests of individuals were sufficient to overcome the presumption of access involve illness or sensitive personal financial information"); *United States v. Martoma*, No. 12 Cr. 973, 2014 WL 164181, at *6 (S.D.N.Y. Jan. 9, 2014) (noting the type of information to which "courts grant the greatest protection" is "medical, health-related, family, or personal financial matter").

Plaintiffs Kelly and Nichols have serious privacy interests in the confidential financial and health-related testimony that Plaintiffs now seek to seal, which outweigh the relatively low presumption of access to discovery documents that are "used in connection with a discovery motion," May 6 Order at 5. *See, e.g.*, *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public."). The balance between these privacy interests and the low presumption of access afforded the information here clearly tips in favor maintaining this information under seal.

Similarly, "experience and logic" do not "support making the document available to the public," *Erie Cty*, 763 F.3d at 239, under a First Amendment analysis. The proposed redactions are completely unrelated to the issue of what form of objections are acceptable at a deposition (and to the substantive claims in the suit). Indeed, Plaintiffs' PII and sensitive personal and health-related information are not matters "of public concern" and the public has no "interest in overseeing" them. *Erie Cty.*, 763 F.3d at 242. Accordingly, the Court should approve the confidentiality designations requested and permit the limited excerpts to remain sealed.

    **II.** **Noom's Position**

Noom does not oppose Plaintiffs' request to seal only the small sections of the rough deposition transcripts of these two Class Representatives that they have designated as "Confidential" pursuant to the operative protective order, ECF No. 58.

# Cooley

Hon. Katharine H. Parker
August 5, 2021
Page Four

Sincerely,

*/s/ Aarti Reddy*

Aarti Reddy

*/s/ Steven L. Wittels*

Steven L. Wittels

*Counsel for Plaintiffs
and the Proposed Class*

Cooley LLP   3 Embacadero Center, 20th Floor   San Francisco, CA   94111-4004
t: (415) 693-2000  f: (415) 693-2222  cooley.com