UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MOJO NICHOLS, et al.,

                                        Plaintiffs,

                -against-

NOOM INC., et al.,

                                        Defendants.

-----------------------------------------------------------------X

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:_____              │
│ DATE FILED: _9/1/2021_               │
└─────────────────────────────────────┘
```

20-CV-3677 (LGS) (KHP)

**ORDER ON MOTION TO SEAL**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

On February 12, 2021, Plaintiffs filed a motion to amend/correct the Protective Order in this case.  (ECF No. 209.)  That motion has long since been resolved.  (*See* ECF No. 240.) However, soon after Plaintiffs filed that motion, the parties filed a joint letter setting forth their respective positions on whether certain information contained within Plaintiffs' moving papers should be sealed from public view.  (ECF No. 219.)  Plaintiffs do not oppose the proposed redactions on page six of their memorandum of law in support of their motion, but the parties dispute whether the proposed redactions on pages 10-11 of the brief are proper under applicable law.  (*See* ECF No. 220 for the proposed redactions.)  The Court's ruling on the motion to seal is set forth below.

**DISCUSSION**

As the parties recognize in their submissions, the public has a "general right to inspect and copy public records and documents including judicial records and documents."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  The weight given to the presumption of

public access is determined by "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995).  Once determined, the weight of the presumption is balanced against the "danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure," among other factors. *Lugosch v. Pyramid Co.*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *Amodeo*, 71 F.3d at 1049) (internal quotation marks omitted).

In addition to this common law right of access, the public has an even stronger First Amendment right of access to judicial documents.  *United States v. Erie County*, 763 F.3d 235, 239 (2d Cir. 2014).  In order to determine whether the First Amendment right of access attaches, the Court must consider: "(a) whether the documents 'have historically been open to the press and general public' (experience) and (b) whether 'public access plays a significant positive role in the functioning of the particular process in question' (logic)."  *Id.* (quoting *Lugosch*, 435 F.3d at 120).  If the First Amendment right of access attaches, documents "may be sealed only if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Erie*, 763 F.3d at 239 (internal alteration omitted).

As opposed to such judicial documents, however, documents passed between parties (or the Court) in discovery "lie entirely beyond the presumption's reach."  *Amodeo*, 71 F.3d at 1050.  Even when the Court assesses such documents in the context of a discovery motion, the documents remain non-judicial.  *Uni-Systems v. United States Tennis Ass'n*, No. 17-cv-147 (KAM) (CLP), 2020 U.S. Dist. LEXIS 251138, at *27 (E.D.N.Y. July 6, 2020).  Further, "[w]hen

discovery documents were submitted to the court pursuant to a confidentiality agreement, the Second Circuit has held that it is 'presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied.'" *Id.* at *27-28 (quoting *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 230 (2d Cir. 2001)).

Here, the underlying documents containing the purportedly confidential information were disclosed during discovery and submitted to the Court in connection with a discovery motion.  Thus, the documents (and the parties' arguments that rely on the documents) are not "judicial" for purposes of a motion to seal; the presumption of public access to them is minimal. *Amodeo*, 71 F.3d at 1050.  Accordingly, the Court agrees with the parties that the information on page six of Plaintiffs' memorandum of law should be redacted to preserve Noom's competitive business interests.

However, the Court finds that the proposed redactions on pages 10-11 of Plaintiffs' memorandum of law are improper.  The proposed redactions relate to Noom's internal communications about consumer cancellation and refund protocol, Noom's profitability, and other policies and procedures related to cancellations and refunds.  Having reviewed the relevant statements and information, the Court finds that there is no legitimate competitive or privacy interest at stake that would be impinged through disclosure.  Accordingly, the Court will not permit this information to be filed under seal.  The Court does not view any of the internal policies disclosed in the memorandum of law as either "proprietary" or "private," as Noom contends.  Quite to the contrary, Plaintiffs' memorandum of law simply references general alleged conduct that is at the heart of this lawsuit.  Noom has failed to meet its burden to demonstrate any legitimate reason to maintain this information under seal.

## **CONCLUSION**

Plaintiffs are hereby directed to refile their memorandum of law in support of their motion to amend/correct the protective order with updated redactions in accordance with the Court's Order above.  The Court also respectfully requests that the Clerk of Court terminate the pending motion at ECF No. 219.


**SO ORDERED.**

Dated: New York, New York
       September 1, 2021

_____
KATHARINE H. PARKER
United States Magistrate Judge