UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MOJO NICHOLS, et al.,

                                        Plaintiffs,

                    -against-

NOOM INC., et al.,

                                        Defendants.

-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge**

**MEMORANDUM & ORDER**
**GRANTING PROTECTIVE ORDER**

**20-CV-3677 (LGS) (KHP)**

Plaintiffs in this case represent a putative class of consumers who subscribed to

Defendants' app-based weight loss program.  Plaintiffs claim that Defendants Noom Inc. and

Artem Petakov (collectively, "Noom") engaged in deceptive practices to entice consumers to

sign up for a trial period with the app and then trapped consumers into an auto-renewed

subscription that was difficult to cancel, saddling the allegedly unsuspecting customers with

unwanted subscription fees.

At a June 16, 2021 discovery conference, Noom raised a concern that Plaintiffs intend to

use personal contact information contained within documents produced by Noom in discovery

to solicit putative class members as fact witnesses.  Noom expressed its view that this conduct

violated prior Court Orders and that Plaintiffs should be prohibited from this sort of

investigative outreach.  Plaintiffs took the position that this fact-gathering exercise was proper

and consistent with their fiduciary duty to the putative class.  The Court ordered formal briefing

on the issue and directed Plaintiffs to hold off on contacting putative class members with the

confidential contact information until the Court rendered a ruling.

1

On July 7, 2021, Noom filed its motion to preclude Plaintiffs from using Noom's confidential information to contact absent putative class members.  (ECF Nos. 362-65.)  Plaintiffs filed their opposition on July 28, 2021.  (ECF No. 401.)  For the reasons set forth below, Noom's motion is GRANTED.

**DISCUSSION**

Because its customers' confidential information was contained within otherwise relevant data and information that was sought by Plaintiffs, Noom originally sought to redact such contact information from its production.  Ultimately, due to the burden and expense of redacting, it agreed (at the Court's urging) not to redact and instead rely on the Protective Order in this case so as not to unduly delay discovery.  Noom also relied on Plaintiffs' counsel's assurance that it would not use the unredacted contact information to solicit additional plaintiffs to serve as class representatives.

The existing Protective Order does not expressly prohibit the type of contact that Plaintiffs purport to seek from putative class members.  The ESI Protocol also does not expressly prohibit this type of outreach; rather, it contemplates redaction of personal health information, credit card numbers, and all but the last four digits of a customer's social security number.

Nonetheless, it is well established that individual consumers have a privacy interest in avoiding the dissemination of their names and contact information.  For this reason, courts protect this type of information from disclosure or permit such information to be anonymized or redacted.  *See, e.g., Hopkins v. U.S. Dep't of Hous. & Urban Dev.*, 929 F.2d 81, 87 (2d Cir. 1991); *Mitchell v. Metro. Life Ins. Co.*, No. 03-cv-10294 (WHP), 2004 WL 2439704, at *2 (S.D.N.Y.

2

Nov. 2, 2004) (holding that personnel files containing personal identifying information of non-parties are to remain confidential).

Consistent with this privacy principle, courts often refuse to allow discovery of class members' identities and contact information at the pre-certification stage of a litigation.  Courts also refuse to allow discovery of such information for the additional reason "that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification." *Dziennik v. Sealift, Inc.*, No. 05-cv-4659 (DLI) (MDG), 2006 WL 1455464, at *1 (E.D.N.Y. May 23, 2006) (approving redaction of personal identifying information from employment contracts produced in discovery).

Plaintiffs' counsel argues it merely seeks to use the information to solicit fact witnesses, not representative plaintiffs.  This argument is too cute by half.  It is a thin line between soliciting fact witnesses as opposed to representative plaintiffs.  Additionally, Plaintiffs do not need additional fact witnesses at this stage of the case.  Through information obtained from the Better Business Bureau and advertising this litigation on its firm website and otherwise on the internet, Plaintiffs' counsel has already been able to solicit fact witnesses from the putative class.  Plaintiffs' counsel has more than once informed this Court that it has been contacted by many Noom users who have similar complaints to those of the named Plaintiffs.  Further, Noom has provided a large sample of putative class member complaints about its autorenewal and cancellation policies.  And, of course, the named Plaintiffs will serve as witnesses and provide testimony in connection with class certification.  All of this information is more than sufficient for Plaintiffs to make their arguments in support of a class certification motion.

Noom's customers provided their personal information to Noom with the expectation that it would not be disclosed to anyone without their consent.  The Protective Order is in place to protect this interest.  The Court also recognizes that many consumers do not want companies to use their private information for advertising or other purposes and expressly opt-out of receiving solicitation calls and emails.  Insofar as no class has been certified, it is reasonable to assume that some portion of the putative class might be disturbed and offended if they are contacted by Plaintiffs' counsel and solicited to help with a litigation they know nothing about and from which they may never benefit (*i.e.*, if no class is certified).  Federal Rule of Civil Procedure 23(d) affords district courts discretion to, among other things, regulate communications between attorneys and putative class members prior to certification to limit the potential for misleading, coercive, or otherwise improper communications during the pre-certification phase.  *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981).  Rule 26(c) also authorizes the Court to issue a protective order on good cause.  The U.S. Supreme Court has recognized that contact information of putative class members is not typically relevant to the underlying issues in a case.  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 354 (1978) (finding a party's request for class member contact information as beyond "the scope of legitimate discovery").  Courts often refuse requests by plaintiffs to turn over putative class member contact information prior to class certification.  *See Duffy v. Illinois Tool Works Inc.*, No. 15-cv-7407, 2018 WL 1335357 (E.D.N.Y. Mar. 15, 2018) (denying request to produce putative class member names and contact information).  Here, it would be unfair to Noom to allow use of its customers' information in the way contemplated when Plaintiffs would have been denied discovery of such information for this purpose had the motion been teed up prior to Noom's

4

production and in light of the fact that the contact information was only disclosed because redaction would have delayed discovery.

In sum, Noom has satisfied its burden of demonstrating good cause for a protective order to preclude Plaintiffs from using unredacted contact information of putative class members from within its document and data production to solicit fact witnesses prior to a decision on class certification.  *See* Fed. R. Civ. P. 26(c)(1).  Precluding use of putative class members' contact information will protect their privacy interests and does not deprive Plaintiffs of their ability to gather sufficient information to support their motion for class certification.

The Court's Order does **not** preclude Plaintiffs or their counsel from reaching out to putative class members whose contact information they have obtained through public sources or through their own solicitation via Plaintiffs' counsel's website.  There is no basis to believe that any of Plaintiffs' counsel's contact with putative class members thus far has been improper, and Noom has not accused Plaintiffs' counsel of any improper conduct.  Thus, Plaintiffs' counsel is free to talk with putative class members; they merely are precluded from using the contact information included in Noom's production to achieve contact with putative class members at this point in the litigation.  *See Brown v. Mustang Sally's Spirits and Grill, Inc.*, No. 12-cv-529S, 2012 WL 4764585, at *2 (W.D.N.Y. Oct. 5, 2012) ("there is nothing inherently improper about a party's communication with potential class members prior to certification"); *Austen v. Catterton Partners V, LP*, 831 F. Supp. 2d 559, 567 (D. Conn. 2011) ("parties need to be able to communicate with putative class members – if only to engage in discovery regarding issues relevant to class certification – from the earliest stages of class litigation").

5

**CONCLUSION**

For the reasons set forth above, Noom's motion for a protective order (ECF No. 362) is

GRANTED.  Plaintiffs are prohibited from using the confidential contact information of putative

class members to contact such class members during the pre-certification phase of this case.


**SO ORDERED.**

DATED:   September 13, 2021
          New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge