# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- X
                                       :

MOJO NICHOLS, SUSAN BREWSTER,       :      Case No. 1:20-CV-03677 (KHP)
DUANE DEA, MARYANNE DERACLEO,   :
KAREN KELLY, REBECCA RICHARDS,   :
JENNIFER SELLERS, and STACY          :
SPENCER,                                :
                                       :
Individually and on Behalf of All Others   :
Similarly Situated,                    :
                                       :
                     Plaintiffs,        :
                                       :
                   v.                 :
                                         :
NOOM, INC., ARTEM PETAKOV, and     :
JOHN DOES 1 TO 5,                 :
                                         :
                   Defendants.     :
-------------------------------------------------------- X

**CLASS ACTION SETTLEMENT AGREEMENT**

Plaintiffs Mojo Nichols, Susan Brewster, Duane Dea, Maryanne Deracleo, Karen Kelly, Rebecca Richards, Jennifer Sellers, and Stacy Spencer (collectively, "Plaintiffs" or "Named Plaintiffs"), on their own behalf and on behalf of the Class Members, and Defendants Noom, Inc. and Artem Petakov ("Noom" or "Defendants") (together, the "Parties"), hereby enter into this Class Action Settlement Agreement ("Settlement Agreement," "Settlement," or "Agreement") pursuant to Federal Rule of Civil Procedure 23, subject to this Court's approval.

## I.   <u>RECITALS</u>

1.     WHEREAS on May 12, 2020, this proposed class action ("Action") was filed in the United States District Court for the Southern District of New York under the caption *Geraldine Mahood, on behalf of herself and of all others similarly situated v. Noom, Inc.*, No. 20 Civ. 03677, alleging violations of, *inter alia*, California's Automatic Purchase Renewal Statute, Cal. Bus. & Prof. Code § 17600 *et seq.*, and New York's General Business Law § 349.

2.     WHEREAS on July 30, 2020, Plaintiffs filed their First Amended Class Action Complaint with Alexandra Burwood, Maryanne Deracleo, Jennifer Sellers, Rebecca Richards, Elvera Honore, Susan Brewster, Mojo Nichols, Melissa Cuevas, and Karen Kelly added as Plaintiffs.  ECF Nos. 22, 23.

3.     WHEREAS on November 5, 2020 Plaintiffs filed their Second Amended Class Action Complaint with Duane Dea and Stacy Spencer added as Plaintiffs and Artem Petakov and John Does 1-5 added as Defendants.  ECF No. 88.

4.     WHEREAS on November 10, 2020, by way of Notice of Voluntary Dismissal Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Plaintiffs voluntarily dismissed the claims of Plaintiffs Mahood, Burwood, Cuevas, and Honore.  ECF No. 93.

5.     WHEREAS Plaintiffs filed their Third Amended Class Action Complaint on January 15, 2021, *see* ECF Nos. 149, 171, 174.

6.     WHEREAS on February 12, 2021, Defendants filed a motion to dismiss the Third Amended Class Action Complaint, ECF No. 204.

7.     WHEREAS on August 5, 2021, this Court granted in part and denied in part Defendants' Motion to Dismiss, sustaining certain causes of action and dismissing causes of action for conversion under certain states' laws as well as the portion of Plaintiffs' California Unfair Competition Law claim stemming from California's Bot Disclosure Law, ECF No. 415.

8.     WHEREAS Plaintiffs' counsel filed two state court actions on May 27, 2021, *Duane Dea, et al. v. Noom, Inc.*, No. RG21101244 (Cal. Super. Ct.), and *Maryanne Deracleo, et al. v. Noom, Inc.*, No. 653475/2021 (N.Y. Sup. Ct.).

9.     WHEREAS the Parties commenced discovery on July 9, 2020, and have conducted significant discovery to date, including: (1) twenty-five interrogatories and over 100 requests for production served by Plaintiffs; (2) eight interrogatories and over 400 requests for production responded to by Plaintiffs; (3) over 106,000 documents produced by Defendants, approximately 97.5 percent of which were reviewed by Plaintiffs' Counsel; (4) twelve party depositions taken or defended by each side; and (5) ten third-party subpoenas issued by Plaintiffs, including four preservation subpoenas and six third-party document and deposition subpoenas.

10.    WHEREAS the Parties engaged numerous consultants and experts, including:

a.     Ten consultants and/or expert witnesses in the fields of ESI discovery, negative option billing litigation, database discovery and data science, consumer behavior, statistics, and/or customer satisfaction engaged by Plaintiffs.

      b.    Five external consultants and/or expert witnesses in the fields of ESI discovery, database discovery, negative option billing, data science, and statistics engaged by Defendants.

11.    WHEREAS over the course of the Action, the Parties vigorously litigated the case, including that:

      a.    The Parties appeared before Magistrate Judge Katharine H. Parker 14 times for case management and discovery conferences to discuss complex contested issues including the scope of class action and merits discovery, complex ESI matters, and the timing of document production and deposition discovery.

      b.    The Parties filed more than ten substantive joint and/or simultaneous letters arguing their positions to Judge Parker in advance of the case management and discovery conferences. *See, e.g.*, ECF Nos. 65, 70, 90, 120, 141, 142, 186, 225, 243, 247, 290, 293, 338, 356, 422.

      c.    In addition to the joint letters referenced above, the Parties filed more than 20 contested discovery motions and other applications, including:

      i.    Novel and complex ESI motions, including motion practice regarding the treatment of hyperlinked internal documents. *See* ECF Nos. 105, 214, 260.

      ii.    Applications for the establishment of a bellwether process. ECF Nos. 110, 153.

      iii.    Motion practice regarding Plaintiffs' request to modify the protective order relative to anticipated injunctive actions in New York and California state court. ECF No. 209.

      iv.    Motion practice regarding a protocol for the sampling of Defendants' customer communication repositories. ECF No. 241.

v.      Motion practice regarding contact with absent Class Members.  ECF No. 362.

vi.      Motion practice regarding conduct at depositions.  ECF Nos. 388, 422, 459.

vii.      Motion practice regarding third-party subpoenas and apex depositions. ECF No. 391.

12.      WHEREAS counsel for the Parties have conducted arm's length negotiations since the fall of 2020 with the assistance of both noted JAMS mediator and former Chief Magistrate Judge of the U.S. District Court, Northern District of California, Edward A. Infante (3 mediation sessions), and Judge Parker (12 settlement conferences), including a half-day settlement conference via Microsoft Teams on May 13, 2021, as well as a two-day, in-person settlement conference that took place on September 13-14, 2021.

13.      WHEREAS, following an additional settlement status conference to discuss the scope of Defendants' class-wide engagement and transaction data production as part of the mediation process, Defendants produced, and Plaintiffs and their experts analyzed, over 2 billion records.

14.      WHEREAS as a result of these efforts, on September 14, 2021, the Parties reached an agreement in principle on certain material settlement terms and executed a term sheet memorializing those terms.

15.      WHEREAS on September 14, 2021, the Court entered a 60-day stay of all Court deadlines, ECF No. 465; on November 15, 2021, the Court entered an order further extending the stay of all Court deadlines by 30 days, ECF No. 479; on December 10, 2021 the Court entered an order further extending the stay of all Court deadlines by 42 days, ECF No. 483; and on January

25, 2022, the Court entered an order further extending the stay by six months, pending approval of the Parties' anticipated settlement, ECF No. 486.

16.     WHEREAS the Parties spent the period from mid-September 2021 to January 20, 2022 negotiating the final settlement terms.  As with all prior settlement negotiations and litigation in this matter, these discussions were vigorous and included comprehensive written correspondence and meet and confers among counsel on September 15, 17, 23, 24, October 7, 8, 13, 24, 25, 26, November 5, 9, 19, 23, December 6, 21, and January 18 and 20.

17.     WHEREAS the Parties have now reached this Agreement providing for a resolution of Plaintiffs' and the Class Members' claims.

18.     WHEREAS the Parties recognize that continued prosecution of this litigation would be protracted and expensive and the results uncertain.

19.     WHEREAS Plaintiffs have conducted extensive discovery relating to the basis for the claims alleged in the Action, Class Counsel continue to believe they have meritorious claims and that they would have ultimately succeeded at trial and on any subsequent appeal.  But Plaintiffs and Class Counsel recognize that, in addition to the uncertain outcome and risks inherent in any litigation, especially in complex actions, Noom has raised relevant factual and legal defenses that pose risks to the Class, namely (i) obstacles to an aggregate recovery for Class members; and (ii) issues of law that would be reviewed *de novo* on appeal even after Plaintiffs prevailed at trial. Class Counsel believe that this Agreement eliminates uncertainty in the outcome and presents an exceptional result for the Class, and one that will be provided without the delay and expense that would accrue to the Class were the Action prosecuted through trial and possible appeals.  In light of the substantial benefits that the Agreement confers on the Class Members and the Agreement's

fair, adequate, and reasonable provisions, Class Counsel concludes that it is in Class Members'

interest that the Action be fully and finally settled against Defendants on the terms set forth herein.

**NOW THEREFORE**, the Parties, by and among themselves, and through their respective

attorneys, hereby **STIPULATE AND AGREE** as follows:

## II.   DEFINITIONS

21.     **"Action"** means the case in the United States District Court for the Southern

District of New York entitled *Nichols, et al. v. Noom, Inc. et al.*, No. 20 Civ. 03677 (KHP)

(S.D.N.Y.), originally filed under the caption *Geraldine Mahood, on behalf of herself and of all*

*others similarly situated v. Noom, Inc.*, No. 20 Civ. 03677 (LGS) (KHP), on May 12, 2020.

22.     **"Agreement"** means this Class Action Settlement Agreement.

23.     **"Approved Claim"** means a Claim Form, submitted by a Class Member that is

timely and submitted in accordance with the directions on the Claim Form and the terms of this

Agreement, or is otherwise accepted by the Court and satisfies the conditions of eligibility for a

settlement payment as set forth in this Agreement.

24.     **"Authorized Claimant"** means a Class Member who submits an Approved Claim.

25.     **"Claims Deadline"** means the date by which a Claim Form must be postmarked or

submitted electronically to be considered timely.  The Claims deadline shall be sixty (60) calendar

days following the Notice Date.  The Claims Deadline shall be clearly set forth in the order

preliminarily approving the Settlement, as well as in the Notice and the Claim Form.

26.     **"Claim Form"** means the document substantially in the form attached hereto as

**Exhibit 4** and **Exhibit 5**, as approved by the Court.  Class Members who wish to receive a

distribution from the Settlement Fund must submit a Claim Form, which will be provided in

electronic format to Class Members as part of the Notice Plan and available to download from the

Settlement Website.  The Claim Form will require a claiming Class Member to provide their name and notice ID number.  The Claim Form will provide Class Members with the option of having their settlement payment transmitted to them via hard copy check or electronically, through Automated Clearing House ("ACH") transfer, or to a designated PayPal, Zelle, or Venmo account.

27.    **"Class"** means all natural persons who purchased a Noom Healthy Weight Subscription in the United States via the Noom website or mobile app from May 12, 2016 to October 6, 2020 and who (i) were charged by Noom for a Healthy Weight Subscription and (ii) did not receive a full refund or chargeback of all Noom Healthy Weight Subscription charges. Applying these criteria to the data Defendants began producing in June 2021, the Parties calculate approximately 2 million unique accounts.  For the avoidance of doubt, persons who purchased a Noom Healthy Weight Subscription via the Apple App Store or Google Play Store are excluded from the Class.

28.    **"Class Counsel"** means Steven Wittels, J. Burkett McInturff, Tiasha Palikovic, Steven D. Cohen, Susan J. Russell, Jessica L. Hunter, and Ethan D. Roman of Wittels McInturff Palikovic.

29.    **"Class Members"** mean all members of the Class, except the following: (a) Noom and any and all of its predecessors, successors, assigns, parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, and attorneys, and any and all of the parents', subsidiaries', and affiliates' present and former predecessors, successors, assigns, directors, officers, employees, agents, representatives, and attorneys; (b) any judicial officer presiding over the Action, or any member of his or her immediate family or of his or her judicial staff; and (c) any Excluded Class Member.

30.    **"Class Representatives"** or **"Plaintiffs"** means the Named Plaintiffs who assert claims in the Third Amended Class Action Complaint, Mojo Nichols, Susan Brewster, Duane Dea, Maryanne Deracleo, Karen Kelly, Rebecca Richards, Jennifer Sellers, Stacy Spencer; former Named Plaintiffs Geraldine Mahood, Alexandra Burwood, Melissa Cuevas, Elvere Honore; Related Action Named Plaintiff Mary Ellen Douglas; and alternate Named Plaintiffs Kayla Black and Cheryl Courvoisier.

31.    **"Cost and Fee Award"** means any attorneys' fees and reimbursement of actual out-of-pocket expenses awarded by the Court to Class Counsel for work performed by Class Counsel, as well as any other firm that performed approved work on behalf of Plaintiffs.

32.    **"Court"** means the United States District Court for the Southern District of New York.

33.    **"Cy Pres Recipient"** means an organization(s) approved by the Court to receive cy pres funds from non-distributable residual funds in the Escrow Account or Reserve Fund, as described in Section IV.E.

34.    **"Defendants"** mean Noom, Inc. and Artem Petakov.

35.    **"Effective Date"** means the first day after which the following events and conditions have occurred: (a) the Court has entered a Final Judgment; and (b) the Final Judgment has become final in that the time for appeal or writ has expired or, if any appeal and/or petition for review is taken, other than an appeal(s) or petition for review that is taken solely with respect to the Cost and Fee Award and/or Service Award, and the Settlement is affirmed, the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired.  If the Final Judgment is set aside, materially modified, or overturned by the Court or on appeal, and is not fully reinstated on further appeal, the judgment shall not be a Final Judgment.

36.     **"Escrow Account"** means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms agreed upon with Class Counsel.

37.     **"Excluded Class Member"** means any Class Member who has timely exercised their right to be excluded from the Class.

38.     **"Exhibits"** means the exhibits to this Agreement.

39.     **"Final Approval Hearing"** means a hearing to be conducted by the Court to determine the final fairness of the settlement embodied in this Agreement and whether to certify the Class for purposes of judgment on the proposal, provided that the Court grants preliminary approval and orders the Notice of Class Action Settlement, as provided for herein.

40.     **"Final Judgment"** means the Final Judgment and Order of Dismissal, as entered by the Court, substantially in the form attached hereto as **Exhibit 7**, which should not be entered before ninety (90) days after the appropriate state and federal officials have been served with notice of the Settlement in accordance with the Class Action Fairness Act of 2005, as codified at 28 U.S.C. § 1715(d).

41.     **"Healthy Weight Subscription"** means a periodic, automatically-renewing subscription to Noom's Healthy Weight program that is the product at issue in this Action and Related Actions.  For the avoidance of doubt, trial period payments or subscriptions are not included in the definition of a "Healthy Weight Subscription," but fast-forward and monthly subscriptions are included in that definition.

42.     **"Net Settlement Fund"** means the Settlement Fund, plus any interest or investment income earned on the Settlement Fund, less all amounts approved by the Court for distribution to any person or entity other than the Class Members and less any Service Award the Court may order for Plaintiffs.

43.     **"Noom"** means Noom, Inc.

44.     **"Noom's Counsel"** means Cooley LLP.

45.     **"Notice Date"** means the date by which the notice called for by the Notice Plan is disseminated, which shall be no later than sixty (60) days after entry of the Preliminary Approval Order.

46.     **"Notice of Class Action Settlement" or the "Notice"** means the form of written notice of this Settlement, as approved by the Court in the Preliminary Approval Order.  There are three versions of the Notice.  The version of the Notice that will be made available to Class Members on the Settlement Website will be substantially similar to **Exhibit 1**.  The version of the Notice that will be emailed or mailed to Class Members who are part of Subclass A will be substantially similar to **Exhibit 2**.  The version of the Notice that will be emailed or mailed to Class Members who are part of Subclass B will be substantially similar to **Exhibit 3**.

47.     **"Notice Plan"** means the plan for providing notice to Class Members, which is described below in Section VI.

48.     **"Objection/Exclusion Deadline"** means the date by which to be timely a written objection to the Settlement or an exclusion request by a person within the Class must be made to the Settlement Administrator, which shall be a date no later than sixty (60) days after the Notice Date.

49.     **"Parties"** means the Class Representatives and Defendants.

50.     **"Preliminary Approval Order"** means the Court's order determining it will be likely to approve the Settlement under Rule 23(e)(2) and certify the Class for purposes of judgment, approving and directing notice, and setting the Final Approval Hearing, substantially in the form attached hereto as **Exhibit 6**.

51.     **"Related Actions"** mean the actions filed in state court, captioned *Duane Dea, et al. v. Noom, Inc.*, No. RG21101244 (Cal. Super. Ct., May 27, 2021), and *Maryanne Deracleo, et al. v. Noom, Inc.*, No. 653475/2021 (N.Y. Sup. Ct., May 27, 2021).  The Parties agree to work in good faith to accomplish all acts necessary to obtain the dismissal with prejudice of the Related Actions within thirty (30) days of the Effective Date.

52.     **"Released Claims"** means any and all actions, causes of action, claims, demands, liabilities, lawsuits, arbitrations, obligations, damages (including, without limitation, punitive, exemplary and multiple damages), penalties, sanctions, losses, debts, contracts, agreements, attorneys' fees, costs, expenses, and rights of any nature and description whatsoever, whether based on federal, state, or local statutes, common law, regulations, rules or any other law of the United States or foreign jurisdiction, known or unknown, fixed or contingent, suspected or unsuspected, in law or in equity or otherwise, arising from or related to allegations in this Action or the Related Actions that accrued between May 12, 2016 and the date of the Preliminary Approval Order and that were asserted or could have been asserted in the Action or the Related Actions by the Releasing Parties against the Released Parties, or vice versa.

53.     **"Released Parties"** means Defendants and any and all of their present or former predecessors, successors, assigns, parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, and attorneys, and any and all of the parents', subsidiaries', and affiliates' present and former predecessors, successors, assigns, directors, officers, employees, agents, representatives, and attorneys.

54.     **"Releasing Parties"** means Plaintiffs and Class Members, regardless of whether such Class Members submit claims, and all of their respective present, former, and future heirs,

executors, administrators, representatives, agents, attorneys, predecessors-in-interest, successors, assigns, and legatees.

55.     **"Reserve Fund"** shall mean the $150,000.00 reserved from the Settlement Fund identified above to address errors and omissions in the calculation of Class Members' individual shares of the settlement, including but not limited to (a) claims from individuals claiming to be Class Members but not identified as such by the Parties, (b) individuals who have reasonable explanations for not having timely submitted a Claim Form or received their settlement payment, or (c) claims from individuals in Subclass B claiming to be members of Subclass A.  The Reserve Fund shall be deposited in the Escrow Account and shall remain open only through the 18-month anniversary date of the Effective Date, upon which time all funds not distributed from the Reserve Fund shall be distributed to one or more Cy Pres Recipients.

56.     **"Service Award"** means any amount awarded by the Court to Plaintiffs following the written motion or application for such award.

57.     **"Settlement Administration Expenses"** means the reasonable expenses incurred by the Settlement Administrator in providing Notice, processing claims, responding to inquiries from Class Members, providing settlement payments, related services, and the costs of the Escrow Account.  All Settlement Administration Expenses are to be deducted from the Settlement Fund. The Parties agree to negotiate in good faith as to any circumstances in which the Settlement Administration Expenses exceed what is otherwise normal for a case of this size.

58.     **"Settlement Administrator"** means the third-party class action administrator selected by the Parties as appointed by the Court in the Preliminary Approval Order.

59.     **"Settlement Amount"** means $56,000,000.00 in United States currency and $6,000,000.00 in Noom subscription fee credits (valued in United States currency).

60.     **"Settlement Fund"** means the non-reversionary cash fund equal to the Settlement Amount, to be deposited by Noom in accordance with the terms of this Settlement Agreement into the Escrow Account.  The Settlement Fund includes all interest and income that shall accrue on the sums deposited in the Escrow Account.  All taxes on income or interest generated by the Settlement Fund, if any, shall be paid out of the Settlement Fund.  In no event shall Noom's total monetary obligation with respect to this Agreement exceed $56,000,000.00 in United States currency and $6,000,000.00 in Noom subscription fee credits.  The $56,000,000.00 in United States currency referenced in the prior sentence is comprised of the $46,000,000.00 of United States currency in the Subclass A Settlement Fund and the $10,000,000.00 of United States currency in the Subclass B Settlement Fund.

61.     **"Settlement Website"** means the case-specific website containing Notice and other Settlement documents maintained by the Settlement Administrator.

62.     **"Subclass A"** means all Class Members who, according to the data produced by Defendants in discovery as determined by Class Counsel in consultation with their data science consultants, either never enrolled, enrolled but never engaged, engaged during the trial but not thereafter, engaged two times or fewer post-trial, had zero engagement after day 58 of their subscription, received a partial refund of any payments for the Healthy Weight Subscription, or any other Class Member who is a resident of California.

63.     **"Subclass B"** means all other Class Members who are not also part of Subclass A.

64.     **"Subclass A Settlement Fund"** means the $46,000,000.00 of United States currency in the Settlement Fund reserved for Subclass A.

65.     **"Subclass B Settlement Fund"** means the $10,000,000.00 of United States currency in the Settlement Fund reserved for Subclass B and an additional 100,000 one-month

subscription fee credits, which are also reserved for Subclass B. A single credit will be for a one-month Healthy Weight Subscription, valued by the Parties at $60.00 per subscription or $6,000,000.00 in total.

### III.   <u>CERTIFICATION OF THE CLASS</u>

66.     For purposes of the Settlement, Plaintiffs shall ask the Court to certify the Class under Federal Rule of Civil Procedure 23.

67.     The Defendants agree that this Action may be certified as a class action for settlement purposes only in accordance with the terms of this Agreement and without prejudice to Defendants' right to contest class certification in the event that this Agreement fails to reach the Effective Date or is not fully implemented in accordance with its terms.

68.     The Parties agree, subject to Court approval, Class Counsel shall be appointed as class counsel and that Plaintiffs shall be appointed as class representatives pursuant to Federal Rule of Civil Procedure 23(g), without prejudice to Defendants' right to contest these appointments in the event that this Agreement is not fully implemented in accordance with its terms. If the Settlement is not approved or this Agreement fails to be implemented fully, Defendants reserve all rights to object to any subsequent motion to appoint class counsel or class representatives in this Action.

### IV.   <u>SETTLEMENT CONSIDERATION</u>

69.     The Parties agree that this Agreement shall not be construed or deemed to be evidence of or an admission, presumption, or concession on the part of Defendants of any fault, liability, or wrongdoing as to any facts or claims asserted in this Action (or any infirmity in the defenses it has asserted or could assert in the Action), or any other actions or proceedings, and

shall not be so interpreted, construed, offered, or received in evidence or otherwise used against Noom in any other action or proceeding, whether civil, criminal or administrative.

70.     Further, Defendants deny any and all allegations of wrongdoing and maintain that Noom's autorenewal disclosures and cancellation process for the Healthy Weight Subscription are clear and legally compliant and that all other claims and allegations asserted in this Action are likewise meritless.  Noom further contends that it has iterated and enhanced its business practices over time and has distinguished itself with industry-leading practices that afford users the autonomy to self-cancel their subscriptions and provide users with clear and conspicuous disclosure of its subscription policies and on-demand customer support.  Still, Noom believes that the Company's resources are better spent continuing to focus on developing cutting edge health and wellness services, and given that, Noom thinks it is beneficial to fully and finally settle and terminate this Action and any and all Related Actions in the manner specified and in accordance with the terms of this Agreement.

71.     Nevertheless, in consideration for the mutual promises and covenants in this Agreement, including the releases set forth below, and the dismissal with prejudice of this Action and the Related Actions following the Effective Date, Noom shall provide the following Settlement benefits to Class Members.

A.     **Programmatic Relief: Business Practice Changes**

72.     As consideration for the Settlement Agreement, Noom agrees that it shall consent to certain requirements, as limited to and described in this section, that are to be implemented by the Effective Date and shall remain in effect for a period of two (2) years following the Effective Date.  Noom does not admit that it is required by law to take any measure herein described and instead denies that it is obligated to do so.

a.      The autorenewal purchase disclosure on Noom's website payment page and mobile app payment page for a Healthy Weight Subscription or a subsequent version of a Noom Healthy Weight Subscription shall contain separate express consents to both the negative option terms and the entire transaction.  Specifically, the consumer shall be required to take a separate action through a check box or digital signature to accept only the negative option feature and no other portion of the offer.[1]  Pre-checked boxes will not be used.  The disclosure regarding negative option terms shall resemble in, all material respects, the disclosure below, and shall clearly and conspicuously state in bullet-point format within a text box, the following information related to the autorenewal subscription immediately adjacent to the check box or digital signature that relates to acceptance of the negative option feature:

- This is an autorenewing subscription.

- If I don't cancel during my [X] day trial, Noom will charge me [X] plus [sales tax amount] in [sales tax state] sales tax after the trial ends on [date].

- Noom will charge my payment method on file [X] plus [sales tax] in [sales tax state] sales tax automatically every [X] months thereafter until I cancel. Tax charged at renewal is subject to change based on applicable tax rates.

- I can cancel using the cancel button in my account page, accessible on Noom's website or through the settings section in the app.

- If I cancel before the end of a subscription period, I understand that Noom will not provide a partial refund.

[CHECKBOX] I agree to the above terms of the [X] day trial and autorenewing subscription

---

[1] The Parties agree that a checkbox or digital signature shall not be required for the second consent in which the consumer accepts the entire transaction.

b.      Offers to skip the trial and enroll in a full, multi-month Healthy Weight Subscription or subsequent version of a Noom Healthy Weight Subscription will follow a similar format as outlined in the above subparagraph a (including a check box).

c.      The provisions of subparagraphs (a) and (b) above shall be used for all payment methods offered on Noom's website payment page and mobile app payment page.  By way of example, consumers choosing to pay via PayPal must also be provided the disclosures and be required to provide the express consents set forth in subparagraphs a and b above.

d.      The terms of this Settlement Agreement shall not prevent Noom from amending these disclosures to enhance compliance with any developments in local, state, or federal law, guidance, or regulations.  Noom is entitled to amend these disclosures where, in its best judgment, such amendment is appropriate to enhance compliance with any applicable local, state, or federal law, guidance, or regulations.

e.      Noom agrees to remove the language "no commitment" and "100% risk free" from the Noom Healthy Weight Subscription payment page or a subsequent version of Noom Healthy Weight Subscription payment page on Noom's website and mobile app.

f.      Noom shall provide an electronic email receipt for every Noom Healthy Weight Subscription charge or subscription charge to a subsequent version of a Noom Healthy Weight Subscription within a reasonable time following when the charge is made.  The initial receipt the user receives upon enrollment in the trial subscription shall constitute the electronic receipt for the first periodic autorenewing subscription charge post-trial.  Each subsequent subscription charge will generate a separate electronic email receipt.

g.      For users enrolled in a Healthy Weight Subscription plan with a term of 3 months or greater or a subsequent version of a Noom Healthy Weight Subscription plan with a

term of 3 months or greater, Noom agrees to send one (1) reminder email prior to the conversion from trial subscription to a periodic autorenewing subscription.  The email shall be sent within a reasonable time prior to the deadline to cancel the trial.  For the avoidance of doubt, Noom shall not be required to send such emails in advance of any subsequent subscription charges following the first post-trial subscription charge.  That email shall plainly and prominently disclose the following information:

- The deadline to cancel.

- The date of the next charge.

- The amount of the next charge.

- How to cancel the plan, including a link that directs consumers on how to cancel.

      h.     Noom agrees to incorporate readily visible hyperlinks to the Terms of Use, Privacy Policy, Support and Login pages on the landing page on its website, including the version of the landing page available to users who reach the website by clicking on a Noom advertisement.

      i.     Noom agrees to continue to make self-cancellation for Healthy Weight Subscriptions or subsequent versions of a Noom Healthy Weight Subscription available through a cancel button on the account page on Noom's mobile app and website.

      j.     With respect to Class Members with an active subscription and who did not take any of the below-listed actions in the first 12 months post-conversion from a trial subscription to a periodic autorenewing Healthy Weight Subscription, Noom agrees that it will not renew the Class Member's subscription at the next billing cycle unless the Class Member expressly consents to renewal after being plainly and prominently advised that additional charges will not occur absent the Class Member's express consent.

- manual weigh_ins

- meal logs

- group posts

- group post hearts

- group comments

- exercises

- content

- water logs

- manual blood glucose

- manual blood pressure

- coach messages

Applying the criteria listed in this subparagraph to its most current data, Noom will identify the accounts in which the user has taken no action in the first 12 months post-conversion from a trial subscription to a periodic autorenewing Healthy Weight Subscription.  Within seven (7) days of the Effective Date, Noom shall transmit to the Settlement Administrator and Class Counsel a list of the account numbers and other relevant information of these unique accounts.  The Parties shall meet and confer in good faith to resolve any questions or discrepancies raised by Class Counsel concerning this data and shall jointly raise any outstanding issues for discussion with the Settlement Administrator within twenty-one (21) days of the Effective Date.

73.    By implementing the foregoing business practice changes, the Parties, Class Counsel, and Noom's Counsel, agree and acknowledge that Noom's buyflow, product platform, automatic purchase renewal disclosures, email acknowledgement and cancellation processes have been substantially enhanced to further ensure compliance with the California Automatic Purchase

Renewal Statute, CAL. BUS. & PROF. CODE § 17600 *et seq*., the Restore Online Shoppers'
Confidence Act ("ROSCA"), § 15 U.S.C. § 8403, and all other applicable laws or statutes.

74.     In accordance with Noom's internal business analysis and Class Counsel's
consultation with an outside economic advisor, the Parties estimate the cumulative value of such
improvements, as well as other improvements Noom made prior to the settlement, as not less than
$31,000,000.00 to $120,000,000.00.

###     B.     <u>Monetary Relief</u>

75.     Noom agrees to pay and shall deposit in the Escrow Account, as set forth below,
the total amount of Fifty-Six Million U.S. Dollars ($56,000,000.00), as a non-reversionary cash
Settlement Fund.

76.     Noom also agrees to distribute Six Million U.S. Dollars ($6,000,000.00) in
non-reversionary subscription fee credits to members of Subclass B, in accordance with Paragraph
83(c)(i).

77.     Within twenty-one (21) days after entry of the Preliminary Approval Order, Noom
shall deposit the Settlement Administration Expenses into the Escrow Account.

78.     Within fourteen (14) days after entry of Final Judgment, Noom shall deposit the
balance of the Settlement Fund into the Escrow Account.

79.     The Settlement Fund shall be a court-approved Qualified Settlement Fund ("QSF")
for federal tax purposes pursuant to Treas. Reg. § 1.468B-1.  Noom shall be the "transferor" to the
QSF within the meaning of Section 1.468B-1(d)(1) of the Treasury Regulations with respect to the
Settlement Fund.  The Settlement Administrator shall be the "administrator" of the QSF within the
meaning of Section 1.468B-2(k)(3) of the Treasury Regulations, responsible for causing the filing
of all tax returns required to be filed by or with respect to the QSF, paying from the QSF any taxes

owed by or with respect to the QSF, and complying with any applicable information reporting or tax withholding requirements imposed by Section 1.468B-2(l)(2) of the Treasury Regulations or any other applicable law on or with respect to the QSF.  Noom shall provide to the Settlement Administrator any documentation required for the Settlement Administrator to facilitate obtaining QSF status for the Settlement Fund pursuant to Treas. Reg. §1.468B-l.  All taxes on income or interest generated by the Settlement Fund, if any, shall be paid out of the Settlement Fund.

80.     Under no circumstances will Defendants have any liability for taxes or tax expenses under the Settlement.  Plaintiffs, Class Counsel, the Class, and Cy Pres Recipients are responsible for any taxes on their respective recoveries or awards.  Nothing in this Agreement, or statements made during the negotiation of its terms, shall constitute tax advice by Defendants or Defendants' Counsel.

81.     The Escrow Account shall be maintained at a depository institution insured by the Federal Deposit Insurance Corporation, which has total assets of at least $500 million and a short-term deposit rating of at least P-1 (Moody's) or A-1 (Standard & Poor's).  Funds in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (i) demand deposit accounts; (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less; (iii) United States Treasury bills; or (iv) other instruments backed by the full faith and credit of the United States Government.  The costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund.

82.     In no event shall Noom's financial obligation under this Agreement exceed the amount of the Settlement Fund as provided for in this Section.  No amount paid by Noom into the Escrow Account shall revert to Noom unless the Settlement is terminated.

C.      **Distribution of the Settlement Fund**

83.     The Settlement Fund shall be distributed as follows:

a.      All of the following shall be paid from the Settlement Fund prior to distribution to Authorized Claimants: costs of providing Notice under the Class Action Fairness Act ("CAFA Notice"), 28 U.S.C. § 1715; Escrow Account tax liabilities and tax expenses; costs relating to the implementation of the Settlement, including without limitation costs charged by the Settlement Administrator in disseminating Notice to Class Members in accordance with the Notice Plan, processing Claim Forms, objections, and requests for exclusion, administering payments to Authorized Claimants, establishing and maintaining the Settlement Website, call center, and Escrow Account, and otherwise performing the services it is obligated to perform under this Agreement; and any amounts approved by the Court for Cost and Fee Award(s) and Service Award(s).  The remaining amount, plus any interest or investment income earned on sums deposited into the Escrow Account, shall constitute the Net Settlement Fund.

b.      Subclass A's proportionate share of the Net Settlement Fund shall be distributed to Authorized Claimants in Subclass A by the Settlement Administrator within thirty (30) days after the Effective Date, or such other date as the Court may set.  The calculation, allocation, and distribution processes shall work as follows:

i.      First, using the data produced by Defendants in discovery, the Settlement Administrator shall determine the total monetary amount of the non-refunded subscription payments made by Authorized Claimants in Subclass A.

ii.     Second, the Settlement Administrator shall determine each Authorized Claimants in Subclass A "Percentage Allocation Number" by (1) determining the total

monetary amount of the non-refunded subscription payments made by that Authorized Claimant, and (2) then dividing that amount by the sum calculated in Paragraph 83(b)(i) immediately above.

iii.    Third, the Settlement Administrator will then determine each Authorized Claimants in Subclass A's "Individual Settlement Amount" by multiplying that Class Member's Percentage Allocation Number by Subclass A's proportionate share of the Net Settlement Fund.

iv.    Fourth, the Settlement Administrator shall distribute to each Authorized Claimant in Subclass A a monetary payment equal to that Authorized Claimant's Individual Settlement Amount.

v.    For each Authorized Claimant, the Settlement Administrator shall pay Authorized Claims using the method designated by the Authorized Claimant on the Claim Form, i.e., by physical check or electronic deposit via ACH transfer or to a designated PayPal, Zelle, or Venmo account.

vi.    Authorized Claimants who receive a physical check shall have ninety (90) days after the date the check is mailed to cash the check.  Each payment issued to a Class Member via check will state on the face of the check that it will become null and void unless cashed within ninety (90) calendar days after the date of issuance.  The Settlement Administrator shall mail a reminder notice to all Authorized Claimants that have been mailed a physical check but not cashed their checks within forty-five (45) days after the checks were mailed.  If an electronic deposit to a Class Member is unable to be processed, the Settlement Administrator shall attempt to contact the Class Member within thirty (30) calendar days to correct the problem.  Any funds from checks not cashed within that ninety (90) day period, funds from checks returned as undeliverable, and funds from failed ACH, PayPal, Zelle, or Venmo transfers shall remain in the

Settlement Fund.  If, in consultation with the Settlement Administrator, the Parties determine that any such remaining funds can be distributed to other Authorized Claimants, or a subset of Authorized Claimants, such as those who requested payment by electronic means, in a way that is economically feasible, such funds shall be distributed accordingly, within a reasonable timeframe. If, in consultation with the Settlement Administrator, the Parties determine that a distribution to Authorized Claimants, or a subset thereof, is not economically feasible, then any such remaining funds shall be distributed by the Settlement Administrator *pro rata* to the Cy Pres Recipient(s) within a reasonable timeframe.  In no event shall any such remaining funds constitute abandoned or unclaimed property.

        c.     Subclass B's proportionate share of the Net Settlement Fund and $6,000,000.00 in subscription fee credits shall be distributed to Authorized Claimants in Subclass B as follows:

        i.     Subclass B's proportionate share of the Net Settlement Fund shall be distributed to members of Subclass B in accordance with the procedures set forth in Paragraph 83(b)(i)-(vi), except that the $6,000,000.00 in subscription fee credits shall be distributed to those Authorized Claimants of Subclass B who elect to receive one credit by submitting a Claim Form substantially in the form attached hereto as **Exhibit 5**.  A single credit will be equivalent to a one-month Healthy Weight Subscription, which the Parties value at $60.00.  The subscription fee credits will be awarded on a first-come, first-served basis and in the order in which they are requested, until the funds for such credits are depleted.  Authorized Claimants of Subclass B will be eligible for only one credit.  For Subclass B Class Members without an active Healthy Weight Subscription at the time the credit is redeemed, the credit will entitle such Class Members to be enrolled in a single month of a non-recurring (non-autorenewing) Healthy Weight Subscription.

For Subclass B Class Members with an existing Health Weight Subscription that is active at the time the credit is redeemed, redemption of the credit will lead to an additional month being added on a one-time basis to that subscription.  In either case, the credit shall expire if it is not redeemed within 12 months of the date it is issued.  For the avoidance of doubt, Authorized Claimants of Subclass B's election to receive a credit will be in addition to any cash award they are eligible to receive as Authorized Claimants.   After subscription fee credits have been exhausted, the Settlement Administrator shall be responsible for notifying any remaining Class Members who submit a Subclass B Claim Form requesting a subscription free credit (substantially in the form of **Exhibit 5**) that the subscription fee credit will not be processed.  In the event that the subscription fee credits are not exhausted, the Parties shall meet and confer to determine how best to distribute any remaining credits to Subclass B Class Members.

> **D.**     **Settlement Administration**

84.     The Claims Deadline shall be set as a date no later than sixty (60) days after the Notice Date.  Class Members shall have until the Claims Deadline to submit a Claim Form. Members of Subclass A will be required to submit a Claim Form substantially in the form attached hereto as **Exhibit 4**.  Members of Subclass B will be required to submit a Claim Form substantially in the form attached hereto as **Exhibit 5**.  The Claim Forms shall be available for submission via the Settlement Website in electronic format and downloadable from the Settlement Website for paper or electronic submission.

85.     For purposes of notice and claims administration, each unique account number maintained by Noom will be considered a distinct Class Member.

86.     The Settlement Administrator shall, under the supervision of the Court and the Parties, administer the relief provided by this Settlement Agreement by providing Notice and

processing Claims Forms in a reasonable, cost-effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court and the Parties as they may require. Without limiting the foregoing, the Settlement Administrator shall:

      a.     Receive requests to be excluded from the Class and promptly provide Class Counsel and Noom's Counsel copies thereof. If the Settlement Administrator receives any exclusion forms after the deadline for the submission of such forms, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Noom's Counsel;

      b.     Provide weekly reports to the Parties regarding the number of Claim Forms received and the categorization and description of Claim Forms rejected, in whole or in part, by the Settlement Administrator; and

      c.     Make available for inspection to the Parties the Claim Forms received by the Settlement Administrator at any time upon reasonable notice.

87. The Settlement Administrator shall review all claims to determine their validity and shall employ reasonable procedures to screen claims for abuse or fraud. The Settlement Administrator may reject any claim that is not submitted by a Class Member; is a duplicate of another claim; is reasonably suspected to be fraudulent; or is submitted after the Claims Deadline. Noom, Noom's Counsel, and Class Counsel agree to provide reasonable cooperation and assistance to the Settlement Administrator upon request of the Settlement Administrator in connection with determining the validity of claims submitted by Class Members, including where

data potentially needed to validate claims cannot be transmitted directly to the Settlement Administrator due to security or other reasons.  The Settlement Administrator shall include Class Counsel and Noom's Counsel on all such communications relating to determining the validity of claims and shall consider Class Counsel's and Noom's Counsel's input on such issues.

88.     Late claims may be considered if deemed appropriate by the Settlement Administrator in consultation with Noom and Class Counsel, or if ordered by the Court.

89.     The Settlement Administrator shall determine whether a Claim Form submitted by a Class Member is an Approved Claim and shall reject Claim Forms that fail to comply in any material respect with the instructions in the Notice Plan or the terms of this Agreement.  In the event a person submits a timely Claim Form by the Claims Deadline but the Claim Form is not otherwise complete, then the Settlement Administrator shall give such person reasonable opportunity to provide any requested missing information, which information must be received by the Settlement Administrator no later than twenty-eight (28) calendar days after the Claims Deadline.  The Settlement Administrator may contact any person who has submitted a Claim Form to obtain additional information necessary to verify the Claim Form.

90.     Before rejecting a claim, the Settlement Administrator will notify Class Counsel and Noom's Counsel and both shall have the right to challenge the rejection of a Claim Form by the Settlement Administrator.  The Settlement Administrator shall follow any joint decisions of Class Counsel and Noom's Counsel as to the validity of any disputed Claim Form.  Where Class Counsel and Noom's Counsel disagree as to the validity of a submitted Claim Form, the Settlement Administrator will resolve the dispute and the Claim Form will be treated in the manner designated by the Settlement Administrator.

91.     The Settlement Administrator and Class Counsel shall make all necessary efforts to ensure the security and privacy of Class Member information; shall not use the information provided by Defendants in connection with the Settlement or this Notice Plan for any purposes other than providing notice or conducting claims administration; and will not share Class Member information with any third parties without advance consent from Noom, except that Noom consents to Class Counsel sharing Class Member information with consulting experts retained by Class Counsel, provided those experts have agreed to be bound by the Protective Order in this Action.

### E.     Cy Pres Recipients

92.     No later than twenty-one (21) days before the Court holds a hearing on final approval of this Agreement, Class Counsel shall identify one or more Cy Pres Recipients to recommend to the Court for approval and shall comply with the requirements set forth by the Court on cy pres awards.  The Cy Pres Recipient(s) shall be independent organizations with a track record of addressing consumer fraud issues on the Internet.  Such organization(s), as a condition of receiving Settlement Funds, shall commit to use the funds to promote fairness and transparency regarding the use of online negative option subscriptions.  Before submitting their proposed Cy Pres Recipients to the Court, Class Counsel will disclose them to Noom.

93.     Each Cy Pres Recipient shall agree that, if approved by the Court, it shall provide a report to the Parties within one hundred eighty (180) days after the Effective Date and on a periodic basis not to exceed one hundred eighty (180) days thereafter, describing how it has used any cy pres funds and how it intends to use any remaining funds.  Class Counsel shall be responsible for ensuring that such reports are posted on Class Counsel's website.

94.     Noom shall not exercise any control or influence over any Cy Pres Recipient's expenditure of any cy pres funds.

## V.     **RELEASES**

95.     The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

96.     The Parties agree that should the Court grant final approval of the Settlement and enter the Final Judgment, such Final Judgment shall include a provision retaining the Court's jurisdiction over the Parties to enforce the terms of this Agreement.

97.     Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them, whether or not such Releasing Party has made a claim under the Settlement.  This Agreement shall be the sole and exclusive remedy for any and all Released Claims against the Released Parties.

98.     Upon the Effective Date, Plaintiffs and each and every Class Member shall be bound by this Agreement, and each of them shall be enjoined from commencing or prosecuting any action in any court or tribunal asserting any of the Released Claims, either directly, representatively, derivatively or in any other capacity, against any of the Released Parties.

99.     Upon the Effective Date, the Released Parties shall by operation of the Final Judgment have fully, finally, and forever released, relinquished, and discharged all claims against Plaintiffs, the Class, the Releasing Parties, Class Counsel, and any individual or entity that assisted Class Counsel that arise out of or relate in any way to the commencement, prosecution, settlement or resolution of the Action, except for claims to enforce the terms of the Settlement.

100.     Except as explicitly provided herein, nothing in this Agreement abrogates, supersedes, modifies, qualifies, ratifies, or assumes in any way any of the contractual terms and conditions any Party may contend are applicable to any relationship that may exist between Noom and the Class Representatives or Class Members.

101.     Nothing in Section V of this Agreement shall be a bar to a claim, complaint, action, or proceeding for breach of this Agreement.

102.     The Releasing Parties and the Released Parties expressly waive any rights to bring any future or unknown claims arising out of or relating to the Action or Related Actions.  The Releasing Parties and the Released Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Released Claims, but that it is their intention to finally and forever settle this Action and release the Released Claims.

103.     The Releasing Parties and the Released Parties acknowledge that they have consulted with legal counsel and are familiar with the provisions of California Civil Code Section 1542, which states:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

104.     The Releasing Parties and the Released Parties, being aware of California Civil Code Section 1542, expressly waive any rights they may have under any other statute or common law principles of similar effect with respect to the claims released in this Agreement, arising out of or relating to the Action.  The Releasing Parties and the Released Parties acknowledge that they

may discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Claims, but it is their intention to finally and forever settle and release the Released Claims.

## VI.    <u>NOTICE OF CLASS ACTION SETTLEMENT</u>

105.    The Parties agree to provide notice of the Settlement to Class Members in accordance with the Notice Plan described in this Section VI.  The Parties shall agree on the form and content of notices contemplated in the Notice Plan, which must be consistent with the guidelines of the Federal Judicial Center and the Notices attached hereto as **Exhibits 1, 2, and 3**.

106.    **Direct Notice to the Class Members.**  Direct notice of the Settlement will be made to Class Members as set forth below.

a.    No later than sixty (60) days following entry of the Preliminary Approval Order, the Settlement Administrator shall send the Notice of Class Action Settlement to the Class Members.

b.    Notice shall be conducted in accordance with this Notice Plan.  The content of all forms of Notice, as specified in this Section VI, will be jointly agreed to by the Parties and approved by the Court.

c.    Those Class Members determined via a joint review and approval by Class Counsel, Noom's Counsel, and the Settlement Administrator to be members of Subclass A will receive the version of the Notice that is substantially similar to **Exhibit 2** to the Settlement Agreement.  The Class Members determined via a joint review and approval by Class Counsel, Noom's Counsel, and the Settlement Administrator to be members of Subclass B will receive the version of the Notice that is substantially similar to **Exhibit 3** to the Settlement Agreement.

d.     Within twenty-one (21) business days following entry of the Preliminary Approval Order, in consultation with Class Counsel and the Settlement Administrator, Noom shall provide to the Settlement Administrator and Class Counsel a list of all Class Members, and other information that the Settlement Administrator identifies as reasonable and necessary to discharge its duties under this Agreement.  At the time of providing the aforementioned list and additional information, Defendants shall provide a certification representing that they have taken reasonable steps to ensure that the data represents the most current and up to date information that Defendants have for Class Members.

107.   **Direct Email Notice**.  By the Notice Date, the Settlement Administrator shall send direct email notice to all Class Members in the following manner:

a.     The email notices (**Exhibit 2** and **Exhibit 3**) will provide a hyperlink to the Claim Form for Subclass A (**Exhibit 4**) or the Claim Form for Subclass B (**Exhibit 5**) where the Class Member can submit a Claim via the Settlement Website; will provide a hyperlink to the Settlement Website; will list contact information for the Settlement Administrator; and will provide information about the terms of the Settlement, Class Members' options, a list of important deadlines, and any other pertinent information.  The email notices will also provide a hyperlink to Spanish language versions of the email notices, which in turn will direct Class Members to Spanish language versions of **Exhibit 1**, the Claim Forms, and the Settlement Website.  The Settlement Administrator shall provide for all necessary translations and the costs of such translations shall be included in the Settlement Administrator's fee.

b.     The initial email notice shall be sent by the Settlement Administrator to all Class Members for whom an email address is available.

c.     One reminder email notice will be sent between the Notice Date and the Claims Deadline to Class Members who the Settlement Administrator has reasonably determined have not yet opted out, filed a claim, objected, or unsubscribed from the email campaign.  The specific timing of the reminder email notice may be adjusted by the Settlement Administrator in consultation with the Parties as needed to avoid logistical difficulties, and to ensure proper deliverability and effectiveness.  The content of the reminder email notice will use materially the same language as the email notice, but the subject line will be designed by the Settlement Administrator in consultation with the Parties to remind Class Members that they have not yet made a claim.  The email reminder notice will also provide a hyperlink to Spanish language versions of the email reminder notice, which in turn will direct Class Members to Spanish language versions of other documents referenced in the English language version of the email reminder notice.  The Settlement Administrator shall provide for all necessary translations and the costs of such translations shall be included in the Settlement Administrator's fee.

d.     The Settlement Administrator will monitor the email notice program and optimize the delivery of email notices and reminder email notices to maximize distribution.  To ensure email notices are seen by as many Class Members as practicable, the Settlement Administrator will take steps to avoid its communications being flagged in spam filters.  Such measures include using a reputable email service provider, avoiding spam trigger words in subject lines, avoiding embedding forms and video, and staggering email batches.  The Settlement Administrator will also use reasonable efforts to obtain updated email addresses for those Class Members whose emails "bounce back" and to resend notices to the updated email addresses.

108.   **Direct Mail Notice**.  The Settlement Administrator shall send a postcard notice designed in a manner consistent with (**Exhibit 2** and **Exhibit 3**) to Class Members for whom either

(i) no email address was included in the list of Class Member contact information provided by Noom, or (ii) the emailed notice was determined by the Settlement Administrator to not have been delivered.   The Settlement Administrator is authorized to use all reasonable and customary measurers to ascertain the mailing address for the Class Members referenced in the preceding sentence.   In issuing direct mail notice, the Settlement Administrator shall employ the following best practices to increase the deliverability rate of the mailed notices:

a.      The Settlement Administrator will cause the mailing address information for members of the Class to be updated utilizing the National Change of Address ("NCOA") database, which provides updated address information for individuals or entities who have moved during the previous four years and filed a change of address with the USPS.

b.      Notices returned to the Settlement Administrator by the USPS with a forwarding address will be re-mailed to the new address provided by the USPS and the Settlement Administrator's Class Member database will be updated accordingly.

c.      Notices returned to the Settlement Administrator by the USPS without forwarding addresses will be subjected to an address verification search (commonly referred to as "skip tracing") utilizing a wide variety of data sources, including public records, real estate records, electronic directory assistance listings, etc., to locate updated addresses.

d.      For any Class Members where a new address is identified through the skip trace process, the Settlement Administrator's Class Member database will be updated with the new address information and a Notice will be re-mailed to that address.

109.   **Custom Social Media Campaign**.  The Settlement Administrator shall implement a custom social media campaign utilizing Facebook and Instagram, which are two of the leading social media platforms in North America.  If any Class Member email addresses or phone numbers

provided by Noom are used as the primary log-on for a Facebook or Instagram account, the Settlement Administrator will purchase and display ads directly to those Class Members on their timeline.  This is a distinct and effective method of targeting actual, known, verified Class Members.

110.    **Website Notices.**  To allow for appropriate search engine indexing, the Settlement Administrator shall post the Settlement Website live on the internet a reasonable time prior to the Notice Date.   No later than the Notice Date, the Settlement Administrator will post the website notice (**Exhibit 1**) in a user-accessible format on the Settlement Website.  The Settlement Website will be in both English language and Spanish language versions.  The Settlement Administrator shall provide for all necessary translations of the Settlement Website and the costs of such translations shall be included in the Settlement Administrator's fee.

a.    Class Counsel, Noom's Counsel, and the Settlement Administrator will jointly agree upon and select a neutral and effective domain name for the Settlement Website.

b.    The Settlement Website will be user friendly and will allow Class Members to easily find and view information about this Settlement and will include the Claim Forms; answers to frequently asked questions; a list of important deadlines; and the contact information for the Settlement Administrator and Class Counsel.  The Settlement Website shall also include the ability to file Claim Forms on-line as well as download the Claim Forms.  The Settlement Website will be periodically updated to provide the estimated *pro rata* payment amount based on the number of participating Class Members.  The Settlement Administrator shall purchase all necessary security certificates to ensure the website appears secure in Class Members' browsers. The Settlement Administrator shall also employ best practices for search engine optimization, including a paid search campaign to help drive Class Members who are actively searching for

information about the Settlement to the Settlement Website.  The content of the Settlement Website and any materials posted on the Settlement Website shall be subject to approval of Class Counsel and Noom's Counsel, including any additions or revisions to the Settlement Website design or content.

c.      The Settlement Website will remain active for at least ninety (90) days following the Effective Date, or until forty-five (45) days after the second distribution of residual funds.  However, the Settlement Administrator will disable online submissions through the Claim Form immediately following the Claims Deadline and the Objection/Exclusion Deadline.

111.    **Sponsored Class Action Website Listings.**  The Settlement Administrator will cause the Settlement to be listed and promoted through two leading class action settlement websites, www.topclassactions.com and www.classaction.org.   The notices listed on those websites shall be approved by Noom's Counsel and Class Counsel.  These sites are known to create awareness of pending settlements among consumers and, will be instrumental in seeding and dispersing news of the underlying Settlement and driving Class Members to the dedicated settlement website to read and understand their rights and options under the Settlement.  Top Class Actions averages 3 million monthly visitors, has approximately 900,000 newsletter subscribers, and has 145,000 Facebook followers.  ClassAction.org averages 100,000 page views per month and has approximately 130,000 newsletter subscribers.

112.    **Call Center Hotline**.  At least twenty-four (24) hours prior to dissemination of the Notice, the Settlement Administrator shall establish a call center that will include a voice recorded interactive voice response ("IVR") system that will (i) provide Class Members with responses to frequently asked questions and provide essential information regarding the Settlement, and (ii) allow Class Members to leave voice mail messages in order to receive a return telephone call from

a live operator within 48 hours.  This hotline will be accessible 24 hours a day, 7 days a week.  The Settlement Administrator shall provide for interpreter services for Spanish language callers and the costs of such interpreter services shall be included in the Settlement Administrator's fee.

113.   **Additional Settlement Administrator Responsibilities.**  In addition to the other responsibilities outlined in this Agreement, the Settlement Administrator shall be responsible for:

a.    Establishing, designing, and maintaining the Settlement Website in consultation with Class Counsel and Noom's Counsel;

b.    Disseminating notice, including email notice, mail notice, and website notice, in accordance with this Agreement, the Notice Plan, and the Court's orders;

c.    Monitoring and responding to inquiries from Class Members in a timely fashion and, where necessary, forwarding such written inquiries to Class Counsel;

d.    Accurately and objectively describing the terms of the Agreement in communications with Class Members, including training its employees and agents accordingly;

e.    Preparing declaration(s) attesting to compliance with the Notice Plan and notice requirements in the Agreement, and providing such declaration(s) to Class Counsel and Noom's Counsel;

f.    Accurately following the terms and procedures outlined this Agreement;

g.    Seeking further clarification or authorization from Class Counsel and Noom's Counsel when necessary for performance of its duties and the expenditure of cash from the Settlement Fund; and

h.    Otherwise assisting with implementation and administration of the terms of the Agreement.

i.      No later than twenty-one (21) days prior to the Final Approval Hearing, the Settlement Administrator shall certify to the Court compliance with the notice provisions of this Agreement.

114.    Any material deviation from the Notice Plan must be approved in writing by the Parties and the Court.

115.    All costs associated with the Notice Plan, including the fees and costs of the Settlement Administrator, shall be paid from the Settlement Fund.  The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in the administration of the Settlement.

## VII.    APPROVAL OF SETTLEMENT & SETTLEMENT IMPLEMENTATION

116.    Preliminary Approval.  As soon as practicable after the execution of this Agreement, Plaintiffs will move for preliminary approval of the Settlement, submit this Agreement and Exhibits with the motion, and request that the Court grant preliminary approval.  The Class Representatives will submit a proposed Order Granting Preliminary Approval of Class Action Settlement substantially in the form of **Exhibit 6**, attached hereto.  The order granting Preliminary Approval shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) so long as they are consistent in all material respects with the terms of the Final Judgment and do not limit or impair the rights of the Class.

117.    Compliance with the Class Action Fairness Act.  The Settlement Administrator will provide CAFA Notice of the Settlement to the appropriate federal and state officials no later than ten (10) calendar days after the Agreement is filed with the Court.  The Settlement Administrator

will advance the costs of providing this CAFA Notice, after which the Settlement Administrator will be reimbursed for those advanced costs once the Escrow Account is funded.

118.    <u>Procedure for Opting Out of the Class Action Settlement</u>.

a.    A Class Member may request to be excluded from the Class by sending a written request that is received by the Settlement Administrator on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice.

b.    To exercise the right to be excluded, a Class Member must timely send a written request for exclusion to the Settlement Administrator.  Requests to be excluded must (i) include the full name, address, email address, and phone number of the Class Member requesting exclusion; (ii) include the following statement: "I request to be excluded from the Class and Settlement in *Nichols, et al.  v. Noom, Inc., et al.*, No 20 Civ. 03677 (KHP) (S.D.N.Y.)"; and (iii) be personally signed by the Class Member who is requesting exclusion.  A typed signature or an attorney's signature will not satisfy this requirement.  In light of the COVID-19 pandemic, the Settlement Administrator shall create a dedicated e-mail address to receive exclusion requests electronically.

c.    Requests to be excluded will not be valid unless all of the information described above is included.  No Class Member, or any person acting on behalf of or in concert or participation with that Class Member, may exclude any other Class Member from the Class, and no Class Member shall be deemed opted-out of the Class through any purported "mass" or "class" opt-outs.  So-called "mass" or "class" opt-outs shall not be allowed and shall be deemed invalid.

d.    Any Class Member who validly elects to be excluded from this Agreement shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this

Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement.

       e.     The Settlement Administrator shall provide the Parties weekly written updates identifying the number and identity of Class Members who have elected to be excluded from the Class. The final update shall be provided four (4) business days before the Final Approval Hearing.

       f.     If the number of Class Members who request exclusion exceeds 10% of the Class, then Noom may, in its sole discretion, notify Class Counsel in writing that it has elected to terminate this Settlement Agreement. Such notification of intent to terminate the Settlement Agreement must be provided within seven (7) business days of the Objection/Exclusion Deadline.

       g.     At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Class Members to request to be excluded from the Class. None of the Parties shall have contact with any Class Member for any purpose prohibited under this Agreement.

119.    <u>Procedure for Objecting to the Class Action Settlement</u>.

       a.     Any Class Member who is not an Excluded Class Member may object to the Settlement. Class Members who wish to object to the Settlement must make a written statement objecting to the Settlement. The Notice shall specify that any objection to the Settlement, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline and specified in the Notice, the Class Member making the objection transmits copies of such papers he or she proposes to be submitted at the Final Approval Hearing to the Settlement Administrator, Class Counsel, and Noom's Counsel.

b.      Any objection must be sent to the Settlement Administrator, Class Counsel, and Noom's Counsel and contain: (i) a reference at the beginning to *Nichols, et al. v. Noom, Inc., et al.*, No 20 Civ. 03677 (KHP) (S.D.N.Y.), (ii) the objector's full name and mailing address, email address, telephone number, and personal signature (a typed signature or an attorney's signature will not satisfy this requirement), (iii) the objector's basis for believing he or she is a Class Member, (iv) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying counsel by name, mailing address, email address, and phone number, and who, if anyone, from such counsel will appear at the Final Approval Hearing, (v) a clear and concise statement of all grounds for their objection, and (vi) the name and contact information of any and all attorneys or persons representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection.  In addition, any objection made with the assistance of any attorney, law firm staff, or other person who may profit from the pursuit of the objection to be valid must include: (vii) a written statement of any legal support for such objection, (viii) copies of any papers, briefs, or other documents upon which the objection is based that the objector wishes the Court to consider when reviewing the objection; (ix) a list of all persons who will be called to testify in support of the objection, if any, and (x) a detailed list of any other objections and any orders pertaining to the prior objections, the objector, or his or her counsel or other person who may profit from the pursuit of the objection referenced in item (vi) submitted in any action in the previous five (5) years.  If the Class Member or his or her counsel or other person who may profit from the pursuit of the objection referenced in item  (vi) has not objected to any other class action settlement in the previous five (5) years, he, she, or it shall affirmatively state so in the written materials provided in connection with the objection to this Settlement.  Further, any

Class Member who submits a timely written objection written or filed with the assistance of an attorney, law firm staff, or other person referenced in item (vi) shall consent to deposition by Class Counsel and/or Noom's counsel prior to the Final Approval Hearing.

        c.     For mailed objections, the date of the postmark on the envelope containing the written statement objecting to the Settlement shall be the exclusive means used to determine whether an objection and/or intention to appear has been timely submitted.  In the event a postmark is illegible, the date of mailing shall be deemed to be three (3) days prior to the date the Settlement Administrator received the written statement.

        d.     Class Members who fail to make timely written objections in the manner specified above shall be deemed to have waived any objections and shall be forever barred from making any objection to the Agreement and the proposed settlement by appearing at the Final Approval Hearing, appeal, collateral attack, or otherwise.  Any person who has timely requested exclusion from the Settlement may not submit objections to the Settlement.

        e.     The Parties may file with the Court written responses to any objections no later than two days before the Final Approval Hearing.

120.    <u>No Solicitation of Settlement Objections</u>.  At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Class Members to submit written objections to the Settlement or encourage an appeal from the Court's Final Judgment.  None of the Parties shall have contact with any Class Member for any purpose prohibited under this Agreement.

121.    <u>Final Approval</u>.  At least fourteen (14) days prior to the Claims Deadline, Plaintiffs shall move the Court for final settlement approval seeking: (1) final approval of the Settlement, approving the terms of this Settlement to be fair, reasonable, and adequate and in the best interest of the Class Members; (2) a finding that the Notice complied with the Settlement Agreement, all

applicable law, and due process; (3) distribution of the Settlement Fund and approval of all settlement payments; (4) dismissal of the Action and entry of the Final Approval Order and Judgment, substantially in the form of **Exhibit 7** attached hereto.  Plaintiffs' final approval motion shall also include the proposed Final Approval Order and Judgment.  Plaintiffs agree to transmit a copy of the final settlement approval motion to Noom's Counsel no later than seven days prior to filing that motion.

122.    Termination. Either Party shall have the right to terminate this Agreement if any of the following events occurs:

a.    The Court does not enter an order granting preliminary approval of the Settlement, as provided herein;

b.    The Court does not enter an order granting final approval of the Settlement, as provided herein;

c.    The Court does not enter a Final Judgment that is materially the same as the form, attached hereto as **Exhibit 7**;

d.    The Court requires material alteration of any key provision of the Agreement for the Settlement to be approved, for example the releases set forth in Paragraphs 97 to 99 and 102 to 104, or the provisions in Section IV;

e.    The number of Class Members who request exclusion exceeds 10% of the Class; or

f.    All conditions for the Effective Date do not occur.

123.    Notice of Termination.  A Party shall provide written notice of an intent to terminate this Agreement to counsel for the other Party within ten (10) calendar days after receiving notice that any of the foregoing events of Termination has occurred.

124.   <u>Effect of Termination</u>.  In the event that this Agreement is voided, terminated, or cancelled, or fails to become effective for any reason whatsoever, then the Parties shall be deemed to have reverted to their respective statuses as of September 14, 2021, and they shall proceed in all respects as if this Agreement, its Exhibits, and any related agreements or orders, had never been executed or entered.

125.   In the event this Agreement is terminated pursuant to the specified terms enumerated in Paragraph 122, the Settlement Administrator shall, within fourteen (14) days of receiving notice of the termination date, pay to Noom all funds deposited in the Escrow Account by Noom together with any interest or other income earned thereon, less (i) any taxes paid or due with respect to such income, (ii) any reasonable administrative expenses actually incurred and paid or payable from the Settlement Fund as authorized in this Agreement, and (iii) any Cost and Fee Award paid prior to termination pursuant to Paragraph 130 (which shall be repaid to Noom by Class Counsel as specified in Paragraph 130).

126.   In the event one or more appeals are filed from the Court's Final Judgment, other than an appeal(s) or petition for review is taken solely with respect to the Cost and Fee Award and/or Service Award, the Parties shall meet and confer in good faith to determine whether any aspect of the administration of the Settlement should be stayed.  Nothing, however, shall prohibit Noom from fulfilling any of its obligations above, if in the exercise of its sole discretion it chooses to do so.

127.   Notwithstanding any provision herein, in the event this Agreement is not approved by any court, or is terminated for any reason, or the settlement set forth in this Agreement is declared null and void, or in the event that the Effective Date does not occur, Class Members, Plaintiffs, and Class Counsel shall not in any way be responsible or liable for any administration

expenses, taxes with respect to the Settlement Fund, or any expenses, including costs of notice and administration associated with this Settlement or this Agreement, except that each Party shall bear its own attorneys' fees and costs and Defendants' future payment obligations shall cease.

## VIII.   ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS

128.   In its Motion for Preliminary Approval of the Settlement and supporting papers, Class Counsel will provide the maximum amount of the Settlement Fund they will seek from the Court as attorneys' fees, as well as the total amount of expenses (or best estimates for expenses not yet charged) incurred that may be subject to reimbursement.

129.   If Preliminary Approval is granted, fourteen (14) days before the Objection/Exclusion Deadline, Class Counsel shall petition the Court for a Cost and Fee Award of no more than one third of the Settlement Fund as an award of attorneys' fees, plus reimbursement out of the Settlement Fund of actual out-of-pocket expenses incurred by Class Counsel and Plaintiffs' counsel in the Action.  While the parties did not discuss the amount of attorneys' fees in their negotiations of this Settlement, Noom shall not oppose Class Counsel's fee petition save to note that Noom's counsel may respond to inquiries from the Court.

130.   The Settlement Administrator shall pay from the Settlement Fund any Cost and Fee Award approved by the Court to a QSF maintained by Wittels McInturff Palikovic named WMP Noom Section 468B Qualified Settlement Fund.  The immediately foregoing transfer shall be reported for tax purposes pursuant to Section 1.468B-3(e) of the Treasury Regulations, and no IRS Form 1099 shall be issued to Wittels McInturff Palikovic in connection with such transfer.  Class Counsel shall provide an IRS Form W-9 for the WMP Noom Section 468B Qualified Settlement Fund, and any IRS Form 1099 for such payment shall be issued to such payee.  Such attorneys' fees and costs shall be paid in the amount approved by the Court within seven (7) days after the

funds are deposited into the Escrow Account, whether or not the Effective Date has occurred notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the awarded fees and expenses, the Settlement, or any part thereof.  In the event the Effective Date does not occur, Class Counsel agree to repay the attorneys' fees and costs, plus interest at the same rate earned by the Settlement Fund to Noom.  Noom shall have responsibility for the payment of any taxes due on interest repaid to Noom from the Escrow Account.  Any such repayment shall be made within fourteen (14) days of Class Counsel receiving written notice that Noom is terminating the Settlement because the Effective Date has not occurred.  Each Class Counsel's law firm receiving any portion of a Fee Award, as a condition of receiving such payment, agrees that the law firm is subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this Paragraph.  If Class Counsel fails to repay any portion of the Fees Award as required by this Paragraph, the Court shall, upon application by Noom and notice to Class Counsel, issue such orders as appropriate to compel compliance by Class Counsel and their respective law firms, and shall, if circumstances warrant, award reasonable attorneys' fees and expenses incurred by Noom in connection with the enforcement of this Paragraph.  All obligations set forth in this paragraph shall expire upon the Effective Date.

131.    Should the Court award a Cost and Fee Award less than the amount sought in Class Counsel's petition, the difference between the amount sought and the amount awarded shall remain in the Settlement Fund, and, after the latter of any appeal from or motion for reversal or modification of the Court's Cost and Fee Award is resolved or the deadline for filing an appeal or motion for reconsideration regarding the amount of any Cost and Fee Award has expired without

the filing of an appeal or motion, such funds shall be distributed pursuant to Paragraph 83 of this Agreement.

132.    Class Counsel shall have the sole and absolute discretion to allocate the Cost and Fee Award amongst Class Counsel and any other attorneys.  Noom shall have no liability or other responsibility for allocation of any Cost and Fee Award.

133.    The Parties will not be entitled to terminate this Settlement Agreement based on any order relating to Class Counsel's anticipated fee petition, nor any appeal from such order or reversal or modification thereof.

134.    The Parties agree that the Class Representatives may apply to the Court for a Service Award to each of the Class Representatives, each of which shall not exceed $12,500.00, for their services in the prosecution of this matter.  The Parties agree that the decision whether or not to award any such payment, and the amount of that payment, rests in the exclusive discretion of the Court.  Class Representatives understand and acknowledge that they may receive no monetary payment, and their agreement to the Settlement is not conditioned on the possibility of receiving monetary payment.

135.    The Settlement Administrator, within thirty (30) days after the Effective Date, shall pay from the Escrow Account the amount of any Court-approved Service Award(s) for the Class Representatives via check, to be sent care of Class Counsel.  Should the Court award less than the amount sought in the petition, the difference between the amount sought and the amount awarded shall remain in the Settlement Fund to be distributed pursuant to Paragraph 83 of this Agreement.

136.    It is not a condition of the Settlement that any Cost and Fee Award or Service Award be approved by the Court.  Any order or proceeding relating to the amount of any Cost and

Fee Award and/or Service Award, or any appeal from or reversal or modification thereof, shall not operate to modify, terminate, or cancel the settlement, or affect or delay Final Judgment.

## IX.   **ADDITIONAL PROVISIONS**

137.   <u>Best Efforts</u>.  The Parties agree to cooperate in good faith and use their best efforts to effectuate all of their respective obligations under the Agreement, including obtaining preliminary and final settlement approval, and all steps that may be necessary in order to reach the Effective Date, and to do so as quickly and efficiently as practicable.  In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the settlement, or on any supplemental provisions that may become necessary to effectuate the terms of the Settlement embodied in this Agreement, the Parties shall promptly mediate the disagreement before Hon. Katharine H. Parker of this Court.  If the Court suggests any modifications to the Agreement or conditions either Preliminary Approval or Final Approval on modifications to the Agreement, the Parties, shall, working in good faith and consistent with the Agreement, endeavor to cure any such deficiencies identified by the Court.

138.   <u>Limited Admissibility of Agreement</u>.  This Agreement is made in compromise of a dispute.  Regardless of whether the Court approves this Agreement, neither this Agreement nor anything that any of the Parties stated or did during the negotiation of this Agreement will be construed or used in any manner as:

a.   an admission of liability, concession or evidence of Defendants' fault, liability or wrongdoing as to any facts or claims asserted in this Action, validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, or the violation of any law or statute as to any facts or

claims asserted in this Action.  On the contrary, Defendants expressly deny any liability or wrongdoing whatsoever;

        b.      is, may be deemed, or shall be used, offered or received against Defendants, as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Plaintiffs;

        c.      is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as to any facts or claims asserted in this Action as against any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal;

        d.      against Plaintiffs, the Class, the Releasing Parties, Class Counsel or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

        e.      an admission or concession against Plaintiffs, the Class, the Releasing Parties, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

Notwithstanding the foregoing restrictions in this Paragraph,

        f.      Any Party may file this Agreement and Final Judgment (if and when such Final Judgment is entered) in any action to support a defense, counterclaim based on principles of res judicata, collateral estoppel, release good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

g.      The Settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the Settlement.

139.   <u>Notices</u>.  Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the date of electronic mailing.  Electronic mailings shall be directed as follows:

<u>To Class Counsel</u>

Steven Wittels
Burkett McInturff
Tiasha Palikovic
WITTELS MCINTURFF PALIKOVIC
18 Half Mile Road
Armonk, New York 10504
Phone: (914) 775-8862
slw@wittelslaw.com
jbm@wittelslaw.com
tpalikovic@wittelslaw.com

<u>To Noom's Counsel</u>

Michael Rhodes
Aarti Reddy
Ashley Corkery
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111-4004
Phone: (415) 693-2103
RHODESMG@cooley.com
areddy@cooley.com
acorkery@cooley.com

Charles Low
COOLEY LLP
55 Hudson Yards
New York, NY 10001-2157
Phone: (212) 479-6859
chlow@cooley.com

140.   <u>Privacy</u>. The Parties and all counsel agree that all orders and agreements in this Action regarding the preservation and confidentiality of documents and information remain in effect at all times, including after entry of the Final Judgment, including without limitation the Stipulated Protective Order entered on September 22, 2020 in the Action (ECF No. 58), and all Parties and counsel remain bound to comply with them.  Nothing contained in this Agreement or any order of the Court related to this Agreement, nor any act required to be performed pursuant to this Agreement is intended to constitute, cause, or effect any waiver (in whole or in part) of any attorney-client privilege, work product protection, or any other similar privilege or protective doctrine afforded by law.

141.   <u>Exhibits</u>.  The terms of this Agreement include the terms set forth in the attached Exhibits, which are incorporated by this reference as though fully set forth herein.  Exhibits to this Agreement are an integral part of the Settlement.

142.   <u>Captions or Headings</u>.  The captions or headings of paragraphs in this Agreement are inserted for convenience, reference, and identification purposes only, and shall neither control, define, limit, nor affect any provisions of this Agreement.

143.   <u>Defined Terms</u>.  Terms defined in this Agreement shall have their defined meanings whenever and wherever they occur herein (including in Exhibits).

144.   <u>Stay of Proceedings</u>.  The Parties agree to continue to stay all proceedings in this Action and the Related Actions, except such proceedings necessary to implement and complete the Settlement, pending the entry of Final Judgment.

145.   <u>Dismissal of Proceedings</u>.   The Parties agree to dismiss all proceedings in this Action and the Related Actions with prejudice within thirty (30) days after the Effective Date.

146.   <u>Amendment or Modification</u>.   Any amendment to this Agreement must be in writing, signed by the Parties, and expressly state that it is amending this Agreement.

147.   <u>Waiver of Compliance</u>.   No Party shall be treated as having waived any rights by not exercising (or delaying the exercise of) any rights under this Agreement.   Moreover, a waiver of any breach of this Agreement by any Party shall not be deemed to be a waiver by any Party of any other breach of this Agreement.

148.   <u>Entire Agreement</u>.   This Agreement sets out all terms agreed between the Parties and supersedes all previous or contemporaneous agreements between the Parties relating to its subject matter.   In entering into this Agreement neither Party has relied on, and neither Party shall have any right or remedy based on, any statement, representation, or warranty (whether made negligently or innocently), except those expressly set out in this Agreement.   Class Counsel has relied on Defendants' interrogatory responses and the class-wide engagement and transactions data Defendants produced in discovery and in connection with the mediation process regarding (i) the size of the Class, (ii) the amounts Defendants collected and refunded in connection with conduct challenged in the Action, and (iii) Class Members' use of and interaction with Noom's services.

149.   <u>Authorization to Enter Agreement</u>.   The Parties warrant and represent they are authorized to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement, to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.

150.   <u>Parties' Knowledge and Advice of Counsel</u>.   Each Party enters into this Agreement with the opportunity to seek the advice of counsel and executes and delivers this Agreement being fully informed as to its terms, content, and effect.

151.    <u>Agreement Binding on Successors in Interest</u>.  This Agreement shall be binding on and inure to the benefit of the respective heirs, successors, and assigns of the Parties.

152.    <u>Assignment</u>.  This Agreement, including any of the rights and duties of any Party hereto under the Agreement, may not be assigned without prior written approval by the other Party.

153.    <u>No Additional Persons with Financial Interest</u>.  Noom shall not be liable for any additional attorneys' fees and expenses of any Class Member's counsel, including any potential objectors or counsel representing a Class Member, other than what is expressly provided for in this Agreement.

154.    <u>Jurisdiction of the Court</u>.   The Court shall retain continuing and exclusive jurisdiction over the Parties to this Agreement, including all Class Members, and over the interpretation, implementation, administration, and enforcement of this Agreement.

155.    <u>No Construction Against Any Party</u>.   The terms of this Agreement have been negotiated at arm's length among knowledgeable Parties represented by experienced counsel.  The Parties agree that the normal rules of construction that any ambiguity in a document is construed against the drafting party shall not apply to the interpretation or enforcement of this Agreement, as the Parties each participated in the drafting of this Agreement.

156.    <u>Extensions of Time</u>.  The Parties may agree upon a reasonable extension of time for any deadline or date reflected in this Agreement, without further notice (subject to Court approval as to dates set by the Court) to the Class.

157.    <u>Fees Not a Penalty</u>.  No consideration or amount or sum paid, credited, offered, or expended by Noom in its performance of this Agreement constitutes a penalty, fine, punitive damages, or other form of assessment for any alleged claim against Noom.

158.   <u>Attorneys' Fees</u>.  Except as otherwise provided herein, each Party shall bear its own attorneys' fees and costs incurred in any way related to the Action.

159.   <u>Counterparts</u>.  The Parties may execute this Agreement in counterparts, including facsimile, PDF, and other electronic copies, which taken together will constitute one instrument.

160.   <u>Governing Law and Venue</u>.

a.     ALL CLAIMS ARISING OUT OF OR RELATING TO THIS AGREEMENT WILL BE GOVERNED BY NEW YORK LAW, WITHOUT REGARD TO OR APPLICATION OF NEW YORK'S CONFLICT OF LAWS RULES, AND WILL BE LITIGATED EXCLUSIVELY IN THE SOUTHERN DISTRICT OF NEW YORK BY THE HONORABLE KATHARINE H. PARKER; THE PARTIES CONSENT TO PERSONAL JURISDICTION IN THE SOUTHERN DISTRICT OF NEW YORK.

b.     If a Party files any claim, complaint, action, or proceeding alleging a breach of this Agreement, the successful or prevailing Party may, if appropriate, be awarded its attorneys' fees and other costs, in addition to any other relief to which the Party may be entitled.  Any action or proceeding to enforce the Agreement shall, pursuant to the Court's retention of jurisdiction with respect to the Settlement, be brought in this Court.

161.   <u>Signatures</u>.  Each person executing this Agreement warrants that such person has the full authority to do so.

IN WITNESS WHEREOF, the Parties have caused the Agreement to be executed by their duly authorized attorneys.

APPROVED AND AGREED TO BY THE PLAINTIFFS:

Dated: _____2/7/2022_____, 2022

_____

Plaintiff Mojo Nichols

Dated: _____, 2022

_____

Plaintiff Susan Brewster

Dated: _____, 2022

_____

Plaintiff Duane Dea

Dated: _____, 2022

_____

Plaintiff Maryanne Deracleo

Dated: _____, 2022

_____

Plaintiff Karen Kelly

Dated: _____, 2022

_____

Plaintiff Rebecca Richards

Dated: _____, 2022

_____

Plaintiff Jennifer Sellers

Dated: _____, 2022

_____

Plaintiff Stacy Spencer

Dated: _____, 2022

WITTELS MCINTURFF PALIKOVIC

_____

Steven L. Wittels
Class Counsel

APPROVED AND AGREED TO BY THE PLAINTIFFS:

Dated: _____, 2022

_____
Plaintiff Mojo Nichols

Dated: FEB, 4 _____, 2022

_____
Plaintiff Susan Brewster

Dated: _____, 2022

_____
Plaintiff Duane Dea

Dated: _____, 2022

_____
Plaintiff Maryanne Deracleo

Dated: _____, 2022

_____
Plaintiff Karen Kelly

Dated: _____, 2022

_____
Plaintiff Rebecca Richards

Dated: _____, 2022

_____
Plaintiff Jennifer Sellers

Dated: _____, 2022

_____
Plaintiff Stacy Spencer

Dated: _____, 2022

WITTELS MCINTURFF PALIKOVIC

_____
Steven L. Wittels
Class Counsel

- 55 -

APPROVED AND AGREED TO BY THE PLAINTIFFS:

Dated: _____, 2022

                        Plaintiff Mojo Nichols

Dated: _____, 2022

                        Plaintiff Susan Brewster

Dated: _____, 2022

                        Plaintiff Duane Dea

Dated: Feb 3 _____, 2022

                        Plaintiff Maryanne Deracleo

Dated: _____, 2022

                        Plaintiff Karen Kelly

Dated: _____, 2022

                        Plaintiff Rebecca Richards

Dated: _____, 2022

                        Plaintiff Jennifer Sellers

Dated: _____, 2022

                        Plaintiff Stacy Spencer

Dated: _____, 2022

                        WITTELS MCINTURFF PALIKOVIC

                        Steven L. Wittels
                        Class Counsel

- 55 -

APPROVED AND AGREED TO BY THE PLAINTIFFS:

Dated: _____, 2022

_____

Plaintiff Mojo Nichols

Dated: _____, 2022

_____

Plaintiff Susan Brewster

Dated: _____, 2022

_____

Plaintiff Duane Dea

Dated: _____, 2022

_____

Plaintiff Maryanne Deracleo

Dated: _Feb 4,_____, 2022

_Maryanne Deracleo_

Plaintiff Karen Kelly

Dated: _____, 2022

_____

Plaintiff Rebecca Richards

Dated: _____, 2022

_____

Plaintiff Jennifer Sellers

Dated: _____, 2022

_____

Plaintiff Stacy Spencer

WITTELS MCINTURFF PALIKOVIC

Dated: _____, 2022

_____

Steven L. Wittels
Class Counsel

APPROVED AND AGREED TO BY THE PLAINTIFFS:

Dated: _____, 2022          _____

                                        Plaintiff Mojo Nichols

Dated: _____, 2022          _____

                                        Plaintiff Susan Brewster

Dated: _____, 2022          _____

                                        Plaintiff Duane Dea

Dated: _____, 2022          _____

                                        Plaintiff Maryanne Deracleo

Dated: _____, 2022          _____

                                        Plaintiff Karen Kelly

Dated: __2/7/_____, 2022           _Karen S. Kelly_____

                                        Plaintiff Rebecca Richards

Dated: _____, 2022          _____

                                        Plaintiff Jennifer Sellers

Dated: _____, 2022          _____

                                        Plaintiff Stacy Spencer

Dated: _____, 2022          WITTELS MCINTURFF PALIKOVIC

                                        _____

                                        Steven L. Wittels
                                        Class Counsel

APPROVED AND AGREED TO BY THE PLAINTIFFS:

Dated: _____, 2022

                                                _____

Plaintiff Mojo Nichols

Dated: _____, 2022

_____

Plaintiff Susan Brewster

Dated: _____, 2022

_____

Plaintiff Duane Dea

Dated: _____, 2022

_____

Plaintiff Maryanne Deracleo

Dated: _____, 2022

_____

Plaintiff Karen Kelly

Dated: _Feb 7th_____, 2022

_____

Plaintiff Rebecca Richards

Dated: _____, 2022

_____

Plaintiff Jennifer Sellers

Dated: _____, 2022

_____

Plaintiff Stacy Spencer

WITTELS MCINTURFF PALIKOVIC

Dated: _____, 2022

_____

Steven L. Wittels
Class Counsel

- 55 -

APPROVED AND AGREED TO BY THE PLAINTIFFS:

Dated: _____, 2022

_____
Plaintiff Mojo Nichols

Dated: _____, 2022

_____
Plaintiff Susan Brewster

Dated: _____, 2022

_____
Plaintiff Duane Dea

Dated: _____, 2022

_____
Plaintiff Maryanne Deracleo

Dated: _____, 2022

_____
Plaintiff Karen Kelly

Dated: _____, 2022

_____
Plaintiff Rebecca Richards

Dated: _2 | 7_____, 2022

_____
Plaintiff Jennifer Sellers

Dated: _____, 2022

_____
Plaintiff Stacy Spencer

Dated: _____, 2022

WITTELS MCINTURFF PALIKOVIC

_____
Steven L. Wittels
Class Counsel

APPROVED AND AGREED TO BY THE PLAINTIFFS:

Dated: _____, 2022

_____

Plaintiff Mojo Nichols

Dated: _____, 2022

_____

Plaintiff Susan Brewster

Dated: _____, 2022

_____

Plaintiff Duane Dea

Dated: _____, 2022

_____

Plaintiff Maryanne Deracleo

Dated: _____, 2022

_____

Plaintiff Karen Kelly

Dated: _____, 2022

_____

Plaintiff Rebecca Richards

Dated: _____, 2022

_____

Plaintiff Jennifer Sellers

Dated: February 3, 2022

Plaintiff Stacy Spencer

Dated: _____, 2022

WITTELS MCINTURFF PALIKOVIC

_____

Steven L. Wittels
Class Counsel

- 55 -

APPROVED AND AGREED TO BY THE PLAINTIFFS:

Dated: _____, 2022

_____

Plaintiff Mojo Nichols

Dated: _____, 2022

_____

Plaintiff Susan Brewster

Dated: _____, 2022

_____

Plaintiff Duane Dea

Dated: _____, 2022

_____

Plaintiff Maryanne Deracleo

Dated: _____, 2022

_____

Plaintiff Karen Kelly

Dated: _____, 2022

_____

Plaintiff Rebecca Richards

Dated: _____, 2022

_____

Plaintiff Jennifer Sellers

Dated: _____, 2022

_____

Plaintiff Stacy Spencer

Dated: _February 3_, 2022

WITTELS MCINTURFF PALIKOVIC

_____

Steven L. Wittels
Class Counsel

- 55 -

APPROVED AND AGREED TO BY DEFENDANTS:

Dated: _____February 5_____, 2022

NOOM, INC.

Michal Rosenn
General Counsel, Noom, Inc.

Dated: _____February 6_____, 2022

ARTEM PETAKOV

Artem Petakov
Co-Founder and President, Noom, Inc.

APPROVED AS TO FORM:

Dated: _____February 3_____, 2022

COOLEY LLP

Michael G. Rhodes
Counsel for Defendants

# Exhibit 1

**OFFICIAL NOTICE FROM THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

# If you signed up for Noom between May 12, 2016 and October 6, 2020, you could get a payment from a class action settlement.

**A federal court authorized this Notice.  This is <u>not</u> a solicitation from a lawyer.**

A settlement has been reached in a proposed class action against Noom, Inc. ("Noom").  The case alleges that Noom's autorenewal and cancellation practices violated both common law and consumer protection laws nationwide.  Noom denies these allegations and any wrongdoing and maintains that its autorenewal and cancellation practices were at all times lawful.

You are included in the Settlement if you purchased an autorenewing Noom Healthy Weight Subscription through Noom's website or mobile app between May 12, 2016 and October 6, 2020 while in the United States and did not receive a full refund of your subscription charges.  **To get Settlement money, go to [URL of website] and file your valid claim.**

Included users can fill out a short claim form and receive a payment estimated to range from approximately $30.00 to $167.00.  These amounts are averages only and your payment amount may be different.  The payment amount will depend on a variety of factors including the number of subscription payments made and the legal strength of the user's claim as determined by the lawyers and the judge in this case.  The payment amount will also depend on the number of claims submitted.

The Settlement also requires Noom to make changes to its autorenewal and cancellation practices.

Read this Notice carefully.  If you are included in the proposed classes, your legal rights are affected whether you act or do not act.  The judge in charge of this case hasn't decided if the Settlement is fair yet.  Payments will be made only if the judge decides the Settlement is fair and approves the Settlement.

QUESTIONS? CALL XXX-XXX-XXXX, OR VISIT [WEBSITE]

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM FORM** | The **only** way to get a payment.  You will be bound by the terms of the Settlement and will give up your rights to sue Noom about the issues in this case. | [to come] |
| **EXCLUDE YOURSELF** | You will receive no payment, but you will retain any rights you currently have to sue Noom about the issues in this case. | [to come] |
| **OBJECT** | Write to the Court and explain why you do not like the Settlement. | [to come] |
| **DO NOTHING** | You **will not** get a payment and will give up your rights to sue Noom about the issues in this case. | No Deadline |

*These rights and options are further explained in this Notice.*

### WHAT THIS NOTICE CONTAINS

BASIC INFORMATION..................................................................................................... 3

WHO IS IN THE SETTLEMENT?................................................................................... 4

THE SETTLEMENT BENEFITS – WHAT YOU GET ................................................. 5

HOW TO GET A PAYMENT—SUBMITTING A CLAIM FORM ........................... 7

WHAT HAPPENS IF YOU REMAIN IN THE SETTLEMENT ................................ 8

EXCLUDING YOURSELF FROM THE SETTLEMENT............................................ 8

OBJECTING TO THE SETTLEMENT ........................................................................ 9

THE LAWYERS REPRESENTING YOU .................................................................... 11

THE COURT'S FAIRNESS HEARING........................................................................ 12

GETTING MORE INFORMATION.............................................................................. 13

QUESTIONS? CALL XXX-XXX-XXXX, OR VISIT [WEBSITE]

**BASIC INFORMATION**

| 1. WHY WAS THIS NOTICE ISSUED? |
|---|

A Court authorized this Notice to let you know about a proposed settlement of a class action lawsuit with Noom. You have legal rights and options that you may exercise before the Court decides whether to approve the proposed Settlement. This Notice explains the Lawsuit, the Settlement, your legal rights, what payments are available, and how to get them.

Magistrate Judge Katharine Parker of the U.S. District Court for the Southern District of New York is overseeing this class action. The case is known as *Nichols, et al. v. Noom, Inc., et al.*, No. 20 Civ.03677 (KHP). The individuals who sued are called the Class Representatives. The company and individual they sued, Noom, Inc. and Artem Petakov, are called the Defendants.

| 2. WHAT IS A CLASS ACTION LAWSUIT? |
|---|

In a class action, one or more Class Representatives sue on behalf of other people who have similar claims. Under this Settlement, these people are together called a "Class" or "Class Members," except for those who exclude themselves from the Class. In a class action, the court resolves the issues for all Class Members. After the parties reached an agreement to settle this case, the Court recognized it as a case that may be treated as a class action for settlement purposes only.

| 3. WHAT IS THIS LAWSUIT ABOUT? |
|---|

The case challenges Noom's autorenewal and cancellation practices. In particular, the lawsuit claims that Noom violated the common law and state consumer protection law by not adequately disclosing autorenewal offer terms of the Noom Healthy Weight subscription in a clear and conspicuous manner, and by not providing a simple online mechanism for cancellation.

Noom denies these allegations and any wrongdoing and maintains that its autorenewal and cancellation practices were at all times lawful.

The Settlement is not an admission of, and does not establish any, wrongdoing by Noom.

More information about the lawsuit can be found in the "Court Documents" section of this settlement website at [URL to Documents section of website].

QUESTIONS? CALL XXX-XXX-XXXX, OR VISIT [WEBSITE]

3

| 4. WHY IS THERE A SETTLEMENT? |
|---|

The lawyers representing Noom and the Class Representatives spent more than ten thousand working hours fighting this case since it was filed in the Spring of 2020. Before proceeding to trial, both sides agreed to a settlement. The Settlement gives Class Members guaranteed payments now whereas in a trial, Class Members might get nothing or might only get payment years from now. Because this is a settlement, the Court has not decided who should win the case. The Class Representatives and their attorneys ("Class Counsel") believe that the Settlement is in the best interests of the Class Members.

## WHO IS IN THE SETTLEMENT?

To see if you can get a payment, you first need to determine whether you are included in this lawsuit.

| 5. HOW DO I KNOW IF I AM PART OF THE SETTLEMENT? |
|---|

You are a Class Member and are included in the Settlement if you fit the following description:

You purchased an autorenewing Noom Healthy Weight Subscription through Noom's website or mobile app between May 12, 2016 and October 6, 2020 while in the United States and did not receive a full refund or chargeback of your subscription payments.

If you received an email or notice through Facebook or Instagram about this Settlement, Noom's records show that may be a Class Member.

Not everybody who bought Noom is included in the Settlement. If you didn't get a notice and think you should be included in the Settlement, please visit [WEBSITE URL] or call [HOTLINE NUMBER].

The class is divided into two subclasses, Subclasses A and B.

- You are member of **Subclass A** if you are a Class Member and according to the data produced by Noom in discovery, you (i) either never completed your Noom enrollment but were charged, (ii) enrolled but there is proof that you never used Noom post-trial, (iii) there is proof that you used Noom during the trial but not after you were charged for a subscription, (iv) there is proof that you used Noom two times or fewer post-trial, (v) there is proof that you stopped using Noom after day 58 of your subscription, (vi) you received a partial refund of any payments for the Healthy Weight Subscription, or (vii) you were a resident of California when you signed up for a Healthy Weight Subscription.

QUESTIONS? CALL XXX-XXX-XXXX, OR VISIT [WEBSITE]

4

- You are a member of **Subclass B** if you are a Class Member and do not meet the requirements of Subclass A.

**6.   ARE THERE ANY EXCEPTIONS TO BEING INCLUDED IN THE SETTLEMENT?**

Some users are excluded because they work for Noom or are related to the judges or lawyers in the case.  The Settlement Agreement has a list of the categories of people who are excluded.  Users who request to be excluded (this process is explained below) aren't included either.

**7.   I AM NOT SURE IF I'M INCLUDED.**

If you are still not sure whether you are included, you can ask for free help.  You can visit [website] or call [HOTLINE NUMBER] for more information.  Or you can fill out and return the Claim Form described in Section 11 to see if you qualify.  **Please do not contact the Court or Noom**.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**8.   WHAT DOES THE SETTLEMENT PROVIDE?**

Noom will pay $56 million and provide $6 million in subscription fee credits to settle this case.  The money will go into a "Settlement Fund" to pay for everything related to the Settlement.  The subscription fee credits and most of the money will go to Class Members who submit valid claim forms (more about that in the question below).  The rest will be used to pay the costs of notifying people about the Settlement, the lawyers' fees, awards to the Class Representatives who helped bring the lawsuit, and certain taxes.

Noom also agrees to adopt certain business practice changes for a period of two years.  Specifically, Noom will:

- Update its pre-purchase enrollment procedure so that only customers who check a box giving their explicit consent will be automatically enrolled into a Healthy Weight Subscription plan after the trial period ends;
- Update its pre-purchase disclosures to provide even more explicit instructions as to Noom's subscription and cancellation policies;
- Turn off autorenewal for users in the Class who have ceased any activity in the app for the first twelve (12) months after the trial ended;
- Send electronic receipts to Healthy Weight users for subscription charges;

QUESTIONS? CALL XXX-XXX-XXXX, OR VISIT [WEBSITE]

- Send one reminder email to Healthy Weight users prior to the first autorenewal charge for subscriptions that have an initial term of at least 3 months; and
- Update its website to allow users to more easily find the place to cancel.

Noom does not believe that it is legally obligated to make any of these changes but is doing so to improve user experience and as part of the Settlement. The full terms of these business practice changes can be found in the Settlement Agreement.

| 9.   HOW MUCH WILL MY PAYMENT BE? |
|---|

**Payments will likely be approximately $30 to $167 per person. Those receiving the lower amount (roughly $30) will also be eligible to receive one (1) free month of a Noom Healthy Weight Subscription valued at $60. The free credit does not reduce Class Members' cash award.** This is only an estimate, and the payments could be less or more than this range. We can't give you an exact number right now because the payment amounts depend on several factors. These factors include (i) the number of valid claims, (ii) whether you are in Subclass A or Subclass B, and (iii) the amount of fees, costs, expenses, awards, and taxes deducted from the settlement fund.

The parties estimate the following average payment for persons who are members of each Subclass:

- The average **Subclass A** member will receive $167.00.

- The average **Subclass B** member will receive $30.00, excluding any subscription fee credits. Members of Subclass B can also choose to receive one free month of Noom's Health Weight product. This free month does not reduce consumers' cash award. The first 100,000 members of Subclass B to choose the free month and submit a valid Claim Form will be issued the free month. If you have a Healthy Weight subscription when the credit for the free month is redeemed, an additional month will be added on a one-time basis to that subscription. If you are not a Healthy Weight subscriber when the credit is redeemed, you will be given a voucher or promo-code that will allow you to access a single month of a non-recurring (non-autorenewing) Healthy Weight Subscription. The credit will expire if it is not redeemed within twelve (12) months of the date it is issued. Once the credits are exhausted, the Settlement Administrator will notify any member of Subclass B who submits a valid Claim Form requesting a subscription fee credit that such credits have been exhausted.

QUESTIONS? CALL XXX-XXX-XXXX, OR VISIT [WEBSITE]

## HOW TO GET A PAYMENT—SUBMITTING A CLAIM FORM

### 10. HOW CAN I GET A PAYMENT?

To get a payment, you must complete and submit a valid Claim Form **no later than [claims deadline]**.  Please file your claim electronically on [settlement website].  Not only is submitting online easier and more secure, but it is completely free and takes only minutes.  You can get payment by a check or electronically through Venmo, Zelle, PayPal, and direct deposit.

If you want a paper copy of the Claim Form, you can download it here [active link], go to [settlement website], or call toll free, 1-800-000-0000.  If you want to submit a paper copy of your Claim Form by mail, please send it to the Settlement Administrator at the address below:

SETTLEMENT ADMINISTRATOR
P.O. BOX XXX
ANYTOWN, ANY XXXXX

If you timely file a valid Claim Form and your claim is approved, you will receive a payment.  Please read the Claim Form carefully and provide all the information required.  All Claim Forms **must be received (or postmarked if mailed) and properly completed by [claims deadline]**.

### 11. WHEN WILL I GET MY PAYMENT?

We can't give you a date yet.  We estimate that payments will be made about two months after the judge approves the Settlement.  The judge will consider the Settlement's fairness on [insert Final Approval Hearing date].  Even if the judge approves the Settlement, there may be appeals.  It is always uncertain whether and when appeals will be resolved and resolving them can take more than a year.  Please be patient.

All checks will expire and become void 90 days after they are issued.  If there is any money left because of uncashed checks or returned electronic payments, you may get a second payment if you filed a valid claim.  If there is money left after the second payment, that money may be donated to a non-profit with a track record of addressing consumer fraud issues on the Internet.

The Settlement Website will be updated to inform Class Members of the progress of the Settlement.

QUESTIONS? CALL XXX-XXX-XXXX, OR VISIT [WEBSITE]

## WHAT HAPPENS IF YOU REMAIN IN THE SETTLEMENT

| **12. WHAT AM I GIVING UP TO STAY IN THE CLASS?** |
|---|

Unless you exclude yourself, you will remain in the Class.

That means that if the judge approves the Settlement, you are giving up the right to file your own lawsuit against, or seek further money from, Noom for any of the issues or claims in the case—whether or not you are currently aware of those claims.

The specific scope of the claims you are releasing is in paragraph XX of the Settlement Agreement, which is available through the "Court Documents" link on the Settlement Website.  If you have any questions, you can talk to the lawyers listed in Question XX for free.

| **13. WHAT HAPPENS IF I DO NOTHING AT ALL?** |
|---|

If you are a Class Member and you do nothing (meaning you don't submit a Claim Form and don't exclude yourself), you will **not** receive money from this Settlement and you will release your claims as explained above.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| **14. HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?** |
|---|

To exclude yourself from the Settlement, you must submit a written request for exclusion to the Settlement Administrator, stating that you want to be excluded from the Settlement in *Nichols, et al. v. Noom, Inc. et al.*, No. 20 Civ.03677 (KHP).  You must include the following statement: "I request to be excluded from the Class and Settlement in *Nichols, et al.  v. Noom, Inc., et al.*, No 20 Civ. 03677 (KHP) (S.D.N.Y.). You must also include your name, your current address, your email address, your telephone number, and your signature.  Your exclusion request must also be personally signed by you.  A typed signature or an attorney's signature will not satisfy this requirement.  A request to be excluded will not be valid unless all of the information described above is included.  You must either email your exclusion request to [email address] by, or mail it (postmarked) no later than, **[objection / exclusion deadline]** to:

[Settlement Administrator]
Address
Address


QUESTIONS? CALL XXX-XXX-XXXX, OR VISIT [WEBSITE]

If you ask to be excluded and follow the instructions for doing so above, you will not get any Settlement payment.  You will not be legally bound by anything that happens in this lawsuit.

| **15. IF I DON'T EXCLUDE MYSELF, CAN I SUE NOOM FOR THE SAME THING LATER?** |
| --- |

No.  Unless you exclude yourself, you give up any right to sue Noom for the claims that this Settlement resolves.  If you have a pending lawsuit, speak to your lawyer in that case immediately.

| **16. IF I EXCLUDE MYSELF, CAN I GET MONEY FOR THIS SETTLEMENT?** |
| --- |

No.  If you exclude yourself, you cannot submit a Claim Form to ask for any money because you will no longer be eligible for any.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

| **17. HOW DO I TELL THE COURT I DO NOT LIKE THE SETTLEMENT?** |
| --- |

If you are a member of the Class and you do not exclude yourself, you can ask the judge to deny approval by filing an objection.

You cannot ask the judge to order a different settlement—the judge can only approve or reject the Settlement.  If the Court denies approval, no Settlement payments will be made and the lawsuit will continue.

Any objection to the proposed Settlement must be in writing.  If you submit a written objection before the deadline, you may, but don't have to, appear at the Final Approval Hearing.  If you want to appear, you can do so yourself or through your own attorney.  If you appear through your own attorney, you are responsible for hiring and paying that attorney.

All written objections must include the following:

1. A reference at the beginning to *Nichols, et al.  v. Noom, Inc., et al.*, No 20 Civ. 03677 (KHP) (S.D.N.Y.);
2. Your full name, mailing address, email address, telephone number, and personal signature (a typed signature or an attorney's signature will not satisfy this requirement);

QUESTIONS? CALL XXX-XXX-XXXX, OR VISIT [WEBSITE]

9

3. Your basis for believing you are a Class Member;
4. Whether you intend to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying counsel by name, mailing address, email address, and phone number, and who, if anyone, from such counsel will appear at the Final Approval Hearing;
5. A clear and concise statement of the grounds for the objection; and
6. The name and contact information of any and all attorneys or persons who may profit from the pursuit of the objection that are representing, advising, or in any way assisting you in connection with the preparation or submission of the objection.

In addition, for any objection made with the assistance of any attorney, law firm staff, or other person who may profit from the pursuit of the objection to be valid, the objection must include the following:

7. A written statement of any legal support for such objection;
8. Copies of any papers, briefs, or other documents upon which the objection is based that the objector wishes the judge to consider when reviewing the objection;
9. A list of all persons who will be called to testify in support of the objection, if any; and
10. A detailed list of any other objections and any orders pertaining to the prior objections, the objector, or his or her counsel or other person who may profit from the pursuit of the objection submitted in any action in the previous five (5) years.  If the Class Member or his or her counsel or other person who may profit from the pursuit of the objection has not objected to any other class action settlement in the previous five (5) years, he, she, or it shall affirmatively state so in the written materials provided in connection with the objection to this Settlement.

Further, any Class Member who submits a timely written objection prepared or filed with the assistance of an attorney, law firm staff, or other person who may profit from the pursuit of the objection shall consent to deposition by Class Counsel and/or Noom's counsel prior to the Final Approval Hearing.

Any written objection must be signed and dated and postmarked (or emailed) no later than \_\_\_\_\_. Submit your objection to the Settlement Administrator at:

SETTLEMENT ADMINISTRATOR
P.O. BOX XXX
ANYTOWN, ANY XXXXX
EMAIL ADDRESS

You must also serve a copy of your objection on Class Counsel and Defendants' Counsel no later than \_\_\_\_\_ at the following addresses:

QUESTIONS? CALL XXX-XXX-XXXX, OR VISIT [WEBSITE]

**Class Counsel**:  Wittels McInturff Palikovic, 18 Half Mile Road, Armonk, New York 10504, jbm@wittelslaw.com

**Noom's Counsel**:  Cooley LLP, 55 Hudson Yards, New York, NY 10001, areddy@cooley.com

Any objection to the Settlement, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if, on or before [BAR DATE], the Class Member making the objection transmits copies of such papers he or she proposes to be submitted at the Final Approval Hearing to the Settlement Administrator, Class Counsel, and Noom's Counsel.

| 18. WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND ASKING TO BE EXCLUDED? |
|---|

Objecting means that you disagree with some aspect of the Settlement and think the judge should not approve the Settlement.  You can object only if you stay in the Settlement.  Excluding yourself means that you do not want to be part of the Settlement.  If you exclude yourself, you will not be eligible to receive money from the Settlement and you cannot object because the Settlement no longer affects you.

### THE LAWYERS REPRESENTING YOU

| 19. DO I HAVE A LAWYER IN THIS CASE? |
|---|

The Court appointed the law firm of Wittels McInturff Palikovic to represent all Class Members.  These lawyers are called "Class Counsel."  Class Counsel is experienced in handling similar class action cases.  More information about Class Counsel and their lawyers' experience is available at www.wittelslaw.com.

After investigating and litigating the case for more than two years, Class Counsel believes that the Settlement is fair, reasonable, and in Class Members' best interests considering all relevant risks, including that Noom may be right about what the law requires or that this case may not be suitable for treatment as a class action.  If the judge agreed with Noom on this latter point, Class Members like you would only recover any money if you hired your own lawyer and brought your own lawsuit in an individual capacity.  The costs of your own lawsuit would likely far surpass the amount of any payments you made to Noom.

QUESTIONS? CALL XXX-XXX-XXXX, OR VISIT [WEBSITE]

**20. HOW WILL THE LAWYERS BE PAID?**

Class Counsel have not received any payment for their services in pursuing claims against Noom on behalf of the Class, nor have they been reimbursed for their out-of-pocket expenses.  As is customary in class actions like this one, Class Counsel will ask the Court to approve Service Awards of up to $12,500 to the Class Representatives who assisted Class Counsel in prosecuting the case, and also ask the Court to approve payment of up to one-third of the settlement fund to them for attorneys' fees and expenses.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement.  You may attend and you may ask to speak, but you do not have to.

**21. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**

The Court will hold a Final Approval Hearing at _____ a.m. on_____, at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007 in Courtroom 17D, 17th Floor.  At this hearing, the Court will consider whether the Settlement and its terms are fair, reasonable, and adequate.  ***You do not have to appear at this Fairness Hearing to receive a payment from the Settlement.***

**Note:** The date and time of the Final Approval Hearing may change and the hearing may be held by telephone or video conference, but any changes will be posted at this Settlement Website here [link to page with info], or through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.nysd.uscourts.gov.

**22. DO I HAVE TO COME TO THE HEARING?**

No.  Class Counsel and Noom's lawyers will answer any questions the judge may have.  You may attend at your own expense if you wish.

**23. MAY I SPEAK AT THE HEARING?**

If you do not exclude yourself from the Class, you may ask the Court for permission to speak at the Final Approval Hearing.  To do so, you must send a letter saying that it is your "Notice of

QUESTIONS? CALL XXX-XXX-XXXX, OR VISIT [WEBSITE]

12

Intention to Appear in *Nichols, et al. v. Noom, Inc, et al.*, No 20 Civ. 03677 (KHP) (S.D.N.Y.)." Be sure to include your name, address, telephone number, and signature.  Your Notice of Intention to Appear must be postmarked no later than _____, and be sent to the Clerk of the Court.  You cannot speak at the hearing if you excluded yourself from the Settlement.

## GETTING MORE INFORMATION

| 24. ARE THERE MORE DETAILS ABOUT THE SETTLEMENT? |
| --- |

This notice summarizes the Settlement.  More details are in the Settlement Agreement, in the Court's Orders, and other relevant documents, which are available at [website].

| 25. HOW DO I GET MORE INFORMATION? |
| --- |

You can call the Claims Administrator hotline at XXX-XXX-XXXX, write to XYZ Settlement, P.O. Box 0000, City ST or explore [website], where you can submit a Claim Form, find a Claim Form, key documents in the case, and other information to help you determine whether you are a Class Member and whether you are eligible for a payment.  You can also contact Class Counsel at [phone number].

**PLEASE DO <u>NOT</u> CONTACT THE COURT, THE JUDGE, OR THE DEFENDANTS WITH QUESTIONS ABOUT THE SETTLEMENT OR CLAIMS PROCESS**

All questions regarding the Settlement or claims process should be directed to the Settlement Administrator or to Class Counsel.

By order of the United States District Court for the Southern District of New York

QUESTIONS? CALL XXX-XXX-XXXX, OR VISIT [WEBSITE]

13

# Exhibit 2

**Sender Email: [**DoNotReply@NoomSettlement.com]

**Sender Name:**  Settlement Administrator

**Subject Line**:  Notice of Refund from Noom

---

**Notice ID: [Notice ID number]**

# IF YOU SIGNED UP FOR NOOM BETWEEN MAY 12, 2016 AND OCTOBER 6, 2020 IN THE UNITED STATES, YOU COULD GET A PAYMENT FROM A CLASS ACTION SETTLEMENT.

# PAYMENTS ARE ESTIMATED AT $167.00.  IT TAKES ABOUT 3 MINUTES TO SUBMIT A CLAIM.

This is a Court-approved Legal Notice.  This is not an advertisement.  You are not being sued.

[Spanish] For Spanish, Click Here

A Settlement has been reached in a proposed class action against Noom, Inc. ("Noom").  Noom is a science-driven weight loss program and one of the most popular health apps in the world.  The case alleges that Noom's autorenewal and cancellation practices violated both common law and consumer protection laws nationwide.  Noom denies these allegations and any wrongdoing and maintains that its autorenewal and cancellation practices were at all times lawful.

You can fill out a short claim form and the lawyers in the case estimate that you could get about $167.00 by clicking below.

## CLAIM NOW BUTTON

 **Who is included?**  You are included if you purchased an autorenewing Noom Healthy Weight Subscription through Noom's website or mobile app between May 12, 2016 and October 6, 2020 while in the United States and did not receive a full refund of your subscription charges.  Noom's records show that you are likely included and can get a payment from the Settlement.

**To get Settlement money, click here to file your claim**.

For more information, please go to [INSERT WEBSITE]

 **What can I get?**  It takes about 3 minutes to file your claim.  You can fill out a short claim form by [INSERT DEADLINE] and the lawyers in this case estimate that you could receive approximately $167.00.  The $167.00 amount is only an estimate.  Your payment amount may be different.  The payment amount will depend on a number of factors including the number of

subscription payments you made and the legal strength of your claim as determined by the lawyers and the judge in this case.  The payment amount will also depend on the number of claims submitted.

**How do I get my money?**  You have to fill out a short claim form by [DATE].  You can fill one out now by **clicking here** or you can submit one online at [INSERT WEBSITE].  Submitting a claim online is easy, secure, and completely free.  You can also get a paper claim form from [INSERT WEBSITE] or by calling toll free, XXX-XXX-XXXX.  Paper claim forms are also available by emailing [EMAIL ADDRESS].

**What does the Settlement provide?**  Under the Settlement, Noom will pay $56 million to establish a Settlement Fund.  In addition to the cash award, the Settlement also requires Noom to make changes to its autorenewal and cancellation practices.

Please visit [settlement website] for more information.

**Do I have a lawyer in the case?**  If you are receiving this Notice, Noom's records show you are likely included in the Class and therefore have a lawyer in this case.   The Court appointed the law firm Wittels McInturff Palikovic as "Class Counsel" to represent the Class Members in this case.  You do not have to pay Class Counsel or anyone else to participate.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**Your other options**.  If you are included in the Settlement and do nothing, your rights will be affected and you won't get a payment.  If you don't want to be legally bound by the Settlement, you must exclude yourself from it by [DATE].  Unless you exclude yourself, you won't be able to sue or continue to sue Noom for any claim made in this lawsuit or released by the Settlement Agreement.  If you exclude yourself, you won't receive payment.  If you stay in the Settlement (*i.e.*, don't exclude yourself), you may object to it or ask for permission for you or your lawyer to appear and speak at the Final Approval Hearing – at your own cost – but you don't have to.  Objections and requests to appear are due by [DATE].  More information about these options is available at [website].

**When will the judge consider the proposed settlement?**  The Court will hold the Final Approval Hearing at [___] on [Month] [Day], 2022 in Courtroom 17D (17th Floor) of the United States Courthouse, 500 Pearl Street, New York, NY 10007.  At the Final Approval Hearing, the Court will consider whether the Settlement and its terms are fair, reasonable, and adequate.  The date of the Final Approval Hearing may change without further notice, and Class Members should check [website] or the Court's docket to confirm that the date has not changed.

This Notice is only a summary.

For more information visit [website].

# Exhibit 3

**Sender Email: [**DoNotReply@NoomSettlement.com]

**Sender Name:**  Settlement Administrator

**Subject Line**:  Notice of Refund from Noom

---

**Notice ID: [Notice ID number]**

# IF YOU SIGNED UP FOR NOOM BETWEEN MAY 12, 2016 AND OCTOBER 6, 2020 IN THE UNITED STATES, YOU COULD GET A PAYMENT FROM A CLASS ACTION SETTLEMENT.

# PAYMENTS ARE ESTIMATED AT $30.00.  IT TAKES ABOUT 3 MINUTES TO SUBMIT A CLAIM.

<u>This is a Court-approved Legal Notice.  This is not an advertisement.  You are not being sued.</u>

<u>[Spanish] For Spanish, Click Here</u>

A Settlement has been reached in a proposed class action against Noom, Inc. ("Noom").  Noom is a science-driven weight loss program and one of the most popular health apps in the world. The case alleges that Noom's autorenewal and cancellation practices violated both common law and consumer protection laws nationwide.  Noom denies these allegations and any wrongdoing and maintains that its autorenewal and cancellation practices were at all times lawful.

You can fill out a short claim form and the lawyers in the case estimate that you could get about $30.00 and more by clicking below.

## CLAIM NOW BUTTON

**Who is included?**  You are included if you purchased an autorenewing Noom Healthy Weight Subscription through Noom's website or mobile app between May 12, 2016 and October 6, 2020 while in the United States and did not receive a full refund of your subscription charges.  <u>Noom's records show that you are likely included and can get a payment from the Settlement.</u>

**To get Settlement money, click <u>here</u> to file your claim**.

For more information, please go to [INSERT WEBSITE]

**What can I get?**  It takes about 3 minutes to file your claim.  You can fill out a short claim form by [INSERT DEADLINE] and the lawyers in this case estimate that you could receive approximately $30.00.  The $30.00 amount is only an estimate.  Your payment amount may be different.  The payment amount will depend on a number of factors including the number of

subscription payments you made and the legal strength of your claim as determined by the lawyers and the judge in this case.  The payment amount will also depend on the number of claims submitted.

**How do I get my money?**  You have to fill out a short claim form by [DATE].  You can fill one out now by **clicking here** or you can submit one online at [INSERT WEBSITE].  Submitting a claim online is easy, secure, and completely free.  You can also get a paper claim form from [INSERT WEBSITE] or by calling toll free, XXX-XXX-XXXX.  Paper claim forms are also available by emailing [EMAIL ADDRESS].

**What does the Settlement provide?**  Under the Settlement, Noom will pay $56 million to establish a Settlement Fund and will contribute an additional $6 million in subscription fee credits.  In addition to a cash award, you are eligible to receive one (1) subscription fee credit, distributed on a first-come, first-served basis until depleted, for a one-month Healthy Weight Subscription, valued at $60.  The free credit will not reduce your cash award.  The first 100,000 users to choose the free month and submit a valid claim will be issued the free one-month Healthy Weight Subscription.  If you have a Healthy Weight subscription when the credit is redeemed, an additional month will be added on a one-time basis to that subscription.  If you are not a Healthy Weight subscriber when the credit is redeemed, you will be given a voucher or promo-code that will allow you to access a single month of a non-recurring (non-autorenewing) Healthy Weight Subscription.  The credit will expire if it is not redeemed within twelve (12) months of the date it is issued.

The Settlement also requires Noom to make changes to its autorenewal and cancellation practices.

Please visit [settlement website] for more information.

**Do I have a lawyer in the case?**  If you are receiving this Notice, Noom's records show you are likely included in the Class and therefore have a lawyer in this case.   The Court appointed the law firm Wittels McInturff Palikovic as "Class Counsel" to represent the Class Members in this case.  You do not have to pay Class Counsel or anyone else to participate.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**Your other options**.  If you are included in the Settlement and do nothing, your rights will be affected and you won't get a payment.  If you don't want to be legally bound by the Settlement, you must exclude yourself from it by [DATE].  Unless you exclude yourself, you won't be able to sue or continue to sue Noom for any claim made in this lawsuit or released by the Settlement Agreement.  If you exclude yourself, you won't receive payment.  If you stay in the Settlement (*i.e.*, don't exclude yourself), you may object to it or ask for permission for you or your lawyer to appear and speak at the Final Approval Hearing – at your own cost – but you don't have to.  Objections and requests to appear are due by [DATE].  More information about these options is available at [website].

**When will the judge consider the proposed settlement?**  The Court will hold the Final Approval Hearing at [___] on [Month] [Day], 2022 in Courtroom 17D (17th Floor) of the United

States Courthouse, 500 Pearl Street, New York, NY 10007.  At the Final Approval Hearing, the Court will consider whether the Settlement and its terms are fair, reasonable, and adequate.  The date of the Final Approval Hearing may change without further notice, and Class Members should check [website] or the Court's docket to confirm that the date has not changed.

This Notice is only a summary.

For more information visit [website].

# Exhibit 4

*Nichols, et al. v. Noom, Inc., et al., No. 20-cv-03677 (KHP)*

## CLAIM FORM FOR SUBCLASS A

**Instructions**: To submit a claim for payment from this settlement, please complete this form.

### YOUR CONTACT INFORMATION

First Name: _____     Last Name: _____

Best Email to Reach You: _____

### YOUR CLAIM NOTICE ID

Notice ID (provided **in red** on the Notice email sent to you): _____

### WHERE TO SEND MY PAYMENT (PICK ONLY ONE)

☐   **PayPal**

| PayPal Account Email Address: | |
|---|---|

☐   **Zelle**

| Zelle Account Email Address: | |
|---|---|
| Zelle Account Phone Number: | |

☐   **Venmo**

| Venmo Username: | |
|---|---|
| Venmo Account Email Address: | |
| Venmo Account Phone Number: | |

☐   **Direct Deposit**

| Routing Number: | |
|---|---|
| Bank Account Number: | |
| Bank Name: | |
| Account Type: | |

☐   **Check**

| Street address: | |
|---|---|
| City: | State: |
| Zip Code: | |

### SIGNATURE

By submitting this claim form, I consent to the use of this information to process my claim.

Date: _____          Signature _____

If any of your information changes, you must promptly notify us by emailing info@XXXXYYYY.com.

*If you have any questions about this claim form or the settlement, please read the full notice which is available at XXXXX.XXXXX.com.  [Link to the Long Form Notice]*

Exhibit 5

*Nichols, et al. v. Noom, Inc., et al., No. 20-cv-03677 (KHP)*

## CLAIM FORM FOR SUBCLASS B

**Instructions**: To submit a claim for payment from this settlement, please complete this form.

### YOUR CONTACT INFORMATION

First Name: _____     Last Name: _____

Best Email to Reach You: [_____]

### YOUR CLAIM NOTICE ID

Notice ID (provided **in red** on the Notice email sent to you): [_____]

### WHERE TO SEND MY PAYMENT (PICK ONLY ONE)

☐ **PayPal**

| PayPal Account Email Address: | |
|---|---|

☐ **Zelle**

| Zelle Account Email Address: | |
|---|---|
| Zelle Account Phone Number: | |

☐ **Venmo**

| Venmo Username: | |
|---|---|
| Venmo Account Email Address: | |
| Venmo Account Phone Number: | |

☐ **Direct Deposit**

| Routing Number: | |
|---|---|
| Bank Account Number: | |
| Bank Name: | |
| Account Type: | |

☐ **Check**

| Street address: | | |
|---|---|---|
| City: | | State: |
| Zip Code: | | |

### SUBSCRIPTION FEE CREDIT

As a Subclass B class member, you may be eligible to receive a Noom Healthy Weight subscription fee credit. The credit will be a one-time credit for a one-month Healthy Weight Subscription, valued at $60. If you have a Healthy Weight subscription when the credit is redeemed, an additional month will be added on a one-time basis to that subscription. If you are not a Healthy Weight subscriber when the credit is redeemed, you will be given a voucher or promo-code that will allow you to access a single month of a non-recurring (non-autorenewing) Healthy Weight Subscription. The credit will expire if it is

*Nichols, et al. v. Noom, Inc., et al., No. 20-cv-03677 (KHP)*

not redeemed within twelve (12) months of the date it is issued.  The subscription fee credits will be awarded on a first-come, first-served basis and in the order in which they are requested.

☐   I would like to receive the Noom Healthy Weight subscription fee credit.

## SIGNATURE

By submitting this claim form, I consent to the use of this information to process my claim.

Date: _____          Signature   _____

If any of your information changes, you must promptly notify us by emailing info@XXXYYYY.com.

*If you have any questions about this claim form or the settlement, please read the full notice which is available at XXXXX.XXXXX.com.  [Link to the Long Form Notice]*

Exhibit 6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MOJO NICHOLS, SUSAN BREWSTER, DUANE DEA, MARYANNE DERACLEO, KAREN KELLY, REBECCA RICHARDS, JENNIFER SELLERS, and STACY SPENCER,<br><br>Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiffs,<br><br>    v.<br><br>NOOM, INC., ARTEM PETAKOV, and JOHN DOES 1 TO 5,<br><br>       Defendants. | No. 20 Civ. 3677 (KHP) |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT, PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF CLASS COUNSEL AND CLASS REPRESENTATIVES, AND APPROVAL OF THE NOTICE PLAN AND RELATED PROCEDURES**

WHEREAS, the Parties in the above-captioned matter (the "Action") entered into the Class Action Settlement Agreement (the "Settlement Agreement" or "Settlement," ECF No. XX);

WHEREAS, Plaintiffs have moved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement and the other terms and conditions of the Settlement Agreement (the "Preliminary Approval Motion"); and

WHEREAS, the Court, having considered the Preliminary Approval Motion, the Settlement Agreement together with all exhibits and attachments thereto, the relevant legal standards, the record in the Action, and the arguments of counsel;

NOW THEREFORE, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1.     <u>Settlement Terms</u>.  Unless otherwise defined herein, all capitalized terms herein shall have the same definitions as set forth in the Settlement Agreement between Defendants Noom, Inc. and Artem Petakov ("Noom") and Plaintiffs Mojo Nichols, Susan Brewster, Duane Dea, Maryanne Deracleo, Karen Kelly, Rebecca Richards, Jennifer Sellers, and Stacy Spencer ("Plaintiffs") (collectively, the "Parties").

2.     <u>Jurisdiction</u>.  This Court has jurisdiction over the subject matter of the Action and all parties to the Action, including members of the Class.

3.     <u>Preliminary Approval of Proposed Settlement</u>.  The Court finds that, subject to further consideration at the Final Approval Hearing, the Settlement is fair, reasonable, adequate, and that the Court will likely be able to approve the Settlement under Rule 23(e)(2) and certify the class for purposes of judgment on the Settlement.  The Court preliminarily finds that the Settlement is the result of extensive, serious, informed, non-collusive, and arm's length negotiations involving experienced counsel familiar with the legal and factual issues of this case and made after multiple days of negotiations, including a half-day settlement conference with this Court via Microsoft Teams on May 13, 2021, as well as a two-day, in-person settlement conference with this Court on September 13-14, 2021.  After the  September settlement conference, the Parties also addressed the Court regarding settlement at eight additional conferences before executing the Settlement Agreement.  Further, an experienced JAMS class action mediator with special expertise in large, complex cases, Hon. Edward A. Infante (Ret.), a former Chief Magistrate Judge of the U.S. District Court, Northern District of California, oversaw initial settlement negotiations and presided over three mediation sessions.

4.     The Court likewise preliminarily finds that the Settlement meets all applicable requirements of law, including Rule 23(e) and the Class Action Fairness Act, 28 U.S.C. §1715;

that the relief provided to the Class is adequate; that Plaintiffs and Plaintiffs' counsel have adequately represented the class; and that the Settlement treats Class Members equitably relative to each other.  The Court therefore grants preliminary approval of the Settlement, including the terms and conditions for settlement and dismissal as set forth in the Settlement Agreement and accompanying Exhibits, and "so orders" all of its terms.

5.    <u>Settlement Class</u>.  The Court preliminarily finds only for settlement purposes that Plaintiffs have met the requirements for class certification under Rules 23(a) and (b) and finds that:

    a.  the Class is so numerous that joinder of all members is impracticable;

    b.  there are questions of law or fact common to the Class;

    c.  the claims of Plaintiffs are typical of the claims of the Class;

    d.  Plaintiffs will fairly and adequately protect the interests of the Class;

    e.  questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members; and

    f.  a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

6.    For settlement purposes only, the Court provisionally certifies the following class under Rule 23(e):

7.    All natural persons who purchased a Noom Healthy Weight Subscription in the United States via the Noom website or mobile app from May 12, 2016 to October 6, 2020 and who (i) were charged by Noom for a Healthy Weight Subscription and (ii) did not receive a full refund or chargeback of all Noom Healthy Weight Subscription charges.  For the avoidance of doubt, persons who purchased a Noom Healthy Weight Subscription via the Apple App Store or Google Play Store are excluded from the Class.  The following entities and individuals are not Class

Members:  (a) Noom and any and all of its predecessors, successors, assigns, parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, and attorneys, and any and all of the parents', subsidiaries', and affiliates' present and former predecessors, successors, assigns, directors, officers, employees, agents, representatives, and attorneys; (b) any judicial officer presiding over the Action, or any member of his or her immediate family or of his or her judicial staff; and (c) any Excluded Class Member.

8.      <u>Class Representatives</u>.  The Court appoints Plaintiffs as Class Representatives.

9.      <u>Class Counsel</u>.  The Court finds that Plaintiffs' counsel meet the requirements of Rule 23(g) and appoints Steven Wittels, J. Burkett McInturff, Tiasha Palikovic, Steven D. Cohen, Susan J. Russell, Jessica L. Hunter, and Ethan D. Roman of Wittels McInturff Palikovic as Class Counsel.

10.     <u>Settlement Administrator</u>.   The Court hereby approves [INSERT] to act as Settlement Administrator.  [INSERT] shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

11.     <u>Qualified Settlement Fund</u>.   [INSERT SETTLEMENT ADMIN NAME] is authorized to establish a Qualified Settlement Fund ("QSF") for federal tax purposes pursuant to Treas. Reg. § 1.468B-1.  Noom shall be the "transferor" to the QSF within the meaning of Section 1.468B-1(d)(1) of the Treasury Regulations with respect to the Settlement Fund.  The Settlement Administrator shall be the "administrator" of the QSF within the meaning of Section 1.468B-2(k)(3) of the Treasury Regulations, responsible for causing the filing of all tax returns required to be filed by or with respect to the QSF, paying from the QSF any taxes owed by or with respect to the QSF, and complying with any applicable information reporting or tax withholding requirements imposed by Section 1.468B-2(l)(2) of the Treasury Regulations or any other

applicable law on or with respect to the QSF.  Noom shall provide to the Settlement Administrator any documentation required for the Settlement Administrator to facilitate obtaining QSF status for the Settlement Fund pursuant to Treas. Reg. §1.468B-l.  All taxes on income or interest generated by the Settlement Fund, if any, shall be paid out of the Settlement Fund.

12.     <u>Class Notice</u>.    The Court finds that the content, format, and method of disseminating notice as set forth in the Settlement Agreement and documents in support of the Preliminary Approval Motion fully complies with due process and Rule 23.  The Court approves, as to form and content, the Notice of Class Action Settlement, the Notice Plan, and the Settlement Agreement's other notice-related terms.  Accordingly, the Court hereby approves such notice and directs that such notice be disseminated in the manner set forth in the Settlement Agreement.

13.     <u>Submission of Claims</u>.  The Court finds that the Parties have designed a streamlined and accessible process by which Class Members can indicate how they would like to receive their Settlement benefits.  The Court hereby adopts the Settlement Agreement's claims procedures.  This claims process does not require Class Members to submit any documentation to prove Class membership and contains reasonable measures to prevent fraud and abuse.  To participate in the Settlement, Class Members must follow the directions in the Settlement Agreement, Notice, and submit an Approved Claim to the Settlement Administrator by the Claims Deadline, which is sixty (60) days after the Notice Date.  Class Members who do not submit Approved Claims will not receive a cash award, but they will be bound by the Settlement.  To address any errors and omissions in the claims process, the Settlement establishes a Reserve Fund to resolve *inter alia* claims from individuals who have reasonable explanations for not having timely submitted a Claim Form or received their settlement payment.  The Reserve Fund shall remain open through the 18-month anniversary of the Effective Date.

14.    <u>Exclusion and Objection Procedure</u>.  The Court finds that the Parties have designed reasonable procedures by which Class Members may request exclusion from, or object to, the Settlement.   The Court hereby adopts the Settlement Agreement's exclusion and objection procedures.

15.    <u>Schedule of Future Events</u>.  The Court adopts the Plaintiffs' proposed schedule of future events as set forth below:

| EVENT | DATE |
|-------|------|
| Deadline to substantially complete notice pursuant to Notice Plan ("Notice Date") | 60 days after entry of the Court's Preliminary Approval Order |
| Deadline for motion for final approval of all Settlement terms | 14 days prior to the Claims Deadline and Objection/Exclusion Deadline |
| Claims Deadline and Objection/Exclusion Deadline | 60 days after Notice Date |
| Deadline for Parties to file a written response to any valid objection filed by a Class Member | 2 days before the Final Approval Hearing |
| Final Approval Hearing | Not less than 120 days after entry of the Preliminary Approval Order, or as soon thereafter as is convenient for the Court |

16.    <u>Final Approval Hearing</u>.   A Final Approval Hearing is scheduled for _____, 2022 at _____.  The Court reserves the right to adjourn the date of the Final Approval Hearing without further individual notice to Class Members.  The Court may approve the Settlement with such modifications as may be agreed to by the settling parties, if appropriate, without further notice to the Class.

17.    On January 25, 2022, the Court entered a six-month stay of all Court deadlines (ECF No. 486).  All proceedings in this Action are stayed until further ordered by this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement

Agreement.  Pending final determination of whether the Settlement should be approved, the Parties nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute any action, or proceeding in any court or tribunal asserting any claims released by the Settlement Agreement.

18.     If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of the Parties to assert any right or position that could have been asserted if the Settlement Agreement had never been reached or proposed to the Court, except insofar as the Settlement Agreement provides to the contrary.  In such an event, the certification of the Class will be deemed vacated.

19.     <u>No Admission of Liability</u>.  By entering this Order, the Court does not make any determination as to the merits of this case.  Preliminary approval of the Settlement Agreement is not a finding of admission or liability by Defendants.  The Court adopts the limitations on the admissibility of the Settlement Agreement as set forth therein.

20.     <u>Retention of Jurisdiction</u>.  The Court retains jurisdiction over the Action to consider all further matters arising out of, or connected to, the Settlement and the settlement process as described therein and/or permitted under applicable law.


**IT IS SO ORDERED**


Dated: _____, 2022

_____
The Hon. Katharine H. Parker
United States Magistrate Judge

Exhibit 7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MOJO NICHOLS, SUSAN BREWSTER, DUANE DEA, MARYANNE DERACLEO, KAREN KELLY, REBECCA RICHARDS, JENNIFER SELLERS, and STACY SPENCER,<br><br>Individually and on Behalf of All Others Similarly Situated,<br><br>                   Plaintiffs,<br><br>           v.<br><br>NOOM, INC., ARTEM PETAKOV, and JOHN DOES 1 TO 5,<br><br>                  Defendants. | No. 20 Civ. 3677 (KHP) |

**[PROPOSED] ORDER AND FINAL JUDGMENT: (1) CONFIRMING CERTIFICATION OF CLASS; (2) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND (3) ENTERING FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE**

WHEREAS, the Parties in the above-captioned matter (the "Action") entered into the Class Action Settlement Agreement (the "Settlement Agreement" or "Settlement," ECF No. XXX);

WHEREAS, Plaintiffs have submitted to the Court their Unopposed Motion for Final Approval of the Class Action Settlement and Related Relief (ECF No. XXX);

WHEREAS, on [INSERT DATE], 2022, the Court issued its Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of the Class Action Settlement, Provisional Certification of the Settlement Class, Appointment of Class Counsel and Class Representatives, and Approval of the Notice Plan and Related Procedures (the "Preliminary Approval Order," ECF No. XXX);

WHEREAS, the Preliminary Approval Order *inter alia*: (i) preliminarily approved the Settlement; (ii) determined that, for settlement purposes only, this action should proceed as a class action pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure and certified the Class; (iii) appointed Plaintiffs as Class Representative; (iv) appointed their counsel as Class Counsel; (iv) approved the form and manner of notice to the Class ("Class Members," unless otherwise noted) and other settlement-related procedures; and (v) set the date for a hearing to consider final approval of the Settlement.

WHEREAS, notice was provided to the Class in accordance with the Court's Preliminary Approval Order and the other components of the court-approved notice and settlement procedures were implemented;

WHEREAS, on [INSERT DATE], 2022 at [INSERT TIME] at the United States District Court for the Southern District of New York, the Honorable Katharine H. Parker held a Fairness Hearing to determine whether the Settlement's terms are fair, reasonable, and adequate; and

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, the argument of counsel, and being otherwise fully advised;

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1.      For purposes of this Order and Final Judgment (the "Judgment"), the Court adopts all defined terms as set forth in the Settlement Agreement.

2.      This Court has jurisdiction over the subject matter of the Action and all parties to the Action, including all members of the Class pursuant to 28 U.S.C. § 1332(d) because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and at least one Class Member is a citizen of a state different from Defendants.

3.      With respect to the Class and for settlement purposes only, this Court finds as to the Class that:

      a.  the Class is so numerous that joinder of all members is impracticable;

      b.  there are questions of law or fact common to the Class;

      c.  the claims of Plaintiffs are typical of the claims of the Class;

      d.  Plaintiffs will fairly and adequately protect the interests of the Class;

      e.  questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members; and

      f.  a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

4.      For settlement purposes only, the Court certifies the following class under Rule 23(e):

5.      All natural persons who purchased a Noom Healthy Weight Subscription in the United States via the Noom website or mobile app from May 12, 2016 to October 6, 2020 and who (i) were charged by Noom for a Healthy Weight Subscription and (ii) did not receive a full refund or chargeback of all Noom Healthy Weight Subscription charges.  For the avoidance of doubt, persons who purchased a Noom Healthy Weight Subscription via the Apple App Store or Google Play Store are excluded from the Class. The following entities and individuals are not Class Members:  (a) Noom and any and all of its predecessors, successors, assigns, parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, and attorneys, and any and all of the parents', subsidiaries', and affiliates' present and former predecessors, successors, assigns, directors, officers, employees, agents, representatives, and attorneys; (b) any judicial officer

presiding over the Action, or any member of his or her immediate family or of his or her judicial staff; and (c) any Excluded Class Member.

6.      Pursuant to Rule 23(c)(3), all persons within the Class, other than those excluded above, are bound by this Judgment.

7.      Based on the evidence and other material submitted in conjunction with the Fairness Hearing, the Court hereby finds and concludes that notice was disseminated to the Class in accordance with the Settlement Agreement and the Court's Preliminary Approval Order.

8.      The Court finds and concludes that the Notice and all other aspects of the Notice Plan, exclusion, and objection procedures set forth in the Settlement Agreement fully satisfy Rule 23 and the requirements of due process; and were the best practicable under the circumstances.

9.      There were no objections to the Settlement, and X Class Members requested to opt out of the Settlement.

10.      The Court finds that the Settlement Agreement is the product of arm's length settlement negotiations between the Parties.

11.      The Court finds and concludes that, with respect to the Class, the Settlement meets the criteria for final approval set forth in Rule 23(e)(2) and the *City of Detroit v. Grinnell Corporation*, 495 F.2d 448 (2d Cir. 1974), and that the Settlement is fair, reasonable, and adequate, and should be approved.

12.      The Court hereby approves the Settlement and directs the Parties to consummate the Settlement Agreement according to its terms.  The Settlement Agreement's terms, including the releases therein, are fair, just, reasonable, and adequate.  Upon the Effective Date, all released claims are fully, finally, and forever released, relinquished, and discharged.  The Parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Judgment.

Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement and to make other non-material modifications in implementing the Settlement Agreement that are not inconsistent with this Judgment.

13.     The Parties are to bear their own attorneys' fees and costs, except as otherwise expressly provided in the Settlement Agreement and in this Judgment.

14.     Upon consideration of Class Counsel's request for Service Awards to the individuals that materially assisted in the prosecution of this matter, the request is granted.  The Service Awards shall be paid from the Settlement fund in the amount requested and on terms specified in Settlement Agreement.

15.     Upon consideration of Class Counsel's request for an award of fees and costs, the request is granted.  Class Counsel's fees and expenses shall be paid from the Settlement fund in the amount requested and on terms specified in Settlement Agreement.

16.     This Action is hereby dismissed on the merits and with prejudice.  The Action is closed.  Without affecting the finality of this Judgment in any way, the Court hereby retains exclusive jurisdiction, to the extent necessary, to resolve any disputes under the Settlement Agreement or to effectuate the terms of the Settlement Agreement.

17.     This document is a final, appealable order and shall constitute a judgment for purposes of Rules 54 and 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**

Dated: _____, 2022

_____
The Hon. Katharine H. Parker
United States Magistrate Judge

5