UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/23/2022

MOJO NICHOLS, SUSAN BREWSTER, DUANE DEA, MARYANNE DERACLEO, KAREN KELLY, REBECCA RICHARDS, JENNIFER SELLERS, and STACY SPENCER,

Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

NOOM, INC., ARTEM PETAKOV, and JOHN DOES 1 TO 5,

Defendants.

No. 20 Civ. 3677 (KHP)

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT, PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF CLASS COUNSEL AND CLASS REPRESENTATIVES, AND APPROVAL OF THE NOTICE PLAN AND RELATED PROCEDURES**

WHEREAS, the Parties in the above-captioned matter (the "Action") entered into the Class Action Settlement Agreement (the "Settlement Agreement" or "Settlement," ECF No. 496–1);

WHEREAS, Plaintiffs have moved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement and the other terms and conditions of the Settlement Agreement (the "Preliminary Approval Motion"); and

WHEREAS, the Court, having considered the Preliminary Approval Motion, the Settlement Agreement together with all exhibits and attachments thereto, the relevant legal standards, the record in the Action, and the arguments of counsel;

NOW THEREFORE, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. <u>Settlement Terms</u>.  Unless otherwise defined herein, all capitalized terms herein shall have the same definitions as set forth in the Settlement Agreement between Defendants Noom, Inc. and Artem Petakov ("Noom") and Plaintiffs Mojo Nichols, Susan Brewster, Duane Dea, Maryanne Deracleo, Karen Kelly, Rebecca Richards, Jennifer Sellers, and Stacy Spencer ("Plaintiffs") (collectively, the "Parties").

2. <u>Jurisdiction</u>.  This Court has jurisdiction over the subject matter of the Action and all parties to the Action, including members of the Class.

3. <u>Preliminary Approval of Proposed Settlement</u>.  The Court finds that, subject to further consideration at the Final Approval Hearing, the Settlement is fair, reasonable, adequate, and that the Court will likely be able to approve the Settlement under Rule 23(e)(2) and certify the class for purposes of judgment on the Settlement.  The Court preliminarily finds that the Settlement is the result of extensive, serious, informed, non-collusive, and arm's length negotiations involving experienced counsel familiar with the legal and factual issues of this case and made after multiple days of negotiations, including a half-day settlement conference with this Court via Microsoft Teams on May 13, 2021, as well as a two-day, in-person settlement conference with this Court on September 13-14, 2021.  After the September settlement conference, the Parties also addressed the Court regarding settlement at eight additional conferences before executing the Settlement Agreement.  Further, an experienced JAMS class action mediator with special expertise in large, complex cases, Hon. Edward A. Infante (Ret.), a former Chief Magistrate Judge of the U.S. District Court, Northern District of California, oversaw initial settlement negotiations and presided over three mediation sessions.

4. The Court likewise preliminarily finds that the Settlement meets all applicable requirements of law, including Rule 23(e) and the Class Action Fairness Act, 28 U.S.C. §1715;

that the relief provided to the Class is adequate; that Plaintiffs and Plaintiffs' counsel have adequately represented the class; and that the Settlement treats Class Members equitably relative to each other. The Court therefore grants preliminary approval of the Settlement, including the terms and conditions for settlement and dismissal as set forth in the Settlement Agreement and accompanying Exhibits, and "so orders" all of its terms.

5. <u>Settlement Class</u>. The Court preliminarily finds only for settlement purposes that Plaintiffs have met the requirements for class certification under Rules 23(a) and (b) and finds that:

   a. the Class is so numerous that joinder of all members is impracticable;
   b. there are questions of law or fact common to the Class;
   c. the claims of Plaintiffs are typical of the claims of the Class;
   d. Plaintiffs will fairly and adequately protect the interests of the Class;
   e. questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members; and
   f. a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

6. For settlement purposes only, the Court provisionally certifies the following class under Rule 23(e):

7. All natural persons who purchased a Noom Healthy Weight Subscription in the United States via the Noom website or mobile app from May 12, 2016 to October 6, 2020 and who (i) were charged by Noom for a Healthy Weight Subscription and (ii) did not receive a full refund or chargeback of all Noom Healthy Weight Subscription charges. For the avoidance of doubt, persons who purchased a Noom Healthy Weight Subscription via the Apple App Store or Google Play Store are excluded from the Class. The following entities and individuals are not Class

Members: (a) Noom and any and all of its predecessors, successors, assigns, parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, and attorneys, and any and all of the parents', subsidiaries', and affiliates' present and former predecessors, successors, assigns, directors, officers, employees, agents, representatives, and attorneys; (b) any judicial officer presiding over the Action, or any member of his or her immediate family or of his or her judicial staff; and (c) any Excluded Class Member.

8. <u>Class Representatives</u>. The Court appoints Plaintiffs as Class Representatives.

9. <u>Class Counsel</u>. The Court finds that Plaintiffs' counsel meet the requirements of Rule 23(g) and appoints Steven Wittels, J. Burkett McInturff, Tiasha Palikovic, Steven D. Cohen, Susan J. Russell, Jessica L. Hunter, and Ethan D. Roman of Wittels McInturff Palikovic as Class Counsel.

10. <u>Settlement Administrator</u>. The Court hereby approves Angeion Group to act as Settlement Administrator. Angeion Group shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

11. <u>Qualified Settlement Fund</u>. Angeion Group is authorized to establish a Qualified Settlement Fund ("QSF") for federal tax purposes pursuant to Treas. Reg. § 1.468B-1. Noom shall be the "transferor" to the QSF within the meaning of Section 1.468B-1(d)(1) of the Treasury Regulations with respect to the Settlement Fund. The Settlement Administrator shall be the "administrator" of the QSF within the meaning of Section 1.468B-2(k)(3) of the Treasury Regulations, responsible for causing the filing of all tax returns required to be filed by or with respect to the QSF, paying from the QSF any taxes owed by or with respect to the QSF, and complying with any applicable information reporting or tax withholding requirements imposed by Section 1.468B-2(l)(2) of the Treasury Regulations or any other applicable law on or with respect

to the QSF.  Noom shall provide to the Settlement Administrator any documentation required for the Settlement Administrator to facilitate obtaining QSF status for the Settlement Fund pursuant to Treas. Reg. §1.468B-l.  All taxes on income or interest generated by the Settlement Fund, if any, shall be paid out of the Settlement Fund.

12. Class Notice.  The Court finds that the content, format, and method of disseminating notice as set forth in the Settlement Agreement and documents in support of the Preliminary Approval Motion fully complies with due process and Rule 23.  The Court approves, as to form and content, the Notice of Class Action Settlement, the Notice Plan, and the Settlement Agreement's other notice-related terms.  Accordingly, the Court hereby approves such notice and directs that such notice be disseminated in the manner set forth in the Settlement Agreement.

13. Submission of Claims.  The Court finds that the Parties have designed a streamlined and accessible process by which Class Members can indicate how they would like to receive their Settlement benefits.  The Court hereby adopts the Settlement Agreement's claims procedures.  This claims process does not require Class Members to submit any documentation to prove Class membership and contains reasonable measures to prevent fraud and abuse.  To participate in the Settlement, Class Members must follow the directions in the Settlement Agreement, Notice, and submit an Approved Claim to the Settlement Administrator by the Claims Deadline, which is sixty (60) days after the Notice Date.  Class Members who do not submit Approved Claims will not receive a cash award, but they will be bound by the Settlement.  To address any errors and omissions in the claims process, the Settlement establishes a Reserve Fund to resolve *inter alia* claims from individuals who have reasonable explanations for not having timely submitted a Claim Form or received their settlement payment.  The Reserve Fund shall remain open through the 18-month anniversary of the Effective Date.

14. <u>Exclusion and Objection Procedure</u>.  The Court finds that the Parties have designed reasonable procedures by which Class Members may request exclusion from, or object to, the Settlement.  The Court hereby adopts the Settlement Agreement's exclusion and objection procedures.

15. <u>Schedule of Future Events</u>.  The Court adopts the Plaintiffs' proposed schedule of future events as set forth below:

| EVENT | DATE |
|---|---|
| Deadline to substantially complete notice pursuant to Notice Plan ("Notice Date") | 60 days after entry of the Court's Preliminary Approval Order |
| Deadline for motion for final approval of all Settlement terms | 14 days prior to the Claims Deadline and Objection/Exclusion Deadline |
| Claims Deadline and Objection/Exclusion Deadline | 60 days after Notice Date |
| Deadline for Parties to file a written response to any valid objection filed by a Class Member | 2 days before the Final Approval Hearing |
| Final Approval Hearing | Not less than 120 days after entry of the Preliminary Approval Order, or as soon thereafter as is convenient for the Court |

16. <u>Final Approval Hearing</u>.  A Final Approval Hearing is scheduled for **July 11, 2022 at 10:00 A.M. in Courtroom 17-D, United Stated Courthouse, 500 Pearl Street, New York, NY 10007.**  The Court reserves the right to adjourn the date of the Final Approval Hearing without further individual notice to Class Members.  The Court may approve the Settlement with such modifications as may be agreed to by the settling parties, if appropriate, without further notice to the Class.

17. On January 25, 2022, the Court entered a six-month stay of all Court deadlines (ECF No. 486).  All proceedings in this Action are stayed until further ordered by this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement

6

Agreement. Pending final determination of whether the Settlement should be approved, the Parties nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute any action, or proceeding in any court or tribunal asserting any claims released by the Settlement Agreement.

18. If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of the Parties to assert any right or position that could have been asserted if the Settlement Agreement had never been reached or proposed to the Court, except insofar as the Settlement Agreement provides to the contrary. In such an event, the certification of the Class will be deemed vacated.

19. <u>No Admission of Liability</u>. By entering this Order, the Court does not make any determination as to the merits of this case. Preliminary approval of the Settlement Agreement is not a finding of admission or liability by Defendants. The Court adopts the limitations on the admissibility of the Settlement Agreement as set forth therein.

20. <u>Retention of Jurisdiction</u>. The Court retains jurisdiction over the Action to consider all further matters arising out of, or connected to, the Settlement and the settlement process as described therein and/or permitted under applicable law.

**SO ORDERED.**

Dated: February 23, 2022

_Katharine H Parker_
The Hon. Katharine H. Parker
United States Magistrate Judge

7