USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/12/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MOJO NICHOLS, SUSAN BREWSTER, DUANE DEA, MARYANNE DERACLEO, KAREN KELLY, REBECCA RICHARDS, JENNIFER SELLERS, and STACY SPENCER,

Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

NOOM, INC., ARTEM PETAKOV, and JOHN DOES 1 TO 5,

Defendants.

No. 20 Civ. 3677 (KHP)

---

**ORDER AND FINAL JUDGMENT: (1) CONFIRMING CERTIFICATION OF CLASS; (2) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND (3) ENTERING FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE**

WHEREAS, the Parties in the above-captioned matter (the "Action") entered into the Class Action Settlement Agreement (the "Settlement Agreement" or "Settlement," ECF No. 496-1);

WHEREAS, Plaintiffs have submitted to the Court their Unopposed Motion for Final Approval of the Class Action Settlement and Related Relief (ECF No. 505);

WHEREAS, on February 23, 2022, the Court issued its Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of the Class Action Settlement, Provisional Certification of the Settlement Class, Appointment of Class Counsel and Class Representatives, and Approval of the Notice Plan and Related Procedures (the "Preliminary Approval Order," ECF No. 500);

WHEREAS, the Preliminary Approval Order *inter alia*: (i) preliminarily approved the Settlement; (ii) determined that, for settlement purposes only, this action should proceed as a class action pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure and certified the Class; (iii) appointed Plaintiffs as Class Representative; (iv) appointed their counsel as Class Counsel; (iv) approved the form and manner of notice to the Class ("Class Members," unless otherwise noted) and other settlement-related procedures; and (v) set the date for a hearing to consider final approval of the Settlement.

WHEREAS, notice was provided to the Class in accordance with the Court's Preliminary Approval Order and the other components of the court-approved notice and settlement procedures were implemented;

WHEREAS, on July 11, 2022 at 10:00 am at the United States District Court for the Southern District of New York, the Honorable Katharine H. Parker held a Fairness Hearing to determine whether the Settlement's terms are fair, reasonable, and adequate; and

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, the argument of counsel, and being otherwise fully advised;

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1. For purposes of this Order and Final Judgment (the "Judgment"), the Court adopts all defined terms as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and all parties to the Action, including all members of the Class pursuant to 28 U.S.C. § 1332(d) because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and at least one Class Member is a citizen of a state different from Defendants.

3. With respect to the Class and for settlement purposes only, this Court finds as to the Class that:

    a. the Class is so numerous that joinder of all members is impracticable;

    b. there are questions of law or fact common to the Class;

    c. the claims of Plaintiffs are typical of the claims of the Class;

    d. Plaintiffs will fairly and adequately protect the interests of the Class;

    e. questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members; and

    f. a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

4. For settlement purposes only, the Court certifies the following class under Rule 23(e):

5. All natural persons who purchased a Noom Healthy Weight Subscription in the United States via the Noom website or mobile app from May 12, 2016 to October 6, 2020 and who (i) were charged by Noom for a Healthy Weight Subscription and (ii) did not receive a full refund or chargeback of all Noom Healthy Weight Subscription charges. For the avoidance of doubt, persons who purchased a Noom Healthy Weight Subscription via the Apple App Store or Google Play Store are excluded from the Class. The following entities and individuals are not Class Members: (a) Noom and any and all of its predecessors, successors, assigns, parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, and attorneys, and any and all of the parents', subsidiaries', and affiliates' present and former predecessors, successors, assigns, directors, officers, employees, agents, representatives, and attorneys; (b) any judicial officer

presiding over the Action, or any member of his or her immediate family or of his or her judicial staff; and (c) any Excluded Class Member.

6. Pursuant to Rule 23(c)(3), all persons within the Class, other than those excluded above, are bound by this Judgment.

7. Based on the evidence and other material submitted in conjunction with the Fairness Hearing, the Court hereby finds and concludes that notice was disseminated to the Class in accordance with the Settlement Agreement and the Court's Preliminary Approval Order.

8. The Court finds and concludes that the Notice and all other aspects of the Notice Plan, exclusion, and objection procedures set forth in the Settlement Agreement fully satisfy Rule 23 and the requirements of due process; and were the best practicable under the circumstances.

9. There were no objections to the Settlement, and 8 Class Members requested to opt out of the Settlement.

10. The Court finds that the Settlement Agreement is the product of arm's length settlement negotiations between the Parties.

11. The Court finds and concludes that, with respect to the Class, the Settlement meets the criteria for final approval set forth in Rule 23(e)(2) and the *City of Detroit v. Grinnell Corporation*, 495 F.2d 448 (2d Cir. 1974), and that the Settlement is fair, reasonable, and adequate, and should be approved.

12. The Court hereby approves the Settlement and directs the Parties to consummate the Settlement Agreement according to its terms. The Settlement Agreement's terms, including the releases therein, are fair, just, reasonable, and adequate. Upon the Effective Date, all released claims are fully, finally, and forever released, relinquished, and discharged. The Parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Judgment.

Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement and to make other non-material modifications in implementing the Settlement Agreement that are not inconsistent with this Judgment.

13. The Parties are to bear their own attorneys' fees and costs, except as otherwise expressly provided in the Settlement Agreement and in this Judgment.

14. Upon consideration of Class Counsel's request for Service Awards to the individuals that materially assisted in the prosecution of this matter, the request is granted. The Service Awards shall be paid from the Settlement fund in the amount requested and on terms specified in Settlement Agreement.

15. Upon consideration of Class Counsel's request for an award of fees and costs, the request is granted. Class Counsel's fees and expenses shall be paid from the Settlement fund in the amount requested and on terms specified in Settlement Agreement.

16. This Action is hereby dismissed on the merits and with prejudice. The Action is closed. Without affecting the finality of this Judgment in any way, the Court hereby retains exclusive jurisdiction, to the extent necessary, to resolve any disputes under the Settlement Agreement or to effectuate the terms of the Settlement Agreement.

17. This document is a final, appealable order and shall constitute a judgment for purposes of Rules 54 and 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**

Dated: July 12, 2022

_____
The Hon. Katharine H. Parker
United States Magistrate Judge